FILED - USDC -NH
2023 AUG 7 PM 1:11

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

CASE NO:

**FEMI ISIJOLA,**

**Plaintiff,**

v.

**NEW HAMPSHIRE DEPARTMENT
OF SAFETY, AARON R. RICHARDS,
LINDA CAPUCHINO, STACEY K.
SCHULTZ, ELIZABETH BIELECKI,
DONALD BLASZKA, CHRISTOPHER
CASKO, ROBERT QUINN, JESSICA
A. KING, ANTHONY J. GALDIERI,
MARIA E. BUCKMAN, ANDREW R.
SCHULMAN, BRIAN T. TUCKER,
TIMOTHY A. GUDAS, PATRICK
DONOVAN, ANNA BARBARA
HANTZ MARCONI, JAMES BASSETT
AND GARY HICKS.**

**Defendants**

**VERIFIED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND
CONSTITUTIONAL RIGHTS AND
DEMAND FOR JURY TRIAL**

**VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
AND CONSTITUTIONAL RIGHTS AND DEMAND FOR JURY TRIAL**
PRELIMINARY STATEMENT

Pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1988 and Civil Rights Act

of New Hampshire Revised Statute Annotated 354-B. Plaintiff Femi Isijola ("Plaintiff" or

"Isijola") brings this cause of action against Defendants, New Hampshire Department of Safety,

Aaron R. Richards, Linda Capuchino, Stacey K. Schultz, Elizabeth Bielecki, Donald Blaszka,

Christopher Casko, Robert Quinn, Jessica A. King, Anthony J. Galdieri, Maria E. Buckman,

Andrew R. Schulman, Brian T. Tucker, Timothy A. Gudas, Patrick Donovan, Anna Barbara

Hantz Marconi, James Bassett and Gary Hicks (collectively, "Defendants") for violation of Plaintiff's Civil Rights and Constitutional Rights found in the Fourth Amendment, Fifth Amendment, and the Fourteenth Amendment to the United States of America Constitution. Plaintiff bring suit against the Defendants for violation of the Civil Rights Act of New Hampshire found in New Hampshire Revised Statute Annotated 354-B:1 and violation of his constitutional rights found in Part 1, Article 2, Article 14, Article 15, and Article 19 of the New Hampshire Constitution. Plaintiff sues each Defendant either in his or her own individual capacity or a combination of both individual capacity and official capacity.

As the Court of Appeals for the First Circuit has further explained in Raper v. Lucey, 488 F.2d 748, 752 (1st Circle, 1973) in reference to Bell v. Burson, 402 U.S. 535, 539, 91 S. Ct. 1586, 1589, 29 L. Ed. 2d 90 (1971), a case where the Supreme Court of the United States of America discussed the liberty interest of a Driver's License in a context where continued possession of a Driver's License was essential in the pursuit of a livelihood. The Court of Appeals for the First Circuit expanded the application of the Fourteenth Amendment to the United States of America Constitution Due Process Protection of the right to drive to include as a right to drive for business and pleasure.

Plaintiff procured his original New Hampshire Driver's License in 1999 and his driving record clearly bear witness to this fact and ever since the year 2020, the State Actors from the New Hampshire Department of Safety has refused to restore Plaintiff's Driver's License despite a restoration letter received from the New Department of Safety, Division of Motor Vehicles on March 3, 2022, even though Plaintiff's Registration was restored after almost two years of indefinite suspension with the application of criminal New Hampshire Motor Vehicle Statute of NH RSA 260:10 and NH RSA 261:178 on his driving record, albeit in Plaintiff's former name of

Philip Israel Mark and despite the fact, the Plaintiff never violated any New Hampshire Motor Vehicle Laws nor committed any Motor Vehicle offense or violation in New Hampshire or in any State or Territory of the United States of America. Plaintiff's Driver's License was suspended with the application of criminal New Hampshire Motor Vehicle Statute of NH RSA 260:10 and NH RSA 263:12V and despite the fact, the Plaintiff never violated any New Hampshire Motor Vehicle Laws nor committed any motor vehicle offense or violation in New Hampshire or in any State or Territory of the United States of America.

The Supreme Court of the United States of America stated in Patsy v. Board of Regents, 457 U.S. 496 (1982), that the Exhaustion Doctrine does not apply to actions under 42 U.S.C. § 1983. The Court of Appeals for the First Circuit explained in Borges Colon v. Roman Abreu, 438 F.3d 1, 19 (1st Circle, 2006) that in accordance with congressional intent to protect people from unconstitutional action under state law, the "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to Section 1983. Indeed, the purpose of seeking a federal forum is to ensure a timely disinterested analysis of a challenge to a state process.

Plaintiff has diligently exhausted every New Hampshire Administrative remedy and his right to appeal to both the New Hampshire Merrimack County Superior Court and the New Hampshire Supreme Court despite the fact that he was not required to exhaust his state administrative remedies to challenge the constitutionality of the New Hampshire process, and this Court has jurisdiction to consider Plaintiff's Section 1983 claims and Section 1985(3) claim.

Plaintiff first appeared for an Administrative Hearing on August 5, 2020, with the New Hampshire Department of Safety, Bureau of Hearings and Plaintiff learnt in this Administrative Hearing that his Driver's License was suspended before an opportunity for a Hearing. After an

unjust decision received from the New Hampshire Department of Safety, Bureau of Hearings on September 16, 2020, and on September 22, 2020, Plaintiff sought the Director, New Hampshire Department of Safety, Division of Motor Vehicles, for a Director's Review of the Hearing Examiner's determination received on September 16, 2020, and after a long wait for the Director's Review, and on October 2, 2020, Plaintiff appeal to the New Hampshire Merrimack County Superior Court pursuant to his right found in NH RSA 263:76 and the presiding Judicial Officer assigned to that Case Docket Number of 217-2020-CV-00533 was (Schulman, J) (See Exhibit 7 for Case Docket Report), then on December 3, 2020, a Hearing on the Merit was held (See Exhibit 4) and Plaintiff appeared for the Hearing on the Merits and the Judicial Officer clearly stated in that Hearing on the Merits that Plaintiff's Driver's License and Registration suspension is not in the Statute. On January 27, 2021, Plaintiff received the Judicial Officer's Order and he never addressed Plaintiff's restoration of his Driver's License and Registration. On January 29, 2021, Plaintiff filed a timely Motion for Reconsideration pursuant to Rule 12(e) of the New Hampshire Superior Court Rules (See Exhibit 6) and on February 9, 2021, the Judicial Officer denied Plaintiff's timely Motion for Reconsideration and clearly stated that criminal conviction is not a prerequisite for suspension or revocation of a license and/or registration under RSA 260:10 (See Exhibit 6), however NH RSA 260:10 is a criminal New Hampshire Motor Vehicle Statute. (See State of New Hampshire v. John Stowe, 162 N.H. 466 (2011)) (See Exhibit 17).

On February 11, 2021, Plaintiff exercise his right to a Mandatory appeal to the New Hampshire Supreme Court, pursuant to Rule 7 of the New Hampshire Supreme Court Rules and on March 3, 2021, the New Hampshire Supreme Court accepted Plaintiff's Notice of Mandatory Appeal, which was docketed as 2021-0045, and on November 18, 2021, the New Hampshire

Supreme Court entered an Order without no opinion and never mentioned anything about Plaintiff's restoration of his Driving License and Registration in that Order and the Judicial Officers who were named in that Order were Patrick Donovan, Anna Barbara Hantz Marconi, James Bassett and Gary Hicks. On November 23, 2021, Plaintiff filed a timely Motion for Reconsideration with the New Hampshire Supreme Court pursuant to Rule 22 of the New Hampshire Supreme Court Rules and on December 9, 2021, the New Hampshire Supreme Court denied Plaintiff's timely Motion for Reconsideration and issued a Mandate to close the case number 2021-0045. (See Exhibit 8) (See Exhibit 9, Case Docket Report).

On May 5, 2022, Plaintiff filed a petition for writ of certiorari with the Supreme Court of the United States of America and was docketed as Case Docket 21-7948 on May 24, 2022. On May 31, 2022, Plaintiff provided the Counsel of Record for Director, New Hampshire Department of Safety, Division of Motor Vehicles in New Hampshire Supreme Court Case Docket Number 2021-0045, Jessica A. King, Esq, with a form provided by the Supreme Court of the United States of America to the Plaintiff to provide the Counsel of Record. (See Exhibit 10) (See Exhibit 11). On June 7, 2022, Anthony J. Galdieri signed a Waiver Form by electronic filing with the Supreme Court of the United States of America misrepresenting to the Supreme Court of the United States, that he was the Counsel of Record and further misrepresenting to the same Court that he send the waiver form to the Plaintiff at his legal address in Hooksett, New Hampshire. (See Exhibit 12). On June 27, 2022, Plaintiff's petition for writ of certiorari was denied by the Supreme Court of the United States. (See Exhibit 14). On July 1, 2022, Plaintiff filed a timely petition for reconsideration with the Supreme Court of the United States and on August 22, 2022, Plaintiff's petition for reconsideration was denied by the Supreme Court of the United States. (See Exhibit 15) (See Exhibit 16, Case Docket Report).

On January 20, 2022, Plaintiff appeared again for an Administrative Hearing with the New Hampshire Department of Safety, Bureau of Hearings, for an opportunity to have Plaintiff's Driver's License and Vehicle Registration suspensions restored. (See Exhibit 18). On March 1, 2020, Plaintiff received a determination from the Hearing Examiner that Plaintiff should go and reinstate his Driver's License himself. (Exhibit 19). On March 24, 2022, Plaintiff pursuant to his right found in NH RSA 263:76, filed with the New Hampshire Merrimack County Superior Court, his Complaint for Judicial Review and Demand for Jury Trial and named New Hampshire Department of Safety, Bureau of Hearings pursuant to NH RSA 21-P:13 and 541:13 as Defendant and Christopher Casko, Stacey K. Schultz and Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police were the other Defendants. The New Hampshire Merrimack County Superior Court docketed the Case as Case Docket Number 217-2022-CV-00469 and Plaintiff was adjudged an indigent person by the same Court. (Exhibit 24, Case Docket Report).

On August 8, 2022, Plaintiff appeared in person for a Mandatory Hearing on the Merits held in Courtroom 2 of the Courthouse of the New Hampshire Merrimack County Superior Court (Exhibit 23), with Judicial Officer Brian T. Tucker presiding over the Mandatory Hearing. Defendants, Christopher Casko, Stacey K. Schultz and Aaron R. Richards, did not attend the Mandatory Hearing that all parties were served to attend the Mandatory Hearing in person. After Plaintiff finished all his Arguments, Brian T. Tucker verbally dismissed Plaintiff's Complaint and Plaintiff objected immediately, despite Plaintiff attendance at the Mandatory Hearing and the absence of the Defendants from the Mandatory Appeal. (See Exhibit 30). On August 9, 2022, Plaintiff received Judicial Officer Brian T. Tucker's Order affirming Hearing Examiner's determination that Plaintiff should reinstate his Driver's License himself and removing Aaron R.

Richards as a Defendant, from New Hampshire Merrimack County Superior Court Case Docket

Number 217-2022-CV-00469, despite the fact the Aaron R. Richards did not attend the

Mandatory Hearing held on August 8, 2022 (See Exhibit 24, Case Docket Report). On August

13, 2022, Plaintiff filed a timely Motion for Reconsideration of the Order of Brian T. Tucker's

dismissing Aaron R. Richards as a Defendant and affirming the Hearing Examiner's

Determination that Plaintiff should go and reinstate his Driver's License himself and on August

30, 2022, Plaintiff was served by the New Hampshire Merrimack County Superior Court with an

information that Brian T. Tucker endorsed  Plaintiff's timely Motion for Reconsideration,

without a notation of a grant or a denial on Plaintiff's Motion for reconsideration, as he always

clearly notate on all Plaintiff's pleadings as either Denied or Mooted. (See Exhibit 21). On

October 4, 2022, Brian T. Tucker denied Plaintiff's Request and Motion to waive the fee/cost for

the Transcript of the Mandatory Hearing held on August 8, 2022, despite Plaintiff being

adjudged as an indigent person by the same Court. (See Exhibit 24, Case Docket Report). On

December 1, 2022, Plaintiff filed his timely Notice of Mandatory Appeal with the New

Hampshire Supreme Court (See Exhibit 28, Case Docket Report) pursuant to Rule 7 of the New

Hampshire Supreme Court Rules after the disposition by Brian T. Tucker's of Plaintiff's timely

Motion for Reconsideration of the mooted Plaintiff's Motion for Summary Judgment on

November 2, 2022, within thirty days of that disposition and Plaintiff filed the same timely

Notice of Mandatory Appeal with the New Hampshire Merrimack Superior Court. (See Exhibit

22).

On December 21, 2022, Plaintiff was served with a Notice of Docketing of New Hampshire

Supreme Court, docketed as 2022-0678 (See Exhibit 25) and the New Hampshire Supreme Court

never accepted the case as the same Court accepted New Hampshire Supreme Court Case Docket

Number 2021-0045. (See Exhibit 9). On January 10, 2023, Single Judicial Officer Donovan

dismissed Plaintiff's timely Notice of Mandatory Appeal, despite the fact, the same Court

ordered the parties to file a Brief Memorandum, which the parties file the Brief Memorandum as

ordered by the Court. (See Exhibit 28). On January 11, 2023, Plaintiff filed a timely Motion for

Reconsideration of the Single Judicial Officer Order dismissing Plaintiff's timely Notice of

Mandatory Appeal to the Full Court of the New Hampshire Supreme Court pursuant to Rule

21(9) of the New Hampshire Supreme Court Rules. (See Exhibit 26). On January 31, 2023, the

New Hampshire Supreme Full Court included Single Judicial Officer Donovan in reconsidering

his own action on dismissing Plaintiff's timely Mandatory Appeal and denied Plaintiff's timely

Motion of Reconsideration of the Single Judicial Officer's action and issued a Mandate and

closed Case Docket Number 2022-0678 (See Exhibit 27), without accepting the case and

denying the Plaintiff's his right to a Mandatory Appeal and the Judicial Officer's Actions were

Arbitrary and Capricious, actions which are in violation of the Federal Due Process Clause of the

Fifth Amendment and Fourteenth Amendment to the United States of America Constitution. (See

Exhibit 29) making the Plaintiff have no more remedy at the State level, exhausting all State

available remedies and the Defendants still keeping the Plaintiff's Driver's License indefinitely

suspended with willful blindness and deliberate indifference and making New Hampshire

Merrimack Superior Court Case Number 217-2022-CV-00469 has no declared winner.

The Supreme Court of the United States clearly explained in Gomez v. Toledo, 446 U.S. 635,

640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980) that to maintain a claim under 42 U.S.C. §

1983, Plaintiff must allege (1) that the conduct complained of was engaged in under color of

state law, and (2) that such conduct subjected the plaintiff to the deprivation of rights secured by

the Federal Constitution and Laws. Plaintiff has clearly shown in this Complaint of his, that his

constitutional rights found in the Fourth Amendment, Fifth Amendment and his Fourteenth Amendment Due Process Rights and Equal Protection Rights were clearly violated by all Defendants acting under the color of state law.

The Court of Appeals for the First Circuit clarified in Alson v. Blanchard, 83 F.3d 1, 3, (1st Circle, 1996) that a claim under Section 1985(3) must contain four elements. Plaintiff must allege a conspiracy; second, Plaintiff must allege a conspiratorial purpose to deprive the Plaintiff of the Equal Protection of the laws; third, Plaintiff must identify an overt act in furtherance of the conspiracy; and finally, Plaintiff must show either injury to person or property, or a deprivation of a constitutionally protected right. The Supreme Court of the United States clearly established in Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) that a claim under Section 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators actions."

Plaintiff is a Black African American male and has clearly established in his Complaint, a deprivation of his right to operate a Motor Vehicle by the Conspirators and all Conspirators were clearly established and all elements of Section 1985(3) were clearly met. Plaintiff is a pro se litigant doing the work of an Attorney and has entitlement to Section 1988.

Accordingly, Plaintiff seeks Injunctive and Declaratory relief against all Defendants as well as damages for the violation of his civil rights and constitutional rights found in the Fourth Amendment and the Fourteenth Amendment to the United States of America Constitution and the violation of both the United States of America Constitution and the New Hampshire Constitution found in NH RSA 354-B:1. Before the Defendants attempt to misconstrued Plaintiff's Complaint, he is clearly not seeking money damages against the Clerk and the Judicial Officers, even though Plaintiff believes those Defendants were out of authority and out of

jurisdiction in their actions. (emphasis added). Plaintiff attached his Affidavit and Exhibits in

Support of his Complaint for violation of civil and constitutional rights.

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343

for all civil actions arising under the Constitution, Laws, or Treaties of the United States of

America and over Isijola's federal causes of action arising under 42 U.S.C. § 1983, 42 U.S.C. §

1985(3), 42 U.S.C. § 1988 et seq. The Court has supplemental jurisdiction over Isijola's cause of

action, which are based on state laws, under 28 U.S.C. § 1367(a).

2.    This Court may exercise personal jurisdiction over all Defendants because they reside or

do business within the District of New Hampshire.

3.    Proper venue lies in the District of New Hampshire pursuant to 28 U.S.C. § 1391(a)

because a substantial part of the events or omissions giving rise to this action and Isijola's claims

occurred within the District of New Hampshire.

## PARTIES

### Plaintiff

4.    Plaintiff Femi Isijola is a Black African American Male and an adult citizen and resident

of 1465 Hooksett Road, Unit 66, Hooksett, Merrimack County, New Hampshire. For over 3

years prior to this Complaint, Isijola worked as an ADT travelling commissioned salesman and

worked at US Telecommunications, Inc. as an Engagement Manager.

### Defendants

5.    Defendant New Hampshire Department of Safety is a duly constituted public entity

created under the laws of the State of New Hampshire and is, or was, the public employer of all

individually named Defendants including Defendant 6 through 11, and including those who are

sued in those in both their individual and official capacities, which are Defendant 6 through Defendant 11. It is authorized by law to maintain a Division of State police, which acts as its agent in the area of law enforcement of state criminal and motor vehicle laws and for which it is ultimately responsible. It is authorized by law to maintain a Bureau of Hearings, which acts as its agent in adjudicative hearings on behalf of the department and the authority to take disciplinary action against any holder of a license or registration. It is authorized by law to maintain a division of motor vehicles, which acts as its agent in motor vehicle and driver regulation, including but not limited to, driver licensing, vehicle registration, financial responsibility compliance, and title issuance and for which it is ultimately responsible. At all times relevant to this lawsuit, Defendant New Hampshire Department of Safety was and is a "person" as that term is used by 42 U.S.C. § 1983.

6.   Aaron R. Richards, a white male is a Trooper of the New Hampshire Department of Safety, Division of State Police employed by the New Hampshire Department of Safety. Richards is, or was at all times relevant to this lawsuit, acting under color of state law as a Trooper of the New Hampshire Department of Safety, Division of State Police employed by the New Hampshire Department of Safety. Defendant Richards is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Richards was and is a "person" as that term is used by 42 U.S.C. § 1983.

7.   Linda Capuchino, a white female is a Hearing Examiner employed by the New Hampshire Department of Safety. Capuchino is, or was at all times relevant to this lawsuit, acting under color of state law as a Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings employed by the New Hampshire Department of Safety. Defendant Capuchino is being

sued individually and in her official capacity. At all times relevant to this lawsuit, Defendant Capuchino was and is a "person" as that term is used by 42 U.S.C. § 1983.

8. Stacey K. Schultz, a white female is a Hearing Examiner employed by the New Hampshire Department of Safety. Schultz is, or was at all times relevant to this lawsuit, acting under color of state law as a Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings employed by the New Hampshire Department of Safety. Defendant Schultz is being sued individually and in her official capacity. At all times relevant to this lawsuit, Defendant Schultz was and is a "person" as that term is used by 42 U.S.C. § 1983.

9. Elizabeth Bielecki, a white female was a Director of the New Hampshire Department of Safety, Division of Motor Vehicles employed by the New Hampshire Department of Safety. Bielecki is, or was at all times relevant to this lawsuit, acting under color of state law as a Director of New Hampshire Department of Safety, Division of Motor Vehicles employed by the New Hampshire Department of Safety. Defendant Bielecki is being sued in her individual capacity. At all times relevant to this lawsuit, Defendant Bielecki was and is a "person" as that term is used by 42 U.S.C. § 1983.

10. Maria E. Buckman, a white female is a Justice of the Peace and Supervisor of the Office of the Director, Division of Motor Vehicles employed by the New Hampshire Department of Safety. Buckman is, or was at all times relevant to this lawsuit, acting under color of state law as a Justice of the Peace and as a Supervisor of the Office of the Director, Division of Motor Vehicles, employed by the New Hampshire Department of Safety. Defendant Buckman is being sued individually and in her official capacity. At all times relevant to this lawsuit, Defendant Buckman was and is a "person" as that term is used by 42 U.S.C. § 1983.

11.  Christopher Casko, a white male is an Administrator and/or Supervisor employed by the New Hampshire Department of Safety. Casko is, or was at all times relevant to this lawsuit, acting under color of state law as an Administrator and/or Supervisor, New Hampshire Department of Safety, Bureau of Hearings employed by the New Hampshire Department of Safety. Defendant Casko is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Casko was and is a "person" as that term is used by 42 U.S.C. § 1983.

12.  Department of Safety, Richards, Capuchino, Schultz, Bielecki, Buckman, and Casko, together are referred to as the "Department of Safety Defendants."

13.  Defendant Donald L. Blaszka, a white male is an Attorney at Law employed by Germaine and Blaszka. P.A. Blaszka is, or was at all times relevant to this lawsuit, acting under color of state law as an Attorney who represented Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police in an Administrative Hearing on August 5, 2020, even though he was hired by Isijola to represent him in the same Administrative Hearing. Defendant Blaszka is being sued in his individual capacity. At all times relevant to this lawsuit, Defendant Blaszka was and is a "person" as that term is used by 42 U.S.C. § 1983.

14.  Defendant Robert Quinn, white male at all times material, is the Commissioner of the New Hampshire Department of Safety and herein a policy maker and/or supervisor and acting under color of state law within the course and scope of his employment and office as the Commissioner of the New Hampshire Department of Safety. Defendant Quinn is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Quinn was and is a "person" as that term is used by 42 U.S.C. § 1983.

15. Defendant Jessica A. King, a white female is an Assistant Attorney General employed by the New Hampshire Department of Justice. King is, or was at all times relevant to this lawsuit, acting under color of state law as an Assistant Attorney General, New Hampshire Department of Justice employed by the New Hampshire Department of Justice. Defendant King is being sued individually and in her official capacity. At all times relevant to this lawsuit, Defendant King was and is a "person" as that term is used by 42 U.S.C. § 1983.

16. Defendant Anthony J. Galdieri, a white male is a Solicitor General employed by the New Hampshire Department of Justice. Galdieri is, or was at all times relevant to this lawsuit, acting under color of state law as a Solicitor General, New Hampshire Department of Justice employed by the New Hampshire Department of Justice. Defendant Galdieri is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Galdieri was and is a "person" as that term is used by 42 U.S.C. § 1983.

17. King and Galdieri, together are referred to as the "Department of Justice Defendants."

18. Defendant Andrew R. Schulman, a white male is a New Hampshire Superior Judge presiding at the Merrimack County Superior Court in Concord, New Hampshire employed by the New Hampshire Judicial Branch. Schulman is, or was at all times relevant to this lawsuit, acting under the color of state law as a New Hampshire Superior Court Judge employed by the New Hampshire Judicial Branch. Defendant Schulman is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Schulman was and is a "person" as that term is used by 42 U.S.C. § 1983. At all times relevant to this lawsuit, Defendant Andrew R. Schulman is being sued for injunctive relief and declaratory relief only and not for monetary damages. (emphasis added).

19.  Defendant Brian T. Tucker, a white male is a New Hampshire Superior Court Judge presiding at the Merrimack County Superior Court in Concord, New Hampshire employed by the New Hampshire Judicial Branch. Tucker is, or was at all times relevant to this lawsuit, acting under color of state law as a New Hampshire Superior Court Judge employed by the New Hampshire Judicial Branch. Defendant Tucker is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Tucker was and is a "person" as that term is used by 42 U.S.C. § 1983. At all times relevant to this lawsuit, Defendant Brian T. Tucker is being sued for injunctive relief and declaratory relief only and not for monetary damages. (emphasis added).

20.  Defendant Timothy A. Gudas, a white male is a Clerk of the Court employed by the New Hampshire Judicial Branch. Gudas is, or was at all times relevant to this lawsuit, acting under color of state law as a New Hampshire Supreme Court Clerk of the Court employed by the New Hampshire Judicial Branch. Defendant Gudas is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Gudas was and is a "person" as that term is used by 42 U.S.C. § 1983. At all times relevant to this lawsuit, Defendant Timothy A. Gudas is being sued for injunctive relief and declaratory relief only and not for monetary damages. (emphasis added).

21.  Defendant Patrick Donovan, a white male is a New Hampshire Supreme Court Judge of the New Hampshire Supreme Court employed by the New Hampshire Judicial Branch. Donovan is, or was at all times relevant to this lawsuit, acting under color of state law as a New Hampshire Supreme Court Judge employed by the New Hampshire Judicial Branch. Defendant Donovan is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Donovan was and is a "person" as that term is used by 42 U.S.C. § 1983. At all times

relevant to this lawsuit, Defendant Patrick Donovan is being sued for injunctive relief and declaratory relief only and not for monetary damages. (emphasis added).

22.   Defendant Anna Barbara Hantz Marconi, a white female is a New Hampshire Supreme Court Judge employed by the New Hampshire Judicial Branch. Hantz Marconi is, or was at all times relevant to this lawsuit, acting under the color of state law as a New Hampshire Supreme Court Judge employed by the New Hampshire Judicial Branch. Defendant Hantz Marconi is being sued individually and in her official capacity. At all times relevant to this lawsuit, Defendant Hantz Marconi was and is a "person" as that term is used by 42 U.S.C. § 1983.  At all times relevant to this lawsuit, Defendant Hantz Marconi is being sued for injunctive relief and declaratory relief only and not for monetary damages. (emphasis added).

23.   Defendant James Bassett, a white male is a New Hampshire Supreme Court Judge employed by the New Hampshire Judicial Branch. Bassett is, or was at all times relevant to this lawsuit, acting under color of state law as a New Hampshire Supreme Court Judge employed by the New Hampshire Judicial Branch. Defendant Bassett is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Bassett was and is a "person" as that term is used by 42 U.S.C. § 1983.  At all times relevant to this lawsuit, Defendant Bassett is being sued for injunctive relief and declaratory relief only and not for monetary damages. (emphasis added).

24.   Defendant Gary Hicks, a white male is a New Hampshire Supreme Court Judge employed by the New Hampshire Judicial Branch. Hicks is, or was at all times relevant to this lawsuit, acting under the color of state law as a New Hampshire Supreme Court Judge employed by the New Hampshire Judicial Branch. Defendant Hicks is being sued individually and in his official capacity. At all times relevant to this lawsuit, Defendant Hicks was and is a "person" as that term

is used by 42 U.S.C. § 1983. At all times relevant to this lawsuit, Defendant Gary Hicks is being sued for injunctive relief and declaratory relief only and not for monetary damages. (emphasis added).

## STATEMENT OF FACTS

25. Isijola procured his original New Hampshire Driver's License in his birth name in the year 1999 and he was assigned a Driver's License Number that ends with the last four numbers of 7161 and his birth name is clearly shown on his Driving Record. **(Isijola's Affidavit page 2, ¶ 3).**

26. On January 29, 2007, Isijola changed his name to Philip Israel Mark at the Merrimack Probate Court in Concord, New Hampshire and on the same day, Isijola changed his Driver's License to his new name at the New Hampshire Department of Safety, Division of Motor Vehicles on the same day and he was assigned a Driver's License Number that ends with the last four numbers of 7161. **(Isijola's Affidavit page 2, ¶ 4).**

27. Since January 29, 2007, Isijola has at various times renewed his Driver's License with the New Hampshire Department of Safety, Division of Motor Vehicles at the Manchester location in Manchester, New Hampshire. **(Isijola's Affidavit page 2, ¶ 5).**

28. Isijola's profession as a traveling salesperson for ADT Security helps him to earn commissions if he sells the Alarm System and enables him to travel to the other New England States to sell ADT alarm systems. **(Isijola's Affidavit page 2, ¶ 6).**

29. On November 10, 2016, Isijola changed his name back to Femi Easyjay Isijola at the Probate Court in Providence, Rhode Island. **(Isijola's Affidavit page 2, ¶ 7).**

30. On July 20, 2017, Isijola was issued a Duplicate New Hampshire Driver's License and the Duplicate Driver's License expired on February 16, 2018. **(Isijola's Affidavit page 2, ¶ 8).**

31. On February 15, 2018, Isijola went to renew his Driver's License at the Manchester Location of the New Hampshire Department of Safety, Division of Motor Vehicles located in Manchester, New Hampshire, but his Driver's License was not renewed because of a reported problem of his Driver's License. **(Isijola's Affidavit page 2, ¶ 9).**

32. If Isijola does not receive his Duplicate or Renewal Driver's License in person, Isijola will receive it in his former legal address of 134 Mammoth Road, Unit 26, Hooksett, New Hampshire or in his former mailing address of P. O. Box 16185, Hooksett, New Hampshire or in his current mailing address of 1328 Hooksett Road, #16013, Hooksett, New Hampshire. **(Isijola's Affidavit pages 2-3, ¶ 10).**

33. Isijola has never at any time lived at 134 Mammoth Road, #526, Hooksett, New Hampshire as stated in Aaron R. Richards's Sworn Affidavit as one of his basis of issuance of an Arrest Warrant that was granted for issuance by Maria E. Buckman. **(Isijola's Affidavit page 3, ¶ 11).**

34. On February 12, 2019, Isijola renewed his Driver's License, and the issued REAL ID Compliant Driver's License was sent to his current mailing address of 1328 Hooksett Road, # 16013, Hooksett, New Hampshire. **(Isijola's Affidavit page 3, ¶ 12).**

35. Due to a new opportunity to sell ADT Alarm Systems in Rhode Island and in the process, Isijola was paid Commissions for selling the ADT Alarm Systems as Isijola was not a salaried employee, Isijola seized that opportunity and move to the State of Rhode Island and on February 21, 2019, Isijola received a Rhode Island REAL ID Driver's License. **(Isijola's Affidavit page 3, ¶ 13).**

36. On March 15, 2020, Isijola left the State of Rhode Island, and Isijola came back to New Hampshire to live in his family-owned home in Hooksett, New Hampshire and it is the current

legal address of 1465 Hooksett Road, Unit 66, Hooksett, New Hampshire. **(Isijola's Affidavit page 3, ¶ 14).**

37. Before Isijola left the State of Rhode Island on March 15, 2020, his Real ID Driver's License was cancelled by the Rhode Island Division of Motor Vehicles. **(Isijola's Affidavit page 3, ¶ 15).**

38. On June 10, 2020, Isijola received a text message from Aaron R. Richards, Trooper of the New Hampshire Department of Safety, Division of State Police from his phone number of 603-419-8122, that he has issued an arrest warrant for Isijola, and Isijola should contact him and turn himself in. **(Isijola's Affidavit page 3, ¶ 16).**

39. On June 11, 2020, Isijola received a dated June 9, 2020, (06/09/2020) Notice of Suspension of his Vehicle Registration from Elizabeth Bielecki, then Director of the New Hampshire Department of Safety, Division of Motor Vehicles addressed to his former name of Philip Israel Mark, that she believes Isijola committed False Statement on Registration pursuant to New Hampshire Revised Statute Annotated 261:178 and Isijola must pay $25 Registration privilege restoration fee before his Registration privilege will be restored and Isijola must submit a written request for a Hearing and the Request must be submitted to the Bureau of Hearings, 33 Hazen Drive, Concord, New Hampshire. **(Isijola's Affidavit pages 3-4, ¶ 17).**

40. On June 12, 2020, Isijola went to Concord, New Hampshire and Isijola submitted his written request for a Hearing with the New Hampshire Department of Safety, Bureau of Hearings to contest Elizabeth Bielecki's assumption that Isijola committed false statement on Registration, and Isijola paid the $25 registration privilege restoration fee required of him, as stated in Elizabeth Bielecki's Notice of Suspension Letter. **(Isijola's Affidavit page 4, ¶ 18)**

41.  On June 18, 2020, Isijola received a dated June 16, 2020, (06/16/2020) Notice of
Suspension of his Driver's License from Elizabeth Bielecki, then Director of the New Hampshire
Department of Safety,  Division of Motor Vehicles addressed to his former name of Philip Israel
Mark, that she believes Isijola committed False Statement on Driver's License pursuant to New
Hampshire Revised Statute Annotated 263:12V and Isijola must pay $100 Driver's License
privilege restoration fee before his Driver License privilege will be restored and he must submit
a written request for a Hearing and the request be submitted to the Bureau of Hearings, 33 Hazen
Drive, Concord, New Hampshire and Isijola later paid the $100 and requested for a hearing.
**(Isijola's Affidavit page 4, ¶ 19).**

42.  On July 9, 2020, Isijola received a dated July 6, 2020, (07/06/2020) Notice of Hearing on
False Statement on License and Registration from the New Hampshire Department of Safety,
Bureau of Hearings in his former name of Philip Israel Mark, stating that a date of Hearing was
scheduled for July 17, 2020, (07/17/2020) at 1:00 PM and the listed legal authorities were New
Hampshire Revised Statute Annotated 260:10, 263:12 and 261:178 and New Hampshire
Administrative Rule Saf-C 204.15 and 204.01. **(Isijola's Affidavit pages 4-5, ¶ 20).**

**Plaintiff's hiring of Donald Blaszka**

43.  On July 10, 2020, Isijola agreed to use the services of Donald Blaszka as his Attorney and
Counsel to represent him in the upcoming hearing with the New Hampshire Department of
Safety Bureau of Hearings, that was scheduled for July 17, 2020, (07/17/2020) at 1:00 PM and in
addition to agree to use Donald Blaszka's services, Isijola paid him $2,000 to use his legal
expertise and represent his interests at the forthcoming False Statement Hearing on Driver's
License and Registration Hearing. **(Isijola's Affidavit page 5, ¶ 21).**

44. On July 13, 2020, Isijola was informed by Kathy Mooney, the legal assistant for Donald

Blaszka, that his anticipated Hearing scheduled for July 17, 2020, at 1:00 PM is requested to be

scheduled for August 5, 2020 at 10:00 AM and that Aaron R. Richards assented to the

rescheduling. Isijola did not assent to this rescheduling by the office of Donald Blaszka.

**(Isijola's Affidavit page 5, ¶ 22).**

45. On July 20, 2020, Isijola was informed by Donald Blaszka, that the New Hampshire

Department of Safety, Bureau of Hearings granted his request to have the anticipated Hearing on

False Statements on Driver's License and Registration be rescheduled for August 5, 2020 at

10:00 AM. Isijola was provided with a link by Donald Blaszka to access the document showing

the new date and time and Isijola was informed that the link will expire on August 19, 2020,

(08/19/2020). The new Notice of Hearing was addressed in Isijola's former name of Philip Israel

Mark, with a reference number of NHI11151845 and Hearing number of HR20207656 and the

Hearing will be conducted by Video Teleconference on the new date of Hearing of 08/05/2020

and time of 10:00 AM, with the Scope of Hearing to determine if Isijola's New Hampshire

Driver License and Registration should be/remain suspended/revoked with a listed legal

authorities of New Hampshire Revised Statute Annotated 260:10, 263:12 and 261:178 and New

Hampshire Administrative Rule Saf-C 204.15 and 204.01. **(Isijola's Affidavit pages 5-6 ¶ 23).**

46. Ever since it was confirmed that August 5, 2020 at 10:00 AM was going to be the new

date and time, Isijola emailed and called Donald Blaszka to give him updates on his plans on

how to represent Isijola interests at the upcoming Hearing on False Statement on Driver's

License and Registration on August 5, 2020, Donald Blaszka will keep telling Isijola, there is no

information to share and that Isijola should be at ease and that he, Donald Blaszka is experienced

in facing Aaron R. Richards in the Hearings conducted by New Hampshire Department of

Safety, Bureau of Hearings, Donald Blaszka stated that he won significant cases against Aaron
R. Richards and lost some cases to him. **(Isijola's Affidavit page 6, ¶ 24).**

47. On August 3, 2020, Isijola called Donald Blaszka to ask him how the Administrative
Hearing on August 5, 2020, will look like, Donald Blaszka stated he will represent Isijola and
there is no new information to share with him. He stated that Isijola should come the next day on
August 4, 2020, to meet with him in his office and both him and Isijola can discuss more, and
Isijola should bring more documents if he has them than the ones, he has given Donald Blaszka
after Donald Blaszka has agreed to be Isijola's Counsel. **(Isijola's Affidavit page 6, ¶ 25).**

## Plaintiff's Claims Against Donald Blaszka; Donald Blaszka acting as an Agent of Aaron R. Richards; Agent of the New Hampshire Department of Safety, Division of State Police.

48. On August 4, 2020, Isijola arrived to see Donald Blaszka at his office shortly after 10:00
AM, and upon getting there Donald Blaszka took Isijola to his office space, where Donald
Blaszka and Isijola sat at the table, thereafter, Donald Blaska stated that he wants to talk to
Aaron R. Richards, Trooper of the New Hampshire Department of Safety, Division of State
Police, Donald Blaska left Isijola alone in his office space and went to another office space,
probably to talk with Aaron R. Richards, Donald Blaszka asked Isijola, he needs Isijola's legal
address and any proof that shows that Isijola lives in that address and Donald Blaszka asked
Isijola to send him the proof of Isijola's legal address when Isijola arrives home after their
meeting and Donald Blaszka informed Isijola that on his way home, Isijola should go and see
Aaron R. Richards at a given address of 16 East Pointe Drive, Bedford, New Hampshire to be
briefly arrested by Aaron R. Richards and he will release Isijola if Isijola pays a small amount of
bail money. Donald Blaszka hand wrote the provided address in Isijola's notebook that he
brought to his meeting with Donald Blaszka, which Isijola still has in his possession. Isijola
inquired from Donald Blaszka, why as Isijola's Counsel, he will refer Isijola to be arrested by

Aaron R. Richards, and Donald Blaszka said it was needed before he and Isijola meet the next day on August 5, 2020, and Donald Blaszka asked Isijola to come to his office the next day, so he and Isijola can be together for the Administrative Hearing to be held the next day on August 5, 2020. Isijola called Donald Blaszka the same day and informed him, he did not stop by to meet Aaron R. Richards and Isijola informed him that he will be inquiring from the New Hampshire Department of Safety, Bureau of Hearings on how to participate by video teleconference. **(Isijola's Affidavit pages 6-7, ¶ 26).**

49.   On the same date as August 4, 2020, Isijola send Donald Blaszka, and copy his Legal Assistant, Kathy Mooney, through email communication, the proof of his current Legal address in Hooksett, New Hampshire. **(Isijola's Affidavit page 7, ¶ 27).**

50.   Isijola received an email communication on the same date of August 4, 2020, from a New Hampshire Department of Safety, Bureau of Hearings employee, Jaime Farwell, a Webex meeting invitation for the Administrative Hearing set for August 5, 2020. **(Isijola's Affidavit page 7, ¶ 28).**

## Plaintiff's Claim Against Aaron R. Richards: Fourth Amendment to the United States of America Constitution Violation.

51.   On August 5, 2020, Aaron R. Richards came to Isijola's legal Address in Hooksett, New Hampshire shortly after 8:00 AM and met with Isijola's Mom, waking up Isijola's Mom from her sleep and inquired about Isijola's whereabouts and Isijola's Mom told him, Isijola recently left the house to meet with his Counsel, Donald Blaszka and shortly after Aaron R. Richards left, Isijola left his room to meet his Mom and told her he changed his mind of going to meet Donald Blaszka in his office but instead, Isijola will be participating in the Administrative Hearing by Video Teleconference. **(Isijola's Affidavit page 7, ¶ 29).**

**Plaintiff's Administrative Hearing of August 5, 2020: Claims Against Aaron R. Richards, Donald Blaszka and Linda Capuchino: Federal Due Process Clause of the Fourteenth Amendment of the United States of America.**

52.   On the same date on August 5, 2020, Isijola appeared for the Administrative Hearing scheduled for the day by Video Teleconference and in attendance for this Administrative Hearing was Donald Blaszka, Aaron R. Richards, and Linda Capuchino, the Hearing Examiner, from the New Hampshire Department of Safety, Bureau of Hearings who presided over this Administrative Hearing. **(Isijola's Affidavit pages 7-8, ¶ 30).**

53.   In this Administrative Hearing that Isijola participated in, the case was titled State of New Hampshire versus Philip Israel Mark, and Philip Israel Mark was Isijola's former name, and the Administrative Hearing was named Video/Telephonic False Statement Hearing and the assigned Hearing Number was assigned as HR20207656. **(Isijola's Affidavit page 8, ¶ 31).**

**Plaintiff's Interaction with Linda Capuchino, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings.**

54.   Linda Capuchino asked Isijola for his name and Isijola stated his name is Femi Isijola and she asked Isijola to spell his name, which Isijola did spell for Linda Capuchino and Isijola stated that he is also known as Philip Mark. **(Isijola's Affidavit page 8, ¶ 32).**

55.   After Linda Capuchino was satisfied with the spelling of Isijola's name, Linda Capuchino requested that Aaron R. Richards give his direct testimony. **(Isijola's Affidavit page 8, ¶ 33).**

**Plaintiff's Notified of Arrest Warrant Document, Official Name Change from Rhode Island by Donald Blaszka and Aaron R. Richards. Plaintiff's Claim Against Aaron R. Richards for Fourth Amendment**

56.   As Aaron R. Richards was about to begin his Direct Testimony, Isijola received an email communication at 10:13 AM from Donald Blaszka, Documents coming from Aaron R. Richards and the Documents were his application for issuance of an arrest warrant granted by Maria E. Buckman and another document that stated Rhode Island Information that has the official name

change from Isijola's former name, Philip Israel Mark to Femi Easyjay Isijola, from the Providence Probate Court of the State of Rhode Island, all which was provided by Aaron R. Richards. Isijola was at home when Aaron R. Richards came to his legal address before the Administrative Hearing started shortly after 10:00 AM. **(Isijola's Affidavit page 8, ¶ 34).**

57.   Then Aaron R. Richards stated a False Statement in this Administrative Hearing that Isijola participated in and that did not correlate with what he stated in his application for issuance of an arrest warrant, he stated that on March 12, 2020, Isijola was called in to the Rhode Island DMV and Isijola sat with one of the Investigators in there and that Isijola's name is Femi Isijola, and that Isijola has never had a different name and in his application for issuance of arrest warrant, he stated that on March 6, 2020, Isijola met with an investigator at the Rhode Island DMV to discuss Isijola's License issue. **(Isijola's Affidavit pages 8-9, ¶ 35).**

58.   Another False Statement by Aaron R. Richards was that Isijola's birth name was Philip Israel Mark and in his application for issuance of arrest warrant, he stated that Isijola's birth name was Mark Israel Philip, however Isijola changed his name from Olufemi Isijola to Philip Israel Mark on January 29, 2007, at the Merrimack County Probate Court, Concord, New Hampshire. **(Isijola's Affidavit page 9, ¶ 36).**

59.   Then Aaron R. Richards stated that Philip Mark was Isijola's original birth name and he falsely stated in his application for issuance of arrest warrant that Isijola completed a DSMV 450 (Application for Driver's License) on 02-15-2018 at the Manchester DMV and in this Administrative Hearing, he stated that Isijola had held a currently New Hampshire Driver's License that was the most recent one on February 15th of 2018, which was issued to Isijola at the Manchester, DMV and that the Driver's License was a renewal Driver's License. **(Isijola's Affidavit page 9, ¶ 37).**

60.    And Aaron R. Richards stated that Isijola lived at 134 Mammoth Road, Unit 26, Hooksett, New Hampshire, and on his application for issuance of arrest warrant, he falsely stated that Isijola's apartment was not number 26, but that his apartment was number 526 and that Isijola did not have address proof of his living in 134 Mammoth Road, Unit 26, Hooksett, New Hampshire. **(Isijola's Affidavit page 9, ¶ 38).**

61.    Isijola's mailing address was confirmed by Aaron R. Richards, and Aaron R. Richards stated that was not Isijola's legal address, but on his application for issuance of arrest warrant, he listed Isijola's mailing address as the address that Isijola was going to be arrested but came to Isijola's legal address in the morning of August 5, 2020. **(Isijola's Affidavit page 9, ¶ 39).**

62.    And again, Aaron R. Richards falsely stated that Isijola applied for the first time and received a Rhode Island License on February 21, 2019 (02/21/2019) and then on his application for issuance of arrest warrant, he stated that Isijola was issued a Rhode Island Driver's License on June 2, 2017 (06-02-2017). **(Isijola's Affidavit pages 9-10, ¶ 40).**

63.    And Aaron R. Richards stated that Isijola surrendered his Rhode Island License and further stated, that was what was shown in the database. **(Isijola's Affidavit page 10, ¶ 41).**

64.    Aaron R. Richards said Isijola had an active Massachusetts Driver's License with a Leominster, Massachusetts address, and at the request of himself and the acceptance of the Director of the Motor Vehicles, he suspended the Driver License in New Hampshire. **(Isijola's Affidavit page 10, ¶ 42).**

65.    Isijola's Legal Address of 1465 Hooksett Road, Unit 66, Hooksett, New Hampshire was confirmed by his mom, who identified herself as Victoria Isijola and Aaron R. Richards who physically came to Isijola's legal address and he confirmed the address to Linda Capuchino, the Hearing Examiner. **(Isijola's Affidavit page 10, ¶ 43).**

**Plaintiff's Claim Against Linda Capuchino and Aaron R. Richards:
Violation of the Federal Due Process Clause of the Fifth Amendment and Fourteenth
Amendment of the United States of America Constitution.**

66.   Linda Capuchino asked Aaron R. Richards, the relief he was seeking, and he said he will

request that Isijola's Driver's License be suspended after the Administrative Hearing, and he will

further request that Isijola's Driver's License remain suspended until the completion of his

criminal case. **(Isijola's Affidavit page 10, ¶ 44).**

**Plaintiff's Driver's License suspended before an opportunity for an Administrative
Hearing: Claim Against Elizabeth Bielecki: Violation of the Federal Due Process Clause
of the Fifth and Fourteenth Amendment of the United States of America Constitution**

67.   Linda Capuchino asked Aaron R. Richards if Director of Motor Vehicles, Elizabeth

Bielecki, has suspended Isijola's Driver's License already and he said Yes. **(Isijola's Affidavit**

**page 10, ¶ 45).**

68.   Isijola heard that his Driver's License was suspended in this Administrative Hearing and a

confirmation that Isijola's Driver's license was suspended before this Administrative Hearing.

**(Isijola's Affidavit page 10, ¶ 46).**

**Plaintiff's Claim Against Donald Blaszka: Donald Blaszka acting as Agent of Aaron R.
Richards, as a result, he is an agent of the New Hampshire Department of Safety: Violation
of the Federal Due Process Clause of the Fifth Amendment and Fourteenth Amendment**

69.   Throughout when Aaron R. Richards was giving his Direct Testimony, Donald Blaszka,

as Isijola's Counsel, never objected to any of his Direct Testimony. **(Isijola's Affidavit page 10,**

**¶ 47).**

70.   Linda Capuchino asked Donald Blaszka if Isijola is aware that Isijola could be subject to

one-year and potential indefinite suspension of his privileges, which would transfer to all States,

so Isijola could not get a License anywhere, if Isijola does not prevail in the Administrative

Hearing of August 5, 2020. **(Isijola's Affidavit pages 10-11, ¶ 48).**

71.   Donald Blaszka answered Yes and ask Isijola if Isijola is aware of what Linda Capuchino ask him and Isijola clearly stated that Isijola was not aware of the potential indefinite suspension of his Driver's License, which will transfer to all states, so that Isijola could not get a License anywhere. **(Isijola's Affidavit page 11, ¶ 49).**

**Plaintiff's Clear Fact Against Donald Blaszka**

72.   Isijola stated clearly that Donald Blaszka did not communicate with him based on Isijola's conversations with him on the issue of Isijola's Driver's License, and based on what Linda Capuchino asked Donald Blaszka and when Donald Blaszka asked Isijola, Isijola said he was not aware of that. **(Isijola's Affidavit page 11, ¶ 50).**

73.   Donald Blaszka, requested from Linda Capuchino, if he can take a brief recess, so that he can speak with Isijola. **(Isijola's Affidavit page 11, ¶ 51).**

**Plaintiff's Fact and Claim Against Linda Capuchino on Plaintiff's Driver's License being suspended in New Hampshire and Central Registry of the National Driver's Registry of the United States of America: Violation of the Federal Due Process Clause of the Fifth Amendment and Fourteenth Amendment to the United States of America Constitution**

74.   Before Donald Blaszka was granted his request to speak with Isijola, Linda Capuchino spoke directly to Isijola that the potential consequence for not prevailing in the Administrative Hearing was that Isijola's Driver's License will be suspended in the State of New Hampshire for at least one year and possibly longer and that means Isijola's Driver's License would go into a central registry and Isijola's Driver's License will be suspended in Massachusetts, Rhode Island and anywhere else Isijola move and try to get a Driver's License, until New Hampshire is cleared up, which will take at least one year. **(Isijola's Affidavit page 11, ¶ 52).**

75.   Then Linda Capuchino suspended the Administrative Hearing for a while, so that Donald Blaszka can speak with Isijola, and Linda Capuchino asked Aaron R. Richards if there was an

objection to suspending the Administrative Hearing, to which he said he had no objection.

**(Isijola's Affidavit page 11, ¶ 53).**

**Plaintiff's Intimidation by Donald Blaszka, Plaintiff's Claim Against Donald Blaszka: Violation of the Federal Due Process Clause of the Fifth Amendment and Fourteenth Amendment of the United States of America Constitution**

76.   Donald Blaszka informed Isijola, he was disappointed that Isijola was not cooperative with him in saying yes to the question Linda Capuchino asked him, that if Isijola knows that he is aware that Isijola could be subject to one-year and potential indefinite suspension of his privileges, which would transfer to all States, so Isijola couldn't get a Driver's License anywhere. **(Isijola's Affidavit page 11, ¶ 54).**

77.   Isijola was informed by Donald Blaszka, that Isijola should cooperate with him by saying Yes to any question that Linda Capuchino asked, so that Donald Blaszka and Isijola can both be in unison. **(Isijola's Affidavit page 12, ¶ 55).**

78.   Isijola informed Donald Blaszka, that Isijola does not believe that he is representing Isijola's interest in the Administrative Hearing and asked Donald Blaszka, if he could recuse himself from representing Isijola in the Administrative Hearing, he informed Isijola he is trying and Isijola concluded his statement with him, that Isijola will let the Hearing Examiner knows that he does not represent Isijola's interest. **(Isijola's Affidavit page 12, ¶ 56).**

79.   After Donald Blaszka scolded Isijola, he informed Isijola that both him and Isijola should get back to join Aaron R. Richards and Linda Capuchino and continue the Administrative Hearing. **(Isijola's Affidavit page 12, ¶ 57).**

80.   Linda Capuchino asked Aaron Richards if as the witness for the State of New Hampshire, he has rested at that point, he answered and said yes. **(Isijola's Affidavit page 12, ¶ 58).**

81. Linda Capuchino asked Donald Blaszka how he was going to proceed in representing

Isijola's interests. **(Isijola's Affidavit page 12, ¶ 59).**

**Plaintiff Claim Against Donald Blaszka: Acting as Agent of Aaron R. Richards, witness and Trooper, New Hampshire Department of Safety, Division of State Police: Violation of the Fourth Amendment and Fourteenth Amendment to the United States of America Constitution**

82. Donald Blaszka said he has a couple of questions and he stated that Aaron R. Richards did

say it, that Aaron R. Richards went to Isijola's address that he provided to Aaron R. Richards and

Aaron R. Richards said yes and he was asking Aaron R. Richards, if Isijola lived in the address

he provided to Aaron R. Richards and he answered him that Isijola's mom said Isijola lived there

and he asked Aaron R. Richards that he understands that Isijola was not at the residence when he

came to Isijola's house and Aaron R. Richards stated that Isijola was not and Donald Blaszka

said that was the only question he had for Aaron R. Richards. **(Isijola's Affidavit page 12, ¶ 60).**

83. After Donald Blaszka finished asking his only one question from Aaron R. Richards, he

turned to Linda Capuchino, and said that he emailed some documents to her and Linda

Capuchino asked Aaron R. Richards, if he emailed her and Aaron R. Richards said Yes and

Donald Blaszka without being asked by Linda Capuchino, said he Aaron R. Richards did.

**(Isijola's Affidavit page 12, ¶ 61).**

84. Out of the many documents, that Isijola gave Donald Blaszka to provide to the New

Hampshire Department of Safety, Bureau of Hearings, he only provided three documents and

send only three documents by email to Linda Capuchino and named Isijola's Bank Statement

Account, letter from a Debt collector and Isijola's paystub showing his physical address.

**(Isijola's Affidavit page 13, ¶ 62).**

**Plaintiff's Fact and Claim Against Donald Blaszka, Donald Blaska questioning Plaintiff instead of Aaron R. Richards: Violation of the Federal Due Process Clause of the Fifth Amendment and Fourteenth Amendment to the United States of America Constitution**

85.   And then Donald Blaszka informed Linda Capuchino that Donald Blaszka will ask Isijola some questions with regards to the three documents he submitted to Linda Capuchino on his behalf, and instead of Donald Blaszka asking Aaron R. Richards questions, he was asking Isijola, ranging from when Isijola left Rhode Island, to his marital status and to his residency status in his own house. **(Isijola's Affidavit page 13, ¶ 63).**

86.   Upon questioning Isijola by Donald Blaszka, Isijola stated that he has been a resident of New Hampshire since 1999 and Isijola went to school in New Hampshire, and Isijola has his master's degree and graduated as well. **(Isijola's Affidavit page 13, ¶ 64).**

87.   Isijola was questioned by Donald Blaszka about the type of employment Isijola was doing, Isijola answered that Isijola is in the ADT Security business and that Isijola is involved in sales. Isijola stated that he has never had any criminal record and he has never had any misdemeanors and he has abided by the New Hampshire Rules. **(Isijola's Affidavit page 13, ¶ 65).**

88.   Isijola confessed and stated that Donald Blaszka directed him to go and meet with Aaron R. Richards and be arrested on August 4, 2020, and Isijola stated that Donald Blaszka was working with Aaron R. Richards, and he does not have Isijola best interests. Isijola further stated that Donald Blaszka provided Isijola's legal address to Aaron R. Richards, so that Aaron R. Richards can get him arrested. Isijola stated that what Donald Blaszka did was not right, as a Counsel who Isijola sought his services to represent him in the Administrative Hearing. Isijola ended his statement on his representation of him, that he does not think he had his best interests. **(Isijola's Affidavit page 13, ¶ 66).**

89. And after informing Linda Capuchino that Donald Blaszka does not have Isijola's best interest, Donald Blaszka informed Linda Capuchino he has no further questions. **(Isijola's Affidavit page 14, ¶ 67).**

90. Linda Capuchino asked Aaron R. Richards if he would like to ask Isijola any question before she ask her questions from Isijola. **(Isijola's Affidavit page 14, ¶ 68).**

**Plaintiff's Fact and Claim Against Aaron R. Richards: Aaron R. Richards false representation of Plaintiff's birth name and legal name, despite clear record of his names on his Driving License Record: Violation of the Federal Due Process Clause of the Fifth Amendment and Fourteenth Amendment to the United States of America.**

91. Aaron R. Richards was confirming that Isijola's birth name is Philip Mark, and he was asking what Isijola's actual legal name was, in which Isijola responded that his legal name and birthname when Isijola was born was Femi Isijola and that Isijola got his Driver's License in New Hampshire. **(Isijola's Affidavit page 14, ¶ 69).**

92. Isijola further responded that he changed his name from Femi Isijola to Philip Israel Mark in New Hampshire and later on change it to back to Femi Isijola in Rhode Island. Isijola stated that his Driver's License Report shows both names of Femi Isijola and Philip Israel Mark. **(Isijola's Affidavit page 14, ¶ 70).**

93. Isijola stated in addition to his response, when Aaron R. Richards testify that Isijola never identified that his name was Philip Mark in Rhode Island, Isijola said Aaron R. Richards' statement was not true, as Isijola's name was changed from Philip Israel Mark back to Femi Isijola, with a legal document that Isijola gave Donald Blaszka, being his Counsel to submit to the New Hampshire Department of Safety, Bureau of Hearings as an Exhibit. **(Isijola's Affidavit page 14, ¶ 71).**

**Plaintiff's Fact and Claim Against Linda Capuchino and Donald Blaszka, Plaintiff Confirmed his Legal Name to Linda Capuchino and Donald Blaszka was intimidating the Plaintiff: Violation of the Federal Due Process Clause of the Fifth and Fourteenth Amendment of the United States of America Constitution.**

94.   Linda Capuchino asked Isijola what Isijola's legal name is, as approved by the Court of Law, to which Isijola answered and said that Isijola is known as Femi Isijola. **(Isijola's Affidavit page 14, ¶ 72).**

95.   As Linda Capuchino was asking Isijola a question in the Administrative Hearing, the video teleconference went off, and Isijola received a call from Donald Blaszka, who accused Isijola of not cooperating with him and not answering the questions he was asking Isijola, in which Isijola responded to him and stated that Donald Blaszka was representing was Aaron R. Richards and not Isijola. **(Isijola's Affidavit page 14, ¶ 73).**

96.   All through this Administrative Hearing, Isijola was at home, and Isijola was not on the road, and Isijola never texted Donald Blaszka, as he was informing Linda Capuchino, when both Donald Blaszka and Isijola came back after the malfunctioning of the video teleconference, that Isijola was on the road and texting him. **(Isijola's Affidavit page 15, ¶ 74).**

97.   Donald Blaszka stated in the Administrative Hearing and informing Linda Capuchino that Donald Blaszka wanted to kill Isijola. **(Isijola's Affidavit page 15, ¶ 75).**

98.   Linda Capuchino asked Isijola if Isijola went to Court and have his name changed back to Femi Isijola, to which Isijola responded that Isijola did change his name back to Femi Isijola and that was changed in the Probate Court of Rhode Island. **(Isijola's Affidavit page 15, ¶ 76).**

99.   Isijola further stated that his record states Isijola bears that name and that Isijola attended Southern New Hampshire University, and Isijola had his master's degree in Southern New Hampshire University in New Hampshire.

100. Linda Capuchino asked Isijola that when Isijola applied for a Massachusetts Driver's License, what address did Isijola used, which Isijola replied, that when Isijola applied for a Massachusetts Driver's License, the address Isijola used was 68 Main Street, Unit 474, Leominster and Linda Capuchino never elaborated on her questioning. **(Isijola's Affidavit page 15, ¶ 78).**

101. After Isijola finished answering the question that Linda Capuchino asked Isijola, she said she had other questions, but she thinks she has enough information, and asked if Aaron R. Richards has anything to add, which Aaron R. Richards said he has nothing further and asked Donald Blaszka, if he has anything further, which Donald Blaszka said nothing further. **(Isijola's Affidavit page 15, ¶ 79).**

102. Isijola asked from Linda Capuchino, what about Isijola as well, and Linda Capuchino answered Yes and Isijola confirmed Linda Capuchino's answer and Isijola stated that since 1999, Isijola has been in New Hampshire, and Isijola has never had any criminal record and Isijola has never had his Driver's License suspended for any other reasons. **(Isijola's Affidavit page 15, ¶ 80).**

**Plaintiff's Confirmation of former address and his New Hampshire resident status: Plaintiff's Claim Against Linda Capuchino: Violation of the Federal Due Process Clause of the Fifth and Fourteenth Amendment of the United States of America Constitution**

103. Isijola further stated that he heard that Aaron R. Richards stated that he did not live in 134 Mammoth Road, Unit 26, and Isijola confirmed that he lived in the address, as Isijola stated to Linda Capuchino, the Hearing Examiner and presiding officer of the Administrative Hearing, that it was a misrepresentation of information by Aaron. R. Richards. **(Isijola's Affidavit page 16, ¶ 81).**

104. Isijola stated that since Linda Capuchino verified that Isijola is a resident of New Hampshire, Isijola wants his full restitution of his Driving License to be restored. **(Isijola's Affidavit page 16, ¶ 82).**

105. Isijola further stated that Aaron R. Richards wanted to get him arrested and Isijola said that should not happen since he confirmed to Linda Capuchino that he lives in New Hampshire and has no criminal record, and Isijola is a Black African American male. **(Isijola's Affidavit page 16, ¶ 83).**

**Plaintiff's Fact and Claim Against Donald Blaszka, Plaintiff was interrupted by Donald Blaszka: Violation of the Federal Due Process Clause of the Fifth Amendment and the Fourteenth Amendment to the United States of America Constitution.**

106. As Isijola was giving his oral testimony in the Administrative Hearing, Donald Blaszka was interrupting Isijola, saying that Linda Capuchino has already heard Isijola's oral testimony and Isijola responded that he has to say his oral testimony for the record and Donald Blaszka said okay. **(Isijola's Affidavit page 16, ¶ 84).**

107. Linda Capuchino interjected and said she is going to look at the three documents out of the many documents Isijola provided to Donald Blaszka to be submitted to the New Hampshire Department of Safety, Bureau of Hearings, which Donald Blaszka did not provide the other documents and Linda Capuchino said she will look at the report provided by Aaron R. Richards and issued her decision. **(Isijola's Affidavit page 16, ¶ 85).**

**Plaintiff's Fact and Claim Against Donald Blaszka, Plaintiff's provided relevant documents to Linda Capuchino, after completion of Administrative Hearing on the same date of August 5, 2020, and Donald Blaszka's representation of Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police: Violation of the Fifth Amendment and Fourteenth Amendment of the United States of America Constitution**

108. On the same day on August 5, 2020, after Isijola's observations of what happened in the Administrative Hearing, of the fact that Donald Blaszka was not representing Isijola's interests

but instead representing the interests of Aaron R. Richards and that of the New Hampshire Department of Safety, Bureau of Hearings. **(Isijola's Affidavit page 16, ¶ 86).**

109.  On the same date on August 5, 2020, Isijola sent a Hearing Memorandum to Linda Capuchino, Hearing Examiner of the New Hampshire Department of Safety, Bureau of Hearings, since Donald Blaszka did not represent Isijola and Isijola copied Donald Blaszka, since it was apparent that he was representing the interest of Aaron R. Richards. **(Isijola's Affidavit pages 16-17, ¶ 87).**

110.  On the same date on August 5, 2020, Isijola send the address proof of 134 Mammoth Road, Unit 26, Hooksett, New Hampshire to Linda Capuchino, Hearing Examiner of the New Hampshire Department of Safety, Bureau of Hearings, since Donald Blaszka did not represent him and his interests and Isijola copied Donald Blaszka, since it was apparent that he was representing the interest of Aaron R. Richards. **(Isijola's Affidavit page 17, ¶ 88).**

111.  On August 18, 2020, Isijola send an email message to the email address of the New Hampshire Department of Safety, Bureau of Hearings, which is safety-hearings@dos.nh.gov, that since Isijola replaced Donald Blaszka, all official documents and correspondence from them should be forwarded directly to Isijola. **(Isijola's Affidavit page 17, ¶ 89).**

**Plaintiff's Facts and Claim Against Linda Capuchino, two decisions coming out on September 16, 2020, from one Administrative Hearing of August 5, 2020: Violation of the Federal Due Process Clause of the Fifth Amendment and the Fourteenth Amendment to the United States of America**

112.  On September 16, 2020, Isijola received by email communication, two decisions coming from the New Hampshire Department of Safety, Bureau of Hearings, one decision with Isijola's former name of Philip Israel Mark with a falsified reference number of NHI11141845 and with the decision of Isijola's  Driver's License privilege suspension of one (1) year and Vehicle Registration privilege suspension of one (1) year with Hearing required to ensure residency and

to ensure Isijola holds no other Driver's License in any other jurisdiction and the decision was

dated September 14, 2020 with no signature by Linda Capuchino and the decision stated Isijola

had appeals rights pursuant to New Hampshire Revised Statute Annotated 263:76. **(Isijola's**

**Affidavit page 17, ¶ 90).**

113. On the same day on September 16, 2020, Isijola received by email communication, on

the same email message coming from the New Hampshire Department of Safety, Bureau of

Hearings, and the name of the sender was Monica E, who identified as the Administrative

Supervisor of the New Hampshire Department of Safety, Bureau of Hearings and Linda

Capuchino was copied, with another decision noting his name as Isijola Femi, with the reference

number of NHI11151845 and the decision on Isijola's Driver's License suspension was one (1)

year and his Vehicle Registration was suspended indefinitely with Hearing Required. **(Isijola's**

**Affidavit pages 17-18, ¶ 91).**

**Plaintiff's Fact and Claim Against Donald Blaszka, Plaintiff's Requested for his Legal Fees to be refunded without Objection from Donald Blaszka for lack of his representation on Plaintiff's behalf on August 5, 2020: Violation of the Federal Due Process Clause of the Fifth Amendment and the Fourteenth Amendment of the United States of America Constitution**

114. On September 17, 2020, Isijola sent Donald Blaszka, an email message and Isijola copied

his Legal Assistant, Kathleen Mooney, also known as Kathy Mooney, that he should never

attempt to receive anything on Isijola behalf or to attempt to represent Isijola anywhere. Isijola

further stated that Isijola does not need his services and Isijola will never use his services and

Isijola does not intend to use him as a referral anywhere. Isijola further stated that Donald

Blaskza's actions before, on and after August 5, 2020, were dishonorable and he was a shame to

the legal profession he represents. Isijola told him to return the $2,000 that Isijola paid him as he

never did anything for Isijola and never provided any legal advice verbally or in a written form.

37

Isijola concluded his email message to him that he should send Isijola's documents to his provided mailing address in Hooksett, New Hampshire. **(Isijola's Affidavit page 18, ¶ 92).**

115. On the same date on September 17, 2020, Isijola received an email message from Donald Blaszka that he will be sending back his money of $2,000 in the mail and he never objected to Isijola's email message Isijola sent him earlier in the day. **(Isijola's Affidavit page 18, ¶ 93).**

**Plaintiff's Claim Against Elizabeth Bielecki: Violation of the Federal Due Process Clause of the Fifth Amendment and the Fourteenth Amendment to the United States of America Constitution**

116. On September 18, 2020, Isijola received a dated Notice of Suspension of his Driver's License on September 15, 2020 through his mailing address in Hooksett, New Hampshire, that the full suspension of his Driver's License took effect on August 5, 2020, (08/05/2020) and Isijola may be considered for restoration on August 5, 2021, (08/05/2021), and the reason for the suspension of Isijola's Driver's License by Elizabeth Bielecki, Director of Motor Vehicles was that she believe Isijola made False statement on Driver's License pursuant to New Hampshire RSA 263:12V. The reference number is DRC9144 and his Driver's License Number ends with the last four digits number of 7541. **(Isijola's Affidavit page 18, ¶ 94).**

117. On the same date on September 18, 2020, Isijola received a dated Notice of Suspension of his Registration on September 15, 2020 through his mailing address in Hooksett, New Hampshire, that the full suspension of his Registration took effect on August 5, 2020, (08/05/2020) and Isijola may be considered for restoration on August 5, 2021, (08/05/2021), and the reason for the suspension of Isijola's Registration by Elizabeth Bielecki, Director of Motor Vehicles was that she believe Isijola made false statement on Registration pursuant to New Hampshire RSA 261:178. The reference number is DRC9111 and his Driver's License Number that ends with the last four digits number of 7541. **(Isijola's Affidavit page 19, ¶ 95).**

118. On September 22, 2020, Isijola faxed to the fax number of 603-271-7800, the fax number of the Director of the New Hampshire Department of Safety, Division of Motor Vehicles and Isijola also mailed his letter of Director's Review to the Director's mailing address and Isijola address his letter of Director's Review of Hearing Examiner's Linda Capuchino's Factual Errors and Errors of Law decision received by Isijola on September 16, 2020, to Elizabeth Bielecki for Director's Review of that decision. **(Isijola's Affidavit page 19, ¶ 96).**

**Plaintiff's Claim Against Christopher Casko, Administrator, New Hampshire Department of Safety, Bureau of Hearings: Violation of the Federal Due Process Clause of the Fifth Amendment and Fourteenth Amendment of the United States of America Constitution**

119. On September 30, 2020, Isijola sent a message through his email address to the email address of the New Hampshire Department of Safety, Bureau of Hearings that Isijola call in to their office to inquire about Isijola case, which was named a False Statement Hearing and Isijola was informed that Linda Capuchino changed the False Statement Hearing to a Reciprocity Hearing and Isijola make clear in that email message, that the Administrative Hearing was never a Reciprocity Hearing but was known as a False Statement Hearing and was held on August 5, 2020. **(Isijola's Affidavit page 19, ¶ 98).**

120. On October 2, 2020, Isijola received an email message from Christopher Casko, Administrator of the New Hampshire Department of Safety, Bureau of Hearings that there will no action taken pursuant to Isijola's emails, he further stated that a Court of Appeal is the only method that Isijola may challenge an Order of the Hearing Examiner's Decision according to the instructions of the Hearing Report. **(Isijola's Affidavit page 20, ¶ 100).**

**Plaintiff's Filing of his Administrative Appeal with the New Hampshire Merrimack County Superior Court: County of his Legal Address pursuant to his Right found in New Hampshire Revised Statute Annotated 263:76: Andrew Schulman was assigned as the Presiding Judge of the New Hampshire Merrimack Superior Court.**

121. On October 2, 2020, Isijola filed his Appeal of the Hearing Examiner's Linda

Capuchino's determination and Elizabeth Bielecki's decision to suspend Isijola's Driver's

License and Registration Certificate pursuant to Isijola Appeals Rights found in New Hampshire

Revised Statute Annotated 263:76 with the New Hampshire Merrimack County Superior Court,

Concord, New Hampshire and the action was entitled Femi Isijola versus Director, New

Hampshire Department of Safety, Division of Motor Vehicles and the Civil Case Number was

assigned 217-2020-CV-00533 and the assigned Judge was Andrew R. Schulman. **(Isijola's**

**Affidavit pages 20-21, ¶ 104).**

**Plaintiff's Claim Against Maria E. Buckman, Supervisor of the Office of Director of Motor Vehicles and Justice of Peace who granted the issuance of Aaron R. Richards Application of Arrest Warrant without probable cause: Violation of the Fourth Amendment to the United States of America Constitution**

122. On October 7, 2020, Isijola received through his email address, from Maria E. Buckman,

Supervisor of the Office of the Director of Motor Vehicles and the Justice of Peace who granted

the issuance of Aaron R. Richards's application for arrest warrant, the response of Elizabeth

Bielecki to Isijola's petition for Director's Review. **(Isijola's Affidavit page 21, ¶ 105).**

**Plaintiff's Claim Against Andrew R. Schulman, New Hampshire Superior Court Judge of the New Hampshire Merrimack County Superior Court: Arbitrary and Capricious Action in violation of the Federal Due Process Clause of the United States of America Constitution**

123. On December 3, 2020, a Hearing on the Merits was held by Telephonic Hearing and

Isijola was in attendance, so was Michael P. King who represented the Director, New Hampshire

Department of Safety, Division of Motor Vehicles, so was Andrew R. Schulman, a New

Hampshire Superior Court Judge, who presided over the Hearing on the Merits. **(Isijola's Affidavit page 21, ¶ 106).**

124. Andrew R. Schulman who presided over the Hearing on the Merits on December 3, 2020, mentioned and knew that the suspension of Isijola's Driver's License and Registration was not in the New Hampshire Statute and in the process, chose not to reinstate Isijola's Driving License and Registration Privileges and thereby violating Isijola's Due Process Rights. **(Isijola's Affidavit page 21, ¶ 107).**

125. On January 26, 2021, Isijola filed a Motion with the New Hampshire Merrimack County Superior Court to receive an Order on the Hearing on the Merits decision held on December 3, 2020, with the New Hampshire Merrimack County Superior County Court in the Civil Case Number of 217-2020-CV-00533. **(Isijola's Affidavit page 21, ¶ 109).**

126. On January 27, 2021, Isijola received through his email address, the New Hampshire Merrimack County Superior Clerk's Notice of Decision of Andrew R. Schulman in the matter between Isijola and the Director, New Hampshire Department of Safety, Division of Motor Vehicles, that was dated January 26, 2021, and Andrew R. Schulman never addressed Errors of Law and the Reinstatement of my Suspended Driving License and Vehicle Registration and he cited no case law to affirm Linda Capuchino's determination and suspension of Isijola's privileges. **(Isijola's Affidavit page 22, ¶ 110).**

127. On January 29, 2021, Isijola file his Motion to Reconsider with the New Hampshire Merrimack County Superior Court in order to reconsider Andrew R. Schulman's decision to affirm Linda Capuchino's determination of September 16, 2020, pursuant to Rule 12(e) of the New Hampshire Superior Court Rules. **(Isijola's Affidavit page 22, ¶ 111).**

**Plaintiff's Claim Against Aaron R. Richards: Violation of the Fourth Amendment to the United States of America Constitution**

128.  On the same date on Friday, January 29, 2021, shortly after 3:00 PM, Aaron R. Richards,

Trooper of the New Hampshire Department of Safety, Division of State Police and witness in the

Administrative Hearing of August 5, 2020, appeared at Isijola's legal address in Hooksett, New

Hampshire, and this is while there is an ongoing proceeding at the New Hampshire Merrimack

County Superior Court at the time. **(Isijola's Affidavit page 22, ¶ 112).**

**Plaintiff's Claim Against Andrew R. Schulman, New Hampshire Superior Court Judge of the New Hampshire Merrimack County Superior Court: Arbitrary and Capricious Action in violation of the Federal Due Process Clause of the United States of America Constitution**

129.  On February 9, 2021, Isijola was served a New Hampshire Merrimack County Superior

Clerk's Notice of Decision of Andrew R. Schulman that he has mooted Isijola's Motion to

receive an Order on the Hearing on the Merits decision held on December 3, 2020. **(Isijola's**

**Affidavit page 22, ¶ 113).**

130.  On the same date of February 9, 2021, Isijola was served a New Hampshire Merrimack

County Superior Clerk's Notice of Decision of Andrew R. Schulman that he has denied Isijola's

Motion to Reconsider his decision to affirm Linda Capuchino's determination of September 16,

2020, and in his denial, he said a criminal conviction is not a prerequisite for suspension or

revocation of a license and/or registration under RSA 260:10. **(Isijola's Affidavit page 22, ¶**

**114).**

**Plaintiff's Right to a Mandatory Appeal to the New Hampshire Supreme Court pursuant To his Right found in Rule 7 of the New Hampshire Supreme Court Rules**

131.  On February 11, 2021, Isijola filed his Notice of Mandatory Appeal with the New

Hampshire Supreme Court pursuant to his right found in Rule 7 of the New Hampshire Supreme

Court Rules, from the decision of the merits of the New Hampshire Merrimack County Superior

Court  after the Hearing on the Merits held on December 3, 2020, and Isijola included with his

Notice of Mandatory Appeal, the New Hampshire Merrimack County Superior Court Clerk's

Notice of Decision of the denial of Isijola's Motion for Reconsideration pursuant to Rule 12(e)

of the New Hampshire Superior Court Rules, dated February 9, 2021, (02/09/2021) and the New

Hampshire Merrimack County Superior Court Clerk's Notice of Decision of the Final Order of

the New Hampshire Superior Court, dated January 27, 2021. **(Isijola's Affidavit page 23, ¶**

**115).**

132.  On February 19, 2021, Isijola received through his email address, a Notification from the

New Hampshire Supreme Court, of the E-file Docketing Notice of the assigned Case Number of

2021-0045, in the matter between Isijola and Elizabeth Bielecki, Director, New Hampshire

Department of Safety, Division of Motor Vehicles. **(Isijola's Affidavit page 23, ¶ 116).**

**Plaintiff's being Notified of the only Counsel of Record in the proceedings of the New
Hampshire Supreme Court, Jessica A. King, Esq, in the matter between Plaintiff and
Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of
Motor Vehicles.**

133.   On February 25, 2021, Isijola was served through his email address, a notification from

the New Hampshire Supreme Court, that Jessica A. King of the New Hampshire Department of

Justice is showing appearance as the Counsel for Elizabeth Bielecki, Director of New Hampshire

Department of Safety, Division of Motor Vehicles. **(Isijola's Affidavit page 23, ¶ 117).**

**Plaintiff's Claim Against Aaron R. Richards: Violation of the Fourth Amendment of the
United States of America Constitution**

134.  On February 26, 2021, shortly after 9:00 AM, Aaron R. Richards, Trooper of the New

Hampshire Department of Safety, Division of State Police and witness in the Administrative

Hearing of August 5, 2020, appeared at Isijola's legal address in Hooksett, New Hampshire, and

this is while there is an ongoing proceeding at the New Hampshire Supreme Court at the time.

**(Isijola's Affidavit page 23, ¶ 118).**

135.  On the same date on February 26, 2021 at 9:46 AM, Isijola notify Jessica A. King, by

emailing her at her email address of jessica.a.king@doj.nh.gov and calling her at her provided

phone number of 603-271-3675 that Aaron R. Richards, Trooper of the New Hampshire

Department of Safety, Division of State Police and witness in the Administrative Hearing of

August 5, 2020, appeared at Isijola's physical and residential address in Hooksett, New

Hampshire, and this is while there is an ongoing proceeding at the New Hampshire Supreme

Court at the time. **(Isijola's Affidavit pages 23-24, ¶ 119).**

**Plaintiff's Mandatory Appeal was accepted by the New Hampshire Supreme Court**

136.  On March 3, 2021, Isijola was served by email communication, that the New Hampshire

Supreme Court has accepted the case number 2021-0045 between Isijola and Elizabeth Bielecki,

Director, New Hampshire Department of Safety, Division of Motor Vehicles and Isijola was also

notified of a mediation eligibility. **(Isijola's Affidavit page 24, ¶ 120).**

**Plaintiff's Notified by Jessica A. King, Assistant Attorney General, New Hampshire
Department of Justice, that Aaron R. Richards was reported to the Counsels of the
New Hampshire Department of Safety**

137.  On the same date of March 4, 2021 at 10:47 AM, Jessica A. King communicated with

Isijola through email communication, and stated that she forwarded Isijola's last email message

regarding Isijola's report to her of Aaron R. Richards showing appearance in Isijola's legal

address when there was an ongoing proceeding in the New Hampshire Supreme Court at the

time, and she stated that she forwarded the email message to the Counsels for the New

Hampshire Department of Safety for their information. **(Isijola's Affidavit page 24, ¶ 122).**

**Plaintiff's Claim Against Aaron R. Richards: Violation of the Fourth Amendment to the United States of America Constitution**

138. On March 19, 2021, shortly after 12:30 PM, Aaron R. Richards, Trooper of the New Hampshire Department of Safety, Division of State Police and witness in the Administrative Hearing of August 5, 2020, appeared at Isijola's legal address in Hooksett, New Hampshire and he came with another Trooper of the New Hampshire Department of Safety, Division of State Police, whose name is unknown, and this is while there is an ongoing proceeding at the New Hampshire Supreme Court at the time. **(Isijola's Affidavit page 25, ¶ 125).**

**Plaintiff's Notified by the New Hampshire Supreme Court that Transcript of the Administrative Hearing of August 5, 2020, and Hearing on the Merits of December 3, 2020, was received by the New Hampshire Supreme Court**

139. On April 27, 2021, Isijola received notification from the New Hampshire Supreme Court, that the certified copy of the administrative proceedings, otherwise known as the Transcript of the Administrative Hearing held on August 5, 2020 before the New Hampshire Department of Safety, Bureau of Hearings presided over by Hearing Examiner, Linda Capuchino and the administrative record filed by the Counsel of Record for Elizabeth Bielecki with the New Hampshire Merrimack County Superior Court, Michael P. King, was transmitted to the New Hampshire Supreme Court. **(Isijola's Affidavit page 25, ¶ 127).**

140. On May 13, 2021, Isijola received notification from the New Hampshire Supreme Court, that the Transcript of the Hearing on the Merits held on December 3, 2020, before the New Hampshire Merrimack County Superior Court presided over by the New Hampshire Superior Court Judge, Andrew R. Schulman in the Civil Case Number 217-2020-CV-00533 in the matter between Isijola and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, was transmitted to the New Hampshire Supreme Court. **(Isijola's Affidavit page 26, ¶ 128).**

**Plaintiff's Claim Against Jessica A. King and Christopher Casko: Violation of the Federal Due Process Clause of the Fifth Amendment and Fourteenth Amendment to the United States of America Constitution**

141. On June 2, 2021, Jessica A. King, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, reach out to Isijola to inquire if Isijola will support her Motion to Seal Isijola's record in order to redact personally identifying information of Isijola in both the New Hampshire Supreme Court and the New Hampshire Merrimack County Superior Court. **(Isijola's Affidavit page 26, ¶ 129).**

142. On the same date on June 1, 2021, Isijola informed Jessica A. King, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, that Isijola does not assent to the Motion to Seal his record in order to redact personally identifying information of Isijola, as Isijola does not want anything hidden from the public. **(Isijola's Affidavit page 26, ¶ 130).**

143. On June 2, 2021, despite Isijola's wishes of not assenting to sealing his record, Jessica A. King, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, despised Isijola's wishes and filed with the New Hampshire Supreme Court, her Motion to Seal Isijola Record on Appeal. **(Isijola's Affidavit page 26, ¶ 131).**

144. On June 3, 2021, despite Isijola's wishes of not assenting to sealing his record, Christopher Casko, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles with the New Hampshire Merrimack County Superior Court, despised Isijola's wishes and filed with the New Hampshire Merrimack County Superior Court, his Motion to Seal Isijola Record. **(Isijola's Affidavit pages 26-27, ¶ 132).**

**Plaintiff filed with both New Hampshire Supreme Court and New Hampshire Merrimack County Superior Court, his Objection to the Motions to Seal his Record in both Courts filed by Jesssica A. King and Christopher Casko despite his preference not to have his Record Seal**

145. On June 4, 2021, Isijola filed with the New Hampshire Supreme Court, his Objection to the Motion to Seal his Record filed on June 2, 2021, against Isijola's wishes, by Jessica A. King, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles with the New Hampshire Supreme Court. **(Isijola's Affidavit page 27, ¶ 133).**

146. On the same date on June 4, 2021, Isijola filed with the New Hampshire Merrimack County Superior Court, his Objection to the Motion to Seal Isijola Record filed on June 2, 2021, against Isijola's wishes, by Christopher Casko, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles in the New Hampshire Merrimack County Superior Court. **(Isijola's Affidavit page 27, ¶ 134).**

147. On June 10, 2021, Isijola received notification from the New Hampshire Supreme Court that Elizabeth Bielecki's Motion to Seal Isijola's Record by Elizabeth Bielecki's Counsel of Record, Jessica A. King in the New Hampshire Supreme Court was denied. **(Isijola's Affidavit page 27, ¶ 135).**

148. On June 11, 2021, Isijola received notification from the New Hampshire Merrimack County Superior Court, that an Order was made in favor of Elizabeth Bielecki's Motion to Seal Isijola's Record, filed by her Counsel of Record, Christopher Casko in the New Hampshire Merrimack County Superior Court. **(Isijola's Affidavit page 27, ¶ 136).**

149. On June 14, 2021, Isijola filed a Motion to Reconsider pursuant to Rule 12(e) of the New Hampshire Superior Court, the Judicial Officer, Andrew R. Schulman's Order made in favor of Elizabeth Bielecki's Motion to Seal Record, filed by her Counsel of Record, Christopher Casko

in the New Hampshire Merrimack County Superior Court and attached Exhibits and Isijola

informed Andrew R. Schulman that the same Motion to Seal Isijola's Record was denied by the

New Hampshire Supreme Court. **(Isijola's Affidavit pages 27-28, ¶ 137).**

150.  On June 25, 2021, Isijola received notification from the New Hampshire Merrimack

County Superior Court, that his Motion to Reconsider the Order made in favor of Elizabeth

Bielecki's Motion to Seal his Record, filed by her Counsel of Record, Christopher Casko in the

New Hampshire Merrimack County Superior Court was granted by Judicial Officer, Andrew. R.

Schulman. **(Isijola's Affidavit page 28, ¶ 138).**

**Plaintiff's Claim Against Patrick Donovan, Anna Barbara Hantz Marconi,
James Bassett and Gary Hicks of the New Hampshire Supreme Court:
Arbitrary and Capricious Action in violation of the Federal Due Process Clause of
the Fifth Amendment and the Fourteenth Amendment of the United States of America
Constitution**

151.  On July 1, 2021, Isijola filed with the New Hampshire Supreme Court, Isijola's Opening

Principal Brief and Isijola attached his Appendices to his Opening Principal Brief. **(Isijola's**

**Affidavit page 28, ¶ 139).**

152.  On August 31, 2021, Isijola filed with the New Hampshire Supreme Court, his Reply

Brief in support of his Opening Brief. **(Isijola's Affidavit page 28, ¶ 140).**

153.  On November 18, 2021, Isijola received notification from the New Hampshire Supreme

Court, that the Final Order of the New Hampshire Merrimack County Superior Court made by

Andrew R. Schulman was affirmed without elaboration on why the decision was not reversible

error and without mentioning Isijola's Motion for Reconsideration that was filed on January 29,

2021 with the New Hampshire Merrimack County Superior Court, and denied on February 9,

2021 by Andrew R. Schulman, and the New Hampshire Supreme Court Judicial Officers who

affirmed Andrew R. Schulman's Final Order were Patrick Donovan, Anna Barbara Hantz Marconi, James Bassett and Gary Hicks. **(Isijola's Affidavit page 28, ¶ 141).**

154.  On November 23, 2021, Isijola filed with the New Hampshire Supreme Court, Isijola's Motion for Reconsideration pursuant to Rule 22 of the New Hampshire Supreme Court Rules established that the Judicial Officers, Patrick Donovan, Anna Barbara Hantz Marconi, James Bassett and Gary Hicks overlooked and misapprehended several points of law and fact and the Judicial Officers affirmed the Final Order of Judicial Officer Andrew R. Schulman without elaboration on their claims that Isijola did not established reversible error in the matter between Isijola and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles. **(Isijola's Affidavit page 29, ¶ 143).**

155.  On December 9, 2021, Isijola received notification from the New Hampshire Supreme Court, that his Motion for Reconsideration and the Relief Requested in his Motion for Requested was denied by Judicial Officers, Patrick Donovan, Anna Barbara Hantz Marconi, James Bassett and Gary Hicks. **(Isijola's Affidavit page 29, ¶ 145).**

156.  On the same date of December 9, 2021, a Mandate was issued by the New Hampshire Supreme Court on both the Order denying Isijola's Motion for Reconsideration with Relief requested and the affirmed Order of the New Hampshire Supreme Court, entered on November 18, 2021, and was signed by the Clerk of the New Hampshire Supreme Court, Timothy A. Gudas. **(Isijola's Affidavit page 29, ¶ 146).**

**Plaintiff's Interaction with Timothy A. Gudas, Clerk of the New Hampshire Supreme Court, on filing a Certiorari with the United States Supreme Court**

157.  On December 10, 2021, Isijola send an email message to Timothy A. Gudas, Clerk of the New Hampshire Supreme Court that Isijola will be filing a Certiorari with the United States Supreme Court in the matter between Isijola and Elizabeth Bielecki, Director, New Hampshire

Department of Safety, Division of Motor Vehicles in the New Hampshire Supreme Court with the assigned number of 2021-0045. **(Isijola's Affidavit page 30, ¶ 148).**

158.  On the same date on December 10, 2021, Isijola received an email message from Timothy A. Gudas, Clerk of the New Hampshire Supreme Court that Isijola may send the Certiorari to his attention, in the address he provided in the email address, and he provided the business address of the opposing Counsel, Jessica A. King in his email. **(Isijola's Affidavit page 30, ¶ 149).**

### Plaintiff Notified of Second Administrative Hearing, by New Hampshire Department of Safety, Bureau of Hearings on January 20, 2022

159.  On December 14, 2021, Isijola received by his mailing address, a letter dated December 10, 2021, from the New Hampshire Department of Safety, Bureau of Hearings that was titled a Notice of Hearing and addressed to Isijola's former name of Philip Israel Mark and the date of the Hearing was scheduled for January 20, 2022 at 9:30AM and the assigned Hearing number was HR202117109. Isijola's Reference Number is NHI11151845, and the scope of the hearing was to determine if Isijola's New Hampshire Driver License and Registration should be/remain suspended/revoked and the statutory authorities cited were RSA 260:10, RSA 263:12 and RSA 261:178 and the regulatory authorities were administrative rule Saf-C 204.15 and Saf-C 204.01. Isijola was notified that Aaron R. Richards was going to attend the hearing. **(Isijola's Affidavit page 30, ¶ 150).**

160.  On December 30, 2021, Isijola forwarded a request to the New Hampshire Department of Safety, Bureau of Hearings via Certified Mail Return Receipt, a request for a Video Hearing instead of an in person hearing as there was no means for Isijola of getting to Concord, New Hampshire for the Hearing. **(Isijola's Affidavit page 31, ¶ 151).**

**Plaintiff's Claim Against Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings, Aaron R. Richards, Detective Sergeant New Hampshire Department of Safety, Division of State Police and Richard L. Quinn, Commissioner, New Hampshire Department of Safety: Violation of the Federal Due Process Clause of the Fifth Amendment and the Fourteenth Amendment of the United States of America Constitution**

161.   On January 13, 2022, Isijola forwarded five written motions, four notarized Affidavits, one written request to ask Trooper First Class Aaron Richards the following pertinent questions on administrative hearing scheduled for January 20, 2022 at 9:30 AM through Certified Mail with Return Receipt requested to the Hearing Examiner, Stacey K. Schultz, Aaron R. Richards and the Office of the Commissioner of the New Hampshire Department of Safety, Robert L. Quinn and Isijola certify that the recipients received the documents through confirmation of the return receipts sent back to Isijola's legal address. Isijola's Five (5) Written Motions were (1) Motion to change name from Isijola's former name to his current name. (2) Motion to vacate offenses on Isijola's Driving report for False Statement on Isijola's Driver's License and Vehicle Registration (3) Motion to prove New Hampshire Residency and has no Active Valid Driver's License in any Jurisdiction of the United States of America. (4) Motion to raise Constitutional Violations of Isijola's Rights found both in the Constitution of the State of New Hampshire and the United States of America. (5) Motion to vacate Fees paid for Registration Privilege Restoration Fee and Operating Privilege Restoration Fee. Isijola's Four (4) Affidavits were (1) Affidavit of Isijola's Motion to Change his Name in the Motor Vehicle Records of the New Hampshire Department of Safety, Division of Motor Vehicles. (2) Affidavit of Isijola's Motion to vacate offenses in Isijola's Driver's Record Report (3) Affidavit of Isijola's Motion to prove New Hampshire Residency and a Declaration of no Valid Active Driver's License in any Jurisdiction of the United States of America. (4) Affidavit of Isijola's Motion to raise Constitutional Violations of his Rights found both in the Constitution of the State of New Hampshire and

United States of America. Isijola's One (1) Request to ask Trooper Aaron Richards the following pertinent questions at the Administrative Hearing scheduled for January 20, 2022. **(Isijola's Affidavit page 31 ¶ 153).**

162. On January 19, 2022, Isijola forwarded his Memorandum of Facts and Law in support of his Reinstatement of his Driver's license and Vehicle Registration privileges to both Hearing Examiner for the New Hampshire Department of Safety, Bureau of Hearings, Stacey K. Schultz, Esq, and Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police by emailing the document to both and mailing the document through U.S first class mail, postage prepaid. **(Isijola's Affidavit page 32, ¶ 154).**

**Plaintiff's Fact and Claim Against Stacey K. Schultz, Aaron R. Richards, Plaintiff's Administrative Hearing on Driver's License Suspension on January 20, 2022: Violation of Federal Due Process Clause of the Fifth Amendment and the Fourteenth Amendment of the United States of America Constitution**

163. On January 20, 2022, Isijola attended the scheduled Administrative Hearing set for January 20, 2022, through video teleconference technology that started after 9:30 AM, also in attendance for the Administrative Hearing were Aaron R. Richards, who identified himself as a Detective Sergeant formerly known by Isijola as Trooper First Class Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police and the presiding Hearing Examiner, Stacey K. Schultz, Esq, from the New Hampshire Department of Safety, Bureau of Hearings. The matter was entitled State of New Hampshire v. Femi Easyjay Isijola and the Hearing was known as Administrative License Suspension Hearing and the assigned Hearing Number that I participated in was HR202117109 and the Hearing was still known as False Statement Hearing. **(Isijola's Affidavit page 32, ¶ 155).**

164. In this Hearing, pursuant to Administrative Saf-C 203.13 (e), Isijola advised the presiding Hearing Examiner, Stacey K. Schultz, that Isijola will be recording the Hearing and before the

Stacey K. Schultz started recording the official recording, she did not record some important things she advised the parties of doing but because Isijola did record the hearing, Isijola captured everything that Stacey K. Schultz and Aaron R. Richards said, and when Stacey K. Schultz started her recording, she said and we will get started from there. **(Isijola's Affidavit page 33, ¶ 156).**

165.   That Isijola introduced himself as Femi Isijola, formerly known as Philip Israel Mark acting as Pro Se and Isijola introduce admittance at the administrative hearing, into the record the Hearing number HR20211709, and Reference Number NHI11158545, Isijola's five written motions, four affidavits, one request to ask Trooper First Class Aaron R. Richards pertinent questions and his Memorandum of Facts and Law and Isijola acknowledged the new portfolio of Aaron R. Richards, who now identifies himself as Detective Sergeant Aaron R. Richards and the Presiding Hearing Examiner, Stacey K. Schultz, Esq, did said Yes to the admittance into the record. **(Isijola's Affidavit page 33, ¶ 157).**

166.   After admitting Isijola's documents into the record, that includes his five motions, four affidavits, one request to ask Aaron R, Richards pertinent questions and Isijola's memorandum of facts and law, Stacey K. Schultz told Isijola she does have a copy of his most recent Motor Vehicle Record that was still in Isijola's former name, Philip Israel Mark and Isijola was never provided the copy of this most recent motor vehicle record before, during and after the Administrative Hearing. **(Isijola's Affidavit page 33, ¶ 158).**

167.   That Isijola's name, legal address and mailing address all in Hooksett, New Hampshire was acknowledged by the presiding Hearing Examiner, Stacey K. Schultz. **(Isijola's Affidavit page 33, ¶ 159).**

168. Isijola provided his parents' name and mailing address and Isijola's living status in his own home, which were questions that Stacey K. Schultz asked Isijola in this Administrative Hearing. **(Isijola's Affidavit page 33, ¶ 160).**

169. Isijola was successful in having Stacey K. Schultz understand that Federal law trumps State law, as she required more than necessary requirements to prove Isijola's sole residency in New Hampshire. **(Isijola's Affidavit page 34, ¶ 161).**

170. That Stacey K. Schultz, Esq, asked Aaron R. Richards if he has anything to put on the record or enlighten the Bureau of Hearings about, Aaron R. Richards said he has nothing new to share and that the State of New Hampshire has nothing new. **(Isijola's Affidavit page 34, ¶ 162).**

171. That Isijola was asked by Stacey K. Schultz, Esq, if Isijola has already submitted court paperwork from the Providence Probate Court in Rhode Island changing from his former name, Philip Israel Mark to Isijola's name, to which Isijola acknowledged that it is in the possession of the New Hampshire Department of Safety, Division of Motor Vehicles and that Aaron R Richards, Trooper, New Hampshire Department of Safety, Division of State Police provided the official document on August 5, 2020, when he was provided his purported report from Rhode Island. **(Isijola's Affidavit page 34, ¶ 163).**

172. That Isijola sought an apology from Aaron R. Richards based on the fact he made false allegations against Isijola in the False Statement proceedings on Driver's License and Registration Certificate, but he did not apologize during the duration of the administrative hearing. **(Isijola's Affidavit page 34, ¶ 164).**

173. Isijola informed Stacey K. Schultz, that his Driver's License issued by New Hampshire was placed in the Central Registry of the National Driver's Registry by Linda Capuchino and

Isijola cannot procured a Driver's License anywhere in the United States and with that, the information goes to the other 49 States informing them that Isijola's Driver's License was suspended by New Hampshire and that Isijola's Driver's license suspension cannot emanate from Massachusetts as mentioned by Stacey K. Schultz. **(Isijola's Affidavit page 34, ¶ 165).**

174.  That Isijola informed Stacey K. Schultz, that what Isijola endured, has not been gone through by any other race, since Isijola is a minority and Isijola identify himself as a Black African American male and Isijola was shown that he does not belong in New Hampshire, and Isijola stated Stacey K. Schultz knows the truth. **(Isijola's Affidavit pages 34-35, ¶ 166).**

175.  That Isijola informed Stacey K. Schultz, that Isijola has never been convicted in any court of law in New Hampshire or in any jurisdiction in the United States of America, and Isijola still has his Driver's license and Vehicle Registration suspended. **(Isijola's Affidavit page 35, ¶ 167).**

176.  Isijola informed Stacey K. Schultz, that Isijola has never made a false statement in procuring a Driver's license and Vehicle Registration in New Hampshire and that if there should have been allegations of False Statement of Isijola procuring a False Driver's License and Registration, it should have started in 1999 when Isijola first procured his Original Driver's License and Registration and Isijola mentioned the License number in the course of the administrative hearing. **(Isijola's Affidavit page 35, ¶ 168).**

177.  Stacey K. Schultz, informed Isijola in the administrative hearing that she will hold the hearing down for 30 days, then later she said thirty business days and then she said she has under the rules, she has up to 30 days to issue an order from any hearing. **(Isijola's Affidavit page 35, ¶ 169).**

178.  Aaron R. Richards specifically requested from Stacey K. Schultz, that Isijola specifically come to Concord, New Hampshire Division of Motor Vehicles to make an appointment to show

any documents Isijola may have, to which Isijola replied that Isijola cannot come to Concord, more specifically, the Local Division of Motor Vehicles there, since Isijola does not trust Aaron R. Richards and in a latter letter, Isijola send to Stacey K. Schultz, and Isijola copied Aaron R. Richards, Isijola informed her that Aaron R. Richards wants to use that opportunity to arrest Isijola as he came to Isijola's home at various times, which is in violation of his rights found in the Fourth Amendment of the United States of America Constitution and under Part 1, Article 19, of the Bill of Rights of the New Hampshire Constitution. In the letter Isijola send to both Stacey K. Schultz and Aaron R. Richards, Isijola said that there is a reason we are doing the Video Teleconference, as Isijola requested from the New Hampshire Department of Safety, Bureau of Hearings not to come to Concord, New Hampshire, as there is no means of getting there in person as Isijola does not have his operating and registration privileges for the mobility.

**(Isijola's Affidavit pages 35-36, ¶ 170).**

179. Isijola informed Stacey K. Schultz, that he made a request to ask Aaron R. Richards the following pertinent questions, which Stacey K. Schultz said she will look at the questions to see if they were applicable, when Isijola proceed to ask the first question from Aaron R. Richards, Stacey K. Schultz did not allow him to answer Isijola's questions saying she is going to shut the Hearing down and later saying it is not applicable to the Hearing and that she is going to close the Administrative Hearing. **(Isijola's Affidavit page 36, ¶ 171).**

180. Isijola informed Stacey K. Schultz that she should include Isijola's Memorandum that has a conclusion, and Stacey K. Schultz said the Memorandum is going to be included as Exhibits in the Hearing and that everything will be included in the hearing. **(Isijola's Affidavit page 36, ¶ 172).**

181.  Stacey K. Schultz, said she will email her Order and mailed Isijola her Order sending the order to Isijola's mailing address on file, her order she is sending is for the administrative hearing held on January 20, 2022. **(Isijola's Affidavit page 36, ¶ 173).**

182.  Isijola was never provided any material to view in the Administrative Hearing held on January 20, 2022, by either by Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings nor by Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police. **(Isijola's Affidavit page 36, ¶ 174).**

183.  Isijola was informed by Stacey K. Schultz, that Isijola had Appeal rights if Isijola is aggrieved by the decision by her order that emanates from the January 20, 2022, Administrative Hearing, and  Isijola will need to appeal within 30 days of the issuance of the written order to the Superior Court of the County where Isijola established his residency in New Hampshire and she emphasized that the 30-day time limit is important. **(Isijola's Affidavit pages 36-37, ¶ 175).**

**Plaintiff's fact of receiving Hearing Examiner's Stacey K. Schultz, written decision of the Administrative Hearing of January 20, 2022**

184.  On March 1, 2022, Isijola received through his email address from the New Hampshire Department of Safety, Bureau of Hearings email addressed to Isijola in Isijola's former name, the written decision of the Hearing Examiner, Stacey K. Schultz of the New Hampshire Department of Safety, Bureau of Hearings, dated 2/25/22. **(Isijola's Affidavit page 37, ¶ 177).**

**Plaintiff's fact of receiving Notice of Restoration of privileges in his former name**

185.  On March 3, 2022, Isijola received through his mailing address, a Notice of Restoration of Isijola's Driver's License privilege and Registration privilege, addressed in Isijola's former name of Philip Israel Mark  and the Notice of Restoration Letter came from the New Hampshire Department of Safety, Division of Motor Vehicles, noting the date of notice as 2/28/2022 and

restoration time as 3:08 PM and the letter was signed by the Director of the New Hampshire Department of Safety, Division of Motor Vehicles. **(Isijola's Affidavit page 37, ¶ 178).**

**Plaintiff fact of receiving Notice of Suspension of his Driver's License in his former name**

186.  On the same date on March 3, 2022, Isijola received through his mailing address, a Notice of Suspension of Isijola's Driver's License privilege, addressed in his former name of Philip Israel Mark  and the Notice of Suspension Letter came from the New Hampshire Department of Safety, Division of Motor Vehicles, noting the date of notice as 03/01/2022 and reference number as RPC32154 and his Driving License Number that ends with 7541 and the letter was signed by the Director of New Hampshire Department of Safety, Division of Motor Vehicles. **(Isijola's Affidavit page 37, ¶ 179).**

**Plaintiff's fact of reaching out to the New Hampshire Department of Safety, Division of Motor Vehicles**

187.  On March 4, 2022, Isijola call the New Hampshire Department of Safety, Division of Motor Vehicles phone number at 603-227-4010 and inquired why the Notice of Restoration Letter is still showing in former name of Philip Israel Mark, Isijola was informed by the Division of Motor Vehicles employee that his Driver's License is still suspended and Isijola was also informed that Isijola's Registration privilege remained restored and Isijola was informed that Hearing Examiners Linda Capuchino and Stacey K. Schultz did not provide the Division of Motor Vehicles with Isijola's official name change documents on August 5, 2020, and January 20, 2022 respectively and Isijola was informed to go to the Concord location of the New Hampshire Department of Safety, Division of Motor Vehicles and Isijola should asked for Aaron R. Richards, when he get there, so he can get the name change resolved. **(Isijola's Affidavit page 38, ¶ 180).**

**Plaintiff's Filing of his Administrative Appeal with the New Hampshire Merrimack County Superior Court: County of his Legal Address pursuant to his Right found in New Hampshire Revised Statute Annotated 263:76: Brian T. Tucker was assigned as the Presiding Judge of the New Hampshire Merrimack Superior Court.**

188.  On March 24, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, Concord, New Hampshire, his Complaint for Judicial Review with a Demand for Jury Trial, appealing the decision of the Hearing Examiner, Stacey K. Schultz, Esq, of the New Hampshire Department of Safety, Bureau of Hearings, dated February 25, 2022, pursuant to Isijola's rights found in New Hampshire Revised Statute Annotated 263:76 and filing a lawsuit against New Hampshire Department of Safety, Bureau of Hearings, pursuant to New Hampshire Revised Statute Annotated 21-P:13 and 541:13 and Isijola mentioned Christopher Casko, Administrator, New Hampshire Department of Safety, Bureau of Hearings, and Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings, as Authorized Agents and Defendants and Isijola also filed a lawsuit against Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police as a Defendant pursuant to New Hampshire Revised Statute Annotated 641:5 for witness tampering and violation of Isijola's rights found in Part I, Article 19, of the State of New Hampshire Constitution. Isijola filed his Affidavit in support of his Complaint for Judicial Review, and Isijola attached his Motions and other Affidavits and important documents as Addendum to Isijola's Complaint. Isijola filed a claim amount of $25,000,000.00 as the claim amount for Isijola's Complaint for Judicial Review and Demand for Jury Trial in the New Hampshire Merrimack County Superior Court. **(Isijola's Affidavit pages 38-39, ¶ 181).**

**Plaintiff's fact as an Indigent person and granted full permission to proceed in forma Pauperis with the New Hampshire Merrimack County Superior Court in Civil Case Number 217-2022-CV-00469**

189.  On the same date of March 24, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, his Motion to waive filing fee as an Indigent person and Isijola filed his Statement of Assets and Liabilities, and Isijola filed his Affidavit in support of his Motion.to waive filing fee and his Motion to waive the filing fee as an indigent person was granted by the New Hampshire Merrimack County Superior Court. **(Isijola's Affidavit page 39, ¶ 182).**

190.  On the same day of March 24, 2022, Isijola received notification from the New Hampshire Merrimack County Superior Court, that his Motion to waive filing fee as an Indigent person was granted and Isijola Complaint for Judicial Review and Demand for Jury Trial was placed on the docket as March 24, 2022 as Civil Case Docket Number 217-2022-CV-00469 and my Case was renamed as Femi E. Isijola v. New Hampshire Department of Safety, Bureau of Hearings, et al. **(Isijola's Affidavit page 39, ¶ 183).**

191.  On April 12, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, his Motion to waive Sheriff fees as an Indigent person, to serve both New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police, the summons of Isijola's Complaint for Judicial Review and Demand for Jury Trial. **(Isijola's Affidavit page 39, ¶ 184).**

192.  On April 13, 2022, Isijola received by his email address, notification from the New Hampshire Merrimack County Superior Court, that Isijola's Motion to waive Sheriff fees as an indigent person was granted by Judicial Officer, John C. Kissinger, Jr. **(Isijola's Affidavit page 39, ¶ 185).**

**Plaintiff's filing with the United States Supreme Court, his petition for certiorari
in the matter between Elizabeth Bielecki, Director, New Hampshire Department of
Safety, Division of Motor Vehicles**

193.  On May 5, 2022, Isijola filed with the Supreme Court of the United States of America,

Isijola's petition for a writ of certiorari to the Supreme Court of New Hampshire on the matter

between Isijola and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division

of Motor Vehicles. **(Isijola's Affidavit page 40, ¶ 186).**

194.  On May 27, 2022, Isijola received a letter from the Supreme Court of the United States of

America that Isijola's petition for a writ of certiorari was placed on the Docket May 24, 2022 as

Docket Number 21-7948. **(Isijola's Affidavit page 40, ¶ 187).**

**Plaintiff's fact of providing Waiver Form to the Counsel of Record for Elizabeth Bielecki,
in the proceedings in the New Hampshire Supreme Court Case Number 2021-0045,
Jessica A. King, Assistant Attorney General, New Hampshire Department of Justice**

195.  On the same date on May 27, 2022, Isijola was provided a waiver form from the Supreme

Court of the United States of America to provide the opposing Counsel of Record in the matter

between Isijola and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division

of Motor Vehicles and the Opposing Counsel of Record that represented Elizabeth Bielecki in the

New Hampshire Supreme Court proceedings of 2021-0045 was Jessica A. King, Assistant

Attorney General, New Hampshire Department of Justice, 33 Capitol Street, Concord, New

Hampshire. **(Isijola's Affidavit page 40, ¶ 188).**

**Plaintiff's Fact, Summons and Notice of Mandatory Hearing issued to Aaron R. Richards,
Detective Sergeant, New Hampshire Department of Safety, Division of State Police and
New Hampshire Department of Safety, Bureau of Hearings**

196.  On May 13, 2022, Isijola received notification from the New Hampshire Merrimack

County Superior Court with Case Number 217-2022-CV-00469, that Summons were issued to

New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New

Hampshire Department of Safety, Division of State Police and a Notice of Mandatory Hearing, was attached to the Summons and addressed to all parties in the matter, and the parties were ordered to appear for a Hearing on the Merits in person on August 8, 2022 at 9:00 AM, at the Merrimack County Superior Court House, 5 Court Street, Concord, New Hampshire. **(Isijola's Affidavit page 40, ¶ 189).**

197. On May 14, 2022, Isijola served the New Hampshire Merrimack County Sheriff's Department at their principal office in 333 Daniel Webster Highway, Boscawen, New Hampshire, a copy of Isijola's Court's issued Summons and Isijola's Complaint for Judicial Review and Demand for Jury Trial for service upon the Defendants in the New Hampshire Merrimack County Superior Court, New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police. **(Isijola's Affidavit pages 40-41, ¶ 190).**

198. On May 20, 2022, Isijola confirmed from Danielle Smith of the New Hampshire Merrimack County Sheriff's Office located in 333 Daniel Webster Highway, Boscawen, New Hampshire, that Defendants, New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police were served with the New Hampshire Merrimack County Superior Court's issued Summons and Isijola's Complaint for Judicial Review and Demand for Jury Trial. **(Isijola's Affidavit page 41, ¶ 191).**

**Plaintiff's Fact and Claim against Jessica A. King and Anthony J. Galdieri, New Hampshire Department of Justice, Plaintiff provided Jessica A. King with the Supreme Court of the United States Waiver Form and not Anthony J. Galdieri: Violation of the Federal Due Process Clause of the Fifth Amendment and Fourteenth Amendment to the United States of America Constitution**

199.  On May 31, 2022, Isijola mailed by Certified Mail with Return Receipt Requested, a form provided by the Supreme Court of the United States of America to notify opposing Counsel of Record that Isijola's case was docketed and attached with the form is a Waiver Form that declares if the Counsel of Record does not intend to file a response and Isijola mailed both forms to Jessica A. King, Counsel of Record on behalf of Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles in the New Hampshire Supreme Court in Case Number 2021-0045 and Isijola mailed the forms naming Jessica A. King, Esq, 33 Capitol Street, Concord, New Hampshire, 03301 and Isijola copied what Isijola sent to Jessica A. King and kept the copy for his record. **(Isijola's Affidavit page 41, ¶ 192).**

200.  On June 7, 2022, upon diligently checking the public Docket Entry Report of the assigned case docketed number of 21-7948, Isijola observed that Anthony J. Galdieri, Esq, checking the box claiming he is a Counsel of Record and filing a waiver on behalf on the Respondent and the waiver form was digitally signed by him with the date and time and he represented in the waiver form, that has his printed name of Anthony J. Galdieri and his email address listed as anthony.j.galdieri@doj.nh.gov, that he sent a copy of the waiver form to Isijola's legal address. Isijola never sent any waiver form to Anthony Galdieri, and Isijola never received any copy of the waiver form that Anthony J. Galdieri falsely represented in the waiver form that he sent to Isijola's legal address. **(Isijola's Affidavit pages 41-42, ¶ 193).**

201.  Isijola has never known Anthony J. Galdieri, to be the Counsel of Record representing Elizabeth Bielecki in the proceedings in the matter between Isijola and Elizabeth Bielecki,

Director, New Hampshire Department of Safety, Division of Motor Vehicles, that was docketed as 2021-0045 with the New Hampshire Supreme Court, and he never participated in the proceedings of Case Docket Number 2021-0045 with the New Hampshire Supreme Court as Isijola has only known Jessica A. King to be the Counsel of Record in Case Docket Number 2021-0045. **(Isijola's Affidavit page 42, ¶ 194).**

**Plaintiff's Fact, misrepresentation of Counsel of Record in the United States Supreme Court, lead to quick disposal of Plaintiff's petition of writ of certiorari**

202.  On June 30, 2022, Isijola was served a copy of letter through Isijola's legal address coming from the Supreme Court of the United States of America, that Isijola's petition for a writ of certiorari to the Supreme Court of New Hampshire on the matter between Isijola and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, docketed as 21-7948, and dated June 27, 2022, was denied by the Supreme Court of the United States of America. **(Isijola's Affidavit page 42, ¶ 195).**

203.  On July 1, 2022, Isijola filed his Petition for Rehearing otherwise known as Petition for Reconsideration of the denial of Isijola's petition for certiorari with the Supreme Court of the United States of America. **(Isijola's Affidavit page 42, ¶ 196).**

**Plaintiff's Fact and Claim Against Brian T. Tucker, New Hampshire Superior Judge Plaintiff sought for reinstatement of his Driver's License with his filing of his Preliminary Injunctive Relief with the New Hampshire Merrimack County Superior Court: Violation of the Federal Due Process Clause (Arbitrary and Capricious Denial of a Preliminary Injunctive Relief) of the Fifth and Fourteenth Amendment of the United States of America Constitution**

204.  On July 5, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, my Motion for Preliminary Injunctive Relief and Isijola attached Attachments to his Motion and Memorandum of Law in the Case Docket Number 217-2022-CV-00469. **(Isijola's Affidavit page 42, ¶ 197).**

205. On July 17, 2022, Isijola filed with the New Hampshire Merrimack County Superior

Court, Isijola's Response to Defendants' Objection to Isijola's Motion for Preliminary Injunctive

Relief in the Case Docket Number 217-2022-CV-00469. **(Isijola's Affidavit page 42, ¶ 198).**

206. On August 2, 2022, Isijola was served through his email address, the New Hampshire

Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T.

Tucker denied Isijola's Motion for Preliminary Injunctive Relief, and in the denial message, he

said "the pleadings do not establish the plaintiff will likely succeed on the merits of the appeal or

that there is an immediate danger of irreparable harm from waiting for the final hearing, which is

now six days from today. In addition, the final hearing provides the plaintiff with an adequate

remedy at law. **(Isijola's Affidavit pages 43, ¶ 199).**

207. On August 4, 2022, Isijola filed with the New Hampshire Merrimack County Superior

Court, Isijola's Motion for Reconsideration pursuant to Rule 12(e) of the New Hampshire

Superior Court Civil Rules of the denial of Isijola's Motion for Preliminary Injunctive Relief by

Judicial Officer, Brian T. Tucker. **(Isijola's Affidavit page 43, ¶ 200).**

**Plaintiff's Fact of filing his Motion for Summary Judgment with Statement of Material
Facts Undisputed with Memorandum of Law with the New Hampshire Merrimack
Superior Court that was uncontested by New Hampshire Department of Safety, Bureau of
Hearings and Aaron R. Richards, Detective Sergeant, New Hampshire Department of
Safety, Division of State Police without response within 30 days pursuant to
NH RSA 491:8-a, III and IV in Civil Case Number 217-2022-CV-00469**

208. On August 6, 2022, Isijola filed with the New Hampshire Merrimack County Superior

Court, with confirmation envelope number 2497509, Isijola's Motion for Summary Judgment

attached with Memorandum of Law and two Affidavits pursuant to New Hampshire Revised

Statute Annotated 491:8-a, I and II and Rule 12(g) of the New Hampshire Superior Court Rules.

**(Isijola's Affidavit page 43, ¶ 201)**

209.  On August 7, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, with confirmation envelope number 2497514 and 2497517 and 2497518, Isijola's separate Motion for Summary Judgment of Material Undisputed Facts attached with five Affidavits and six Exhibits pursuant to Memorandum of Law and two Affidavits pursuant to New Hampshire Revised Statute Annotated 491:8-a and Rule 12(g) of the New Hampshire Superior Court Rules. **(Isijola's Affidavit page 43, ¶ 202).**

**Plaintiff's Fact and Claim Against Brian T. Tucker, Plaintiff appeared in person for the Mandatory Hearing at the Merrimack County Superior Court on August 8, 2022, at 9:00 AM and Aaron R. Richards, Stacey K. Schultz and Christopher Casko, are Defendants named in Plaintiff's Complaint for Judicial Review and Demand for Jury Trial who never appeared for the Mandatory Hearing: Violation of the Federal Due Process Clause (Arbitrary and Capricious Verbal Dismissal of Plaintiff's Complaint for Judicial Review and Demand for Jury Trial) of the Fifth and Fourteenth Amendment of the United States of America Constitution**

210.  On August 8, 2022, Isijola appeared in person, for the mandatory Hearing on the Merits, held in Court Room 2 of the Courthouse of the New Hampshire Merrimack County Superior Court located in Concord, New Hampshire and also in attendance was Isijola's Dad who accompanied Isijola to the Courthouse and in attendance was Jessica A. King. Defendants Aaron R. Richards, Stacey K. Schultz and Christopher Casko did not appear in person for this mandatory Hearing on the Merits. Judicial Officer Brian T. Tucker presided over the Hearing on the Merits. **(Isijola's Affidavit pages 43-44, ¶ 203).**

211.  Isijola introduced himself and Isijola acknowledged his Dad, who accompanied Isijola to Court Room 2 of the Courthouse of the New Hampshire Merrimack County Superior Court to Brian T. Tucker. **(Isijola's Affidavit page 44, ¶ 204).**

212.  At the early minutes of the Hearing on the Merits held on August 8, 2022, Isijola informed both Brian T. Tucker and Jessica A. King that on August 6, 2022 and August 7, 2022 respectively, that Isijola filed his Motion for Summary Judgment accompanied with a

Memorandum of Law and separate Statement of Material Facts that is Undisputed and Isijola attached Affidavits and Exhibits to his Motion for Summary Judgment and Statement of Material Facts that is undisputed. **(Isijola's Affidavit page 44, ¶ 205).**

213.  Isijola gave to Brian T. Tucker, after Isijola's statement that Isijola file his Motion for Summary Judgment and separate Statement of Material Facts that is Undisputed, Isijola's original copy of his Affidavit based upon facts within his own personal knowledge of admissible facts for his Motion for Summary Judgment pursuant to New Hampshire Revised Statute Annotated 491:8-a, II. **(Isijola's Affidavit page 44, ¶ 206).**

214.  During the August 8, 2022, Hearing of the Merits proceedings, Isijola argued that there were Errors of Law and that Isijola's suspension of his Driver's License should be vacated and that the decision of the Hearing Examiner, Stacey K. Schultz, of the New Hampshire Department of Safety, Bureau of Hearings was unreasonable, unlawful and unjust and that Isijola cannot reinstate his Driver's License by himself. Isijola argued about Due Process and Materiality of Law, and Isijola pray for relief that the decision of Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings be vacated, and that Isijola's Driver's License be restored. **(Isijola's Affidavit page 44, ¶ 207).**

215.  After Isijola's argument on the various topics, Brian T. Tucker, in the courthouse verbally dismissed Isijola's Complaint for Judicial Review and Isijola immediately informed Brian T. Tucker that he objected to the verbal dismissal of Isijola's Complaint by him. **(Isijola's Affidavit page 45, ¶ 208).**

216.  On August 9, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision and Order that, Judicial Officer, Brian T. Tucker, granted Defendant Aaron R. Richards, Detective Sergeant, New Hampshire

Department of Safety, Division of State Police to be dismissed as a Defendant, despite the fact that Defendant Aaron R. Richards did not appeared for the mandatory in person hearing of the Hearing on the Merits held at the Courthouse of the New Hampshire Merrimack County Superior Court on August 8, 2022, and Brian T. Tucker affirmed Hearing Examiner Stacey K. Schultz's determination that Isijola should go to the New Hampshire Department of Safety, Division of Motor Vehicles to restored Isijola Driver's License by himself. Brian T. Tucker never considered any of Isijola's Oral Argument that he argued in person at Courtroom 2 of the New Hampshire Merrimack County Superior Court on August 8, 2022, and never considered any of Isijola's Affidavits filed with the New Hampshire Merrimack County Superior Court since the proceedings of Civil Case Number 217-2022-CV-00469 started on March 24, 2022, which was in violation of Rule 11(b) of the New Hampshire Superior Court Rules. **(Isijola's Affidavit page 45, ¶ 209).**

217.  On August 13, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, Isijola's timely Motion for Reconsideration of the Memorandum of Decision and Order of Brian T. Tucker, served to Isijola on August 9, 2022, and Isijola attached two affidavits and three Exhibits to his timely Motion for Reconsideration. **(Isijola's Affidavit page 45, ¶ 210).**

**Plaintiff's Petition for Reconsideration with the Supreme Court of the United States disposed by the Supreme Court of the United States put an end to the proceedings of Case Docket Number 2021-0045 and 217-2020-CV-00533 of the New Hampshire Supreme Court and New Hampshire Merrimack County Superior Court respectively**

218.  On August 25, 2022, Isijola was served a copy of a letter through Isijola's legal address coming from the Supreme Court of the United States of America, that Isijola's petition for rehearing or otherwise known as a petition for reconsideration in the matter between Isijola and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles,

docketed as 21-7948, and dated August 22, 2022, was denied by the Supreme Court of the

United States of America. **(Isijola's Affidavit pages 45-46, ¶ 211).**

**Plaintiff's Claim Against Brian T. Tucker, New Hampshire Superior Court Judge
of the New Hampshire Merrimack County Superior Court: Arbitrary and Capricious
Action in violation of the Federal Due Process Clause of the Fifth Amendment and
Fourteenth Amendment to the United States of America Constitution**

219.  On August 30, 2022, Isijola was served through his email address, the New Hampshire

Merrimack County Superior Court Clerk's Notice of Decisions that, Judicial Officer, Brian T.

Tucker denied four of Isijola's pleadings that were Motions of Reconsiderations, two of the

pleadings were notated denied without elaborations, on Isijola's pleading on reconsideration on

bad faith filings by the Defendants, Brian T. Tucker denied the pleading and stated that he

declined to sanction the Defendants due to Isijola's Appeal and on the pleading on the

reconsideration of Isijola's preliminary injunctive relief, he denied the pleading as moot. All of

Brian T. Tucker's decisions are always clearly notated as Denied, Granted or Mooted. **(Isijola's**

**Affidavit page 46, ¶ 212).**

220.  On the same day on August 30, 2022, Isijola was served through his email address, the

New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial

Officer, Brian T. Tucker did not notate a denial or grant on my timely motion for reconsideration

filed on August 13, 2022, on his Memorandum of Decision and Order entered on August 9, 2022,

as he clearly does on my other pleadings that he rules upon. **(Isijola's Affidavit page 46, ¶ 213).**

221.  On September 8, 2022, Isijola filed with the New Hampshire Merrimack County Superior

Court, his Motion to recuse Judicial Officer Brian T. Tucker from Case Number 217-2022-CV-

00469 pursuant to Article 35 of the New Hampshire Constitution and pursuant to Rule 12(f) of

the New Hampshire Superior Court Rules. **(Isijola's Affidavit page 46, ¶ 214).**

222. On the same date of September 8, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, his Motion to Request the Transcript of August 8, 2022, Hearing on the Merits held in the Courthouse of the New Hampshire Merrimack County Superior Court, pursuant to Rule 12(f) of the New Hampshire Superior Court Rules on Isijola's grounds to recuse Brian T. Tucker from Case Number 217-2022-CV-00469. **(Isijola's Affidavit pages 46-47, ¶ 215).**

223. On October 4, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, his Motion for Clarification why Defendant, Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police name is missing as a Defendant from the entitled case number 217-2022-CV-00469 without Notification from the Court and the why the Pending Motions have been ruled on and Isijola's Notice of Intent to formally report Brian T. Tucker to the Judicial Conduct Committee of the State of New Hampshire. **(Isijola's Affidavit page 47, ¶ 216).**

**Plaintiff's Claim Against Brian T. Tucker, Violation of the Federal Due Process Clause (Arbitrary and Capricious Denial of Transcript to an Indigent Person) in violation of the Fifth Amendment and Fourteenth Amendment to the United States Constitution**

224. On October 5, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that Judicial Officer Brian T. Tucker denied his Motion to waive Transcript Fees and Costs. **(Isijola's Affidavit page 47, ¶ 217).**

225. On the same date on October 5, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied his Motion to Request Transcript of August 8, 2022, Hearing on the Merits held in the Courthouse of New Hampshire Merrimack County Superior Court

pursuant to Rule 12(f) of the New Hampshire Superior Court Rules on grounds of recusal of Brian T. Tucker from Case Number 217-2022-CV-00469. **(Isijola's Affidavit page 47, ¶ 218).**

226.  On October 11, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that Judicial Officer, Brian T. Tucker mooted his Motion for Summary Judgment. **(Isijola's Affidavit page 47, ¶ 219).**

227.  On the same date of October 11, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied his Motion for the Court to rule on his Motion for Summary Judgment, the last pending Motion to be ruled upon, pursuant to New Hampshire Revised Statute Annotated 491:8-a, I and III in Civil Case Number 217-2022-CV-00469. **(Isijola's Affidavit pages 47-48, ¶ 220).**

228.  On the same date of October 11, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied his Motion to Recuse Brian T. Tucker from Civil Case Number 217-2022-CV-00469. **(Isijola's Affidavit page 48, ¶ 221).**

229.  On October 14, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, his Motion to Reconsider Brian T. Tucker's denial of his Motion to waive Transcript Fees and Costs and Isijola attached Exhibits to his Motion for Reconsideration. **(Isijola's Affidavit page 48, ¶ 222).**

230.  On October 14, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, his Motion to Reconsider Brian T. Tucker's denial of his Motion to Request Transcript of August 8, 2022, Hearing on the Merits held in the Courthouse of New Hampshire Merrimack County Superior Court pursuant to Rule 12(f) of the New Hampshire Superior Court Rules on

grounds of recusal of Brian T. Tucker from Case Number 217-2022-CV-00469 and Isijola attached other documents to his Motion for Reconsideration. **(Isijola's Affidavit page 48, ¶ 223).**

231.  On October 17, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, his Motion to Reconsider Brian T. Tucker's mooting his Motion for Summary Judgment and attaching his Affidavits in support and Memorandum of Law and also Isijola's Appendix in support. **(Isijola's Affidavit page 48, ¶ 224).**

232.  On October 19, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied his Motion to Reconsider the Court's Denial of his Motion to Request Transcript of August 8, 2022, Hearing on the Merits held in the Courthouse of the New Hampshire Merrimack County Superior Court pursuant to Rule 12(f) of the New Hampshire Superior Court Rules. **(Isijola's Affidavit pages 48-49, ¶ 225).**

233.  On the same date of October 19, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied his Motion to Reconsider the Court's Denial of his Motion to waive August 8, 2022, Transcript Fees and Costs. **(Isijola's Affidavit page 49, ¶ 226).**

234.  On October 19, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, his Motion to Reconsider Brian T. Tucker's denial of his Motion for the Court to Rule on his Motion for Summary Judgment, the last pending Motion to be ruled upon, pursuant to New Hampshire Revised Statute Annotated 491:8-a, I and III in Civil Case Number 217-2022-CV-00469 and Isijola's attached his Memorandum of Law and other documents to his Motion for Reconsideration. **(Isijola's Affidavit page 49, ¶ 227).**

235.  On October 21, 2022, Isijola filed with the New Hampshire Merrimack County Superior Court, his Motion to Reconsider Brian T. Tucker's mooting his Motion for Summary Judgment and attaching his Memorandum of Law and other documents to Isijola's Motion for Reconsideration. **(Isijola's Affidavit page 49, ¶ 228).**

**Plaintiff's Fact on Brian T. Tucker's disposal of his timely Motion for Reconsideration of his Mootness of Plaintiff's Motion for Summary Judgment filed on August 6, 2022, and August 7, 2022, before New Hampshire Merrimack County Superior Court's Mandatory Hearing on the Merits held on August 8, 2022.**

236.  On November 2, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied his Motion to Reconsider the Court's Mootness of his Motion for Summary Judgment filed pursuant to New Hampshire Revised Statute Annotated 491:8-a, III and Rule 12(g) of the New Hampshire Superior Court Rules. **(Isijola's Affidavit page 49, ¶ 229).**

237.  On the same date on November 2, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied his Motion to Reconsider the Court's denial of his Motion for the Court to rule on my Motion for Summary Judgment, the last pending Motion to be ruled upon, pursuant to New Hampshire Revised Statute Annotated 491:8-a, I and III in Civil Case Number 217-2022-CV-00469. **(Isijola's Affidavit pages 49-50 ¶ 230).**

238.  On the same date on November 2, 2022, Isijola was served through his email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied his Motion to Reconsider the Court's denial of his Motion to Recuse Brian T. Tucker's from Civil Case Number 217-2022-CV-00469 pursuant to Rule 12(f) of the New Hampshire Superior Court Rules. **(Isijola's Affidavit page 50, ¶ 231).**

**Plaintiff's Fact of filing with the New Hampshire Judicial Conduct Committee on Brian T. Tucker's Judicial Misconduct on August 8, 2022, Hearing on the Merits held in Courtroom 2 of the Courthouse of the New Hampshire Merrimack County Superior Court**

239.  On November 10, 2022, Isijola filed with the New Hampshire Merrimack County

Superior Court, his Notice of Filing of Judicial misconduct with the Judicial Conduct Committee

of the State of New Hampshire. **(Isijola's Affidavit page 50, ¶ 232).**

**Plaintiff's Fact of Filing his Notice of Mandatory Appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules within 30 days of the disposal of his timely Motion for Reconsideration of the mootness of his Motion for Summary Judgment to the New Hampshire Supreme Court and concurrent with the New Hampshire Merrimack County Superior Court (within 30 days of November 2, 2022)**

240.  On December 1, 2022, Isijola filed with the New Hampshire Merrimack County Superior

Court, his Notice of Mandatory Appeal to the Supreme Court of New Hampshire pursuant to

Rule 7 of the New Hampshire Supreme Court Rules within thirty days on his timely motion for

reconsideration of Brian T. Tucker's denial on November 2, 2022 of Isijola's timely motion for

reconsideration of his mootness of Isijola's  Motion for Summary Judgment that was attached

with Affidavits and separate Statement of Material Facts that is undisputed. **(Isijola's Affidavit**

**page 50, ¶ 233).**

241.  On the same date of December 1, 2022, Isijola filed his Notice of Mandatory Appeal with

the New Hampshire Supreme Court pursuant to his right found in Rule 7 of the New Hampshire

Supreme Court Rules, from the Decision of the Merits of the New Hampshire Superior Court

after the Hearing on the Merits held on August 8, 2020, and Isijola included with his Notice of

Mandatory Appeal, the New Hampshire Superior Court Clerk's Notice of Decision of the Denial

of Isijola's timely Motion for Reconsideration of Brian T. Tucker's Mootness of his Motion for

Summary Judgment pursuant to Rule 12(e) of the New Hampshire Superior Court Rules, dated

November 2, 2022, (11/02/2022) and the New Hampshire Superior Court Clerk's Notice of

Decision of Brian T. Tucker's Mootness of Isijola's Motion for Summary Judgment, dated October 11, 2022, (10/11/2022) and other timely post-decisions. **(Isijola's Affidavit pages 50-51, ¶ 234).**

**Plaintiff's Fact as an Indigent person, and his Motion to waive filing fee was granted by the New Hampshire Supreme Court in Case Number 2022-0678**

242. On the same date of December 1, 2022, Isijola filed with the New Hampshire Supreme Court his Motion to waive filing fee as an Indigent person, and Isijola filed an affidavit of indigency in support of his motion as well as his affidavit of assets and liabilities. Isijola also filed an additional appendix of orders denied, granted or not ruled upon. **(Isijola's Affidavit page 51, ¶ 235).**

243. On December 1, 2022, Isijola received notification from the New Hampshire Supreme Court, that his Motion to waive filing fees as an Indigent person was approved and the matter between him and the New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police was docketed as Case Number 2022-0678. **(Isijola's Affidavit page 51, ¶ 236).**

**Plaintiff's Fact of appearance of Jessica A. King, Esq as Counsel for the New Hampshire Department of Safety, Bureau of Hearings in Case Docket Number 2022-0678**

244. On December 5, 2022, Isijola was served through his email address, the New Hampshire Supreme Court Clerk's Notice that, Jessica A. King appeared as Counsel for New Hampshire Department of Safety, Bureau of Hearings in the matter between Isijola and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police, docketed as Case Number 2022-0678. **(Isijola's Affidavit page 51, ¶ 237).**

245.  On the same date on December 5, 2022, Isijola filed with the New Hampshire Supreme

Court his Record on Appeal in the matter between Isijola and New Hampshire Department of

Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety,

Division of State Police that chronologically showed the procedural history of Case Number

217-2022-CV-00469 emanating from the New Hampshire Merrimack County Superior Court.

**(Isijola's Affidavit page 51, ¶ 238).**

**Plaintiff's Fact and Claim Against Timothy A. Gudas, Clerk of the Court of E-filing Blocked Access to the New Hampshire Supreme Court E-filing System, Violation of the Federal Due Process Clause (Arbitrary and Capricious Denial of Access to the Court) of the Fifth Amendment and Fourteenth Amendment of the United States Constitution**

246.  On December 7, 2022, Isijola reported to Lin Willis, the Deputy Clerk of the New

Hampshire Supreme Court that Isijola was receiving an Error Message that prevents Isijola from

filing electronically with the New Hampshire Supreme Court's E-Filing System on December 6,

2022, and Isijola attached a screenshot of the errors that Isijola was receiving when Isijola tried

to electronically file with the New Hampshire Supreme Court's E-Filing System. **(Isijola's**

**Affidavit page 52, ¶ 239).**

247.  On the same day of December 7, Isijola received an email message from Lin Willis

informing Isijola that his Appendix of Transcript and Affidavit dated 12-06-2022 has been

manually docketed in Case Number 2022-0678 in the matter between Isijola and New

Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, Detective

Sergeant, New Hampshire Department of Safety, Division of State Police. **(Isijola's Affidavit**

**page 52, ¶ 240).**

248.  On the same day of December 7, 2022, Isijola emailed Jessica A. King and the email of

the Office of the New Hampshire Attorney General to informed them that Isijola's Appendix of

Transcript (01/20/2022) and Affidavit of Hearings on the Merits Facts (08/08/2022) were

manually imputed by the New Hampshire Supreme Court due to system error of the e-filing

system that occurred on December 6, 2022 (12-06-2022) and Isijola attached a copy of the screen

shot of Case Number 2022-0678 and the Appendix of documents that was manually imputed on

December 7, 2022. **(Isijola's Affidavit page 52, ¶ 241).**

**Plaintiff's Fact of Docket Number JC-22-062-G from New Hampshire Judicial Conduct
Committee of filing of report of Judicial Committee on Brian T. Tucker**

249.  On December 19, 2022, Isijola received through his mailing address, from the New

Hampshire Judicial Conduct Committee, dated December 14, 2022, that his report of Judicial

misconduct on Brian T. Tucker was docketed as JC-22-062-G and Isijola never received any

response on this Isijola's filing of Judicial Misconduct from Brian T. Tucker. **(Isijola's Affidavit**

**page 52, ¶ 242).**

**Plaintiff's Fact of Notification of Docketing Case Number 2022-0678 from the New
Hampshire Supreme Court**

250.  On December 21, 2022, Isijola was served through his email address, the New Hampshire

Supreme Court Clerk's Notice of Docketing of Case Number 2022-0678 on December 1, 2022,

and Mandatory E-Filing Notice and other parties copied were Jessica A. King and New

Hampshire Attorney General. **(Isijola's Affidavit pages 52-53, ¶ 243).**

**Plaintiff's Fact of receiving from the New Hampshire Supreme Court, the same day of a
Notice of Docketing of Case Number 2022-0678, an Order from the New Hampshire
Supreme Court that both parties filed a Brief Memorandum on timeliness of Appeal**

251.  On the same date of December 21, 2022, Isijola was served through his email address, the

New Hampshire Supreme Court Clerk's Notice of Order from the New Hampshire Supreme

Court that on or before January 5, 2023, Isijola shall, and any other party may, file a brief

memorandum addressing whether Isijola's appeal is timely filed, and other parties copied were

Jessica A. King and New Hampshire Attorney General. **(Isijola's Affidavit page 53, ¶ 244).**

**Plaintiff's Fact and Claim Against Timothy A. Gudas, Clerk of the Court of E-filing Blocked Access to the New Hampshire Supreme Court E-filing System, Violation of the Federal Due Process Clause (Arbitrary and Capricious Denial of Access to the Court) of the Fifth Amendment and Fourteenth Amendment of the United States Constitution**

252.  On the same date of December 21, 2022, Isijola sent an email message to Timothy A. Gudas, Clerk of the New Hampshire Supreme Court and copied Jessica A. King and the email of the Office of the New Hampshire Attorney General, that Isijola e-filing access to submit electronically was blocked after Jessica A. King, Esq, made entry to represent the New Hampshire Department of Safety, Bureau of Hearings on December 5, 2022, as Isijola wanted to submit an Appendix on December 6, 2022, and Isijola's experience in wanting to file electronically was very suspicious. Isijola expressed optimism that the problem to file electronically is fixed so Isijola can file by electronic E-filing through the New Hampshire Supreme Court E-Filing System. Earlier in the day Isijola was served with an Order by the New Hampshire Supreme Court that Isijola should a Brief Memorandum on or before January 5, 2023, on why Isijola's Appeal is timely. **(Isijola's Affidavit page 53, ¶ 245).**

253.  On December 27, 2022, Isijola filed his Brief Memorandum with the New Hampshire Supreme Court and Isijola attached his Appendix in support of his Brief Memorandum. **(Isijola's Affidavit page 53, ¶ 246).**

254.  On December 28, 2022, Isijola received notification from the New Hampshire Supreme Court, that his Brief Memorandum attached with Appendix has been approved for docketing by the New Hampshire Supreme Court Clerk. **(Isijola's Affidavit page 53, ¶ 247).**

255.  On January 5, 2023, Isijola was served through his email address, the New Hampshire Supreme Court Clerk's Notice that Defendants, New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, represented by Jessica A. King filed a Brief Memorandum. **(Isijola's Affidavit page 54, ¶ 248).**

256. On the same day on January 5, 2023, Isijola filed with the New Hampshire Supreme Court his response to the Defendants' Brief Memorandum attached with Appendix in support of my Response to the Defendants' Brief Memorandum. **(Isijola's Affidavit page 54, ¶ 249).**

257. On January 6, 2023, Isijola received notification from the New Hampshire Supreme Court, that his Response to the Defendants' Brief Memorandum attached with Appendix in support of Isijola's Response to the Defendants' Brief Memorandum has been approved for docketing by the New Hampshire Supreme Court Clerk. **(Isijola's Affidavit page 54, ¶ 250).**

**Plaintiff's Fact and Claim Against Patrick Donovan, New Hampshire Supreme Court Judge dismissing Plaintiff's timely Notice of Appeal, despite the fact that the New Hampshire Supreme Court invited both parties to file a Brief Memorandum, Plaintiff's timely Notice of Mandatory Appeal was dismissed by Single Justice Patrick Donovan: Violation of the Federal Due Process Clause (Arbitrary and Capricious dismissal of a timely Notice of Mandatory Appeal) of the Fifth Amendment and Fourteenth Amendment to the United States of America Constitution**

258. On January 10, 2023, Isijola was served through his email address, the New Hampshire Supreme Court Clerk's Notice of Final Order dismissing his timely Appeal by Single Justice Patrick Donovan in the matter between Isijola and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police, docketed as Case Number 2022-0678. **(Isijola's Affidavit page 54, ¶ 251).**

**Plaintiff's Fact of filing a Motion to Reconsider Single Justice Patrick Donovan's Action to the Full Court of the New Hampshire Supreme Court pursuant to Rule 21(9) of the New Hampshire Supreme Court Rules**

259. On January 11, 2023, Isijola filed with the New Hampshire Supreme Court, his Motion for Reconsideration and attached his Appendices in support of his Motion to Reconsider, of Single Justice Patrick Donovan's dismissal of Isijola's timely Mandatory Appeal to the Full Court of the New Hampshire Supreme Court pursuant to Rule 21(9) of the New Hampshire

Supreme Court Rules that states a motion to reconsider an order issued by a Single Justice shall

be referred to the Court for decision. **(Isijola's Affidavit page 54, ¶ 252).**

260. On January 11, 2023, Isijola received notification from the New Hampshire Supreme

Court, that his Motion to Reconsider Single Justice Patrick Donovan's Order attached with

Appendices has been approved for docketing by the New Hampshire Supreme Court Clerk.

**(Isijola's Affidavit page 55, ¶ 253).**

**Plaintiff's Fact that the Appellees, New Hampshire Department of Safety, Division of
Bureau of Hearings and Aaron R. Richards, New Hampshire Department of
Safety, Division of State Police's Objection to Plaintiff's Motion for Reconsideration
was filed in violation to Rule 22(3) of the New Hampshire Supreme Court Rules
when the New Hampshire Supreme Court never requested such an Answer or Objection**

261. On January 19, 2023, Isijola was served through his email address, the New Hampshire

Supreme Court Clerk's Notice of Appellees, New Hampshire Department of Safety, Bureau of

Hearings and Aaron R. Richards, represented by Jessica A. King filed an Objection to Isijola's

Motion to Reconsider Single Justice Patrick Donovan's Order to Dismiss Isijola's timely

Mandatory Appeal filed with New Hampshire Supreme Court on December 1, 2022 to the Full

Court pursuant to Rule 21(9) of the New Hampshire Supreme Court Rules. **(Isijola's Affidavit**

**page 55, ¶ 254).**

262. On the same date of January 19, 2023, Isijola filed with the New Hampshire Supreme

Court, his Motion to Strike Appellees, New Hampshire Department of Safety, Bureau of

Hearings and Aaron R. Richards Objection to Isijola's Motion to Reconsider Single Justice

Patrick Donovan's Order to Dismiss Isijola's timely Mandatory Appeal filed with the New

Hampshire Supreme Court on December 1, 2022, for being in violation of Rule 22(3) of the New

Hampshire Supreme Court Rules that states "No answer to a motion for rehearing or

reconsideration shall be required unless requested by the Court." And Isijola's Motion to strike

the Appellees' Objection to Isijola's timely Motion for Reconsideration was due to the fact, the

New Hampshire Supreme Court did not request the Appellees to file an answer. **(Isijola's**

**Affidavit page 55, ¶ 255).**

**Plaintiff's Fact and Claim Against Patrick Donovan, Anna Barbara Hantz Marconi, James Bassett and Gary Hicks dismissing Plaintiff's timely Notice of Mandatory Appeal of Case Docket Number 2022-0678 with a Mandate and not accepting Plaintiff's timely Notice of Mandatory Appeal of Case Number 2022-0678: Violation of the Federal Due Process Clause (Arbitrary and Capricious dismissal of a timely Notice of Mandatory Appeal and not accepting a timely Notice of Mandatory Appeal) of the Fifth Amendment and Fourteenth Amendment of the United States of America Constitution. Patrick Donovan was also included among the Judicial Officers to reconsider his own decision that Plaintiff appeal to the Full Court of the New Hampshire Supreme Court pursuant to Rule 21(9) of the New Hampshire Supreme Court Rules.**

263.  On January 31, 2023, Isijola was served through his email address, the New Hampshire

Supreme Court Clerk's Notice of Order of the Full Court denying his timely Motion to

Reconsider of Single Justice Patrick Donovan's Order dismissing his timely Mandatory Appeal

in the matter between Isijola and New Hampshire Department of Safety, Bureau of Hearings and

Aaron R. Richards, New Hampshire Department of Safety, Division of State Police, docketed as

Case Number 2022-0678 and denying Isijola's Motion to Strike Defendants or otherwise known

as Appellees Objection to Isijola's Motion for Reconsideration. Despite the fact Isijola filed a

Motion for Reconsideration of Single Justice Patrick Donovan's Order of Dismissal of Isijola's

timely Mandatory Appeal to the Full Court of Judicial Officers, Anna Barbara Hantz Marconi,

James Bassett and Gary Hicks, and Patrick Donovan was also included as part of the Judicial

Officers that participated in Isijola Motion to Reconsider his Order of Dismissal of my timely

Mandatory Appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules. **(Isijola's**

**Affidavit pages 55-56, ¶ 256).**

264. On the same date of January 31, 2023, a Mandate was issued by the New Hampshire Supreme Court on both the Order denying Isijola's Motion for Reconsideration with Relief requested in his Motion for Reconsideration and the Order dismissing his timely Mandatory Appeal by Single Justice Patrick Donovan, entered on January 10, 2023, and was signed by the Clerk of the New Hampshire Supreme Court, Timothy A. Gudas. **(Isijola's Affidavit page 56, ¶ 257).**

**Plaintiff's Claim Against Timothy A. Gudas, Patrick Donovan, Anna Barbara Hantz Marconi, James Bassett and Gary Hicks not accepting Plaintiff's timely Notice of Mandatory Appeal of Case Number 2022-0678: Violation of the Federal Due Process Clause (Arbitrary and Capricious action of not accepting a timely Notice of Mandatory Appeal) of the Fifth Amendment and Fourteenth Amendment of the United States of America Constitution.**

265. Isijola's right to Mandatory Appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules was not accepted by the persons of Timothy A. Gudas, Patrick Donovan, Barbara Hantz Marconi, James Bassett and Gary Hicks, as Gordon MacDonald disqualify himself from Isijola's Mandatory Appeal and despite the fact Isijola's Appeal was timely after the disposition of his timely Motion for Reconsideration of  Brian T. Tucker's mooted Motion for Summary Judgment on November 2, 2022 and Isijola filed his timely Mandatory Appeal on December 1, 2022 within thirty (30) days of that disposition and despite the fact a Mandate was issued on Case Docket Number 2022-0678, it cannot be found as a Case Number disposed in the New Hampshire Supreme Case Orders, as the actions of the Court Officers of the New Hampshire Supreme Court were Arbitrary and Capricious. **(Isijola's Affidavit page 56, ¶ 258).**

## THE CONSTITUTIONAL RIGHT TO PROCEDURAL DUE PROCESS

266. In Lillios v. Justices of the New Hampshire District Court; New Hampshire Superior Court; New Hampshire Supreme Court; Robert K. Turner; Director of Motor Vehicles, 735 F. Supp. 750 (1990), the District Court of New Hampshire explained that the right to drive is a

protected liberty interest which cannot be denied or curtailed by a state without due process of law.

267.  The Court of Appeals for the First Circuit further explained in Raper v. Lucey, 488 F.2d 748, 752 (1st Circle, 1973) that the application of the Fourteenth Amendment of the United States Constitution due process protection of the right to drive is used in the pursuit of business and pleasure.

268.  In Amsden v. Moran, 904 F.2d 748 (1990), the Court of Appeals for the First Circuit stated that "procedural due process" is simply "a guarantee of fair procedure."

269.  In Bell v. Burson, 402 U.S. 535, 339 (1971), the Supreme Court of the United States of America stated that Driver's Licenses, once issued, "may be essential in the pursuit of a livelihood," a state may not suspend a Driver's License without providing the licensee the procedural due process required by the Fourteenth Amendment of the United States Constitution.

270.  In Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14L. Ed.2d 62 (1965), the Supreme Court of the United States of America stated that the basic purport of the constitutional requirement is that, before a significant deprivation of liberty or property takes place at the state's hands, the affected individual must be forewarned and afforded an opportunity to heard at a meaningful time and in a meaningful manner.

## THE CONSTITUTIONAL RIGHT TO UNFOUNDED INVASIONS OF LIBERTY AND PRIVACY

271.  In Johnson v. United States, 333 U.S. 10, 13-14 (1948), the Supreme Court of the United States of America, stated in order to implement the Fourth Amendment of the United States Constitution's protections against unfounded invasions of liberty and privacy, it has required that the existence of probable cause be decided by a neutral and detached magistrate.

## ISIJOLA DAMAGES

272.  After going to about three years that Isijola has been deprived his Driver's License, his ability to earned commissions as an ADT Outside salesperson selling Alarm Systems and to residential homes and commercial businesses was diminished as his right to operate a motor vehicle was taken away from him, as he could not use his property interest of a Driver's license to pursuit his livelihood and business.

273.  Isijola's employer informed him, that given the fact, that mobility is the key factor in visiting residential homes and commercial businesses to sell ADT Alarms Systems, and because Isijola was unable to move freely and meet his commissionable sales goals, he can no longer work for the company.

274.  As a direct proximate cause of Defendants' unlawful conduct, Isijola has suffered a loss of the gainful employment he has held for four years and all its attendant pay, benefits and opportunities for future advancement. Isijola has suffered extreme emotional distress, emotional distress, emotional suffering and mental anguish.

275.  Isijola is entitled to compensatory and punitive damages, as the actions of the New Hampshire Department of Safety Defendants were motivated by evil motive or intent and/or involved reckless or callous indifference to the federally protected rights of Plaintiff makes compensatory and punitive damages appropriate.

276.  Each of the aforementioned acts by each Defendant directly and proximately caused Isijola: violation of civil rights, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great and extreme mental anguish.

## CLAIMS FOR RELIEF

### COUNT I
### 42 U.S.C. § 1983 – VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES OF AMERICA CONSTITUTION (VIOLATION OF THE DUE PROCESS CLAUSE) (PROCEDURAL DUE PROCESS) (AGAINST ALL DEFENDANTS)

277.  All prior paragraphs are incorporated, as though fully set forth herein.

278.  The Fourteenth Amendment to the United States of America Constitution prohibits violations against constitutionally protected due process rights of Isijola.

279.  The Fourteenth Amendment to the United States of America Constitution is applied to the States.

280.  Under the Fourteenth Amendment to the United States of America Constitution, there is a clearly established right which is established by not depriving any person to life, liberty or property without due process of law

281.  Under 42 U.S.C. § 1983, every person acting under color of state law who deprives another of his or her constitutional rights is also liable at law, and in equity.

282.  Defendant Bielecki violated Isijola's clearly established rights under the Fourteenth Amendment to the United States of America Constitution, when Isijola's due process requires that notice and opportunity to be heard precede any significant deprivation of Isijola's property or his liberty interest before suspension of his New Hampshire REAL ID Compliant Driver's License.

283.  Defendants Bielecki, Capuchino and Schultz violated Isijola's clearly established rights under the Fourteenth Amendment to the United States of America Constitution, when they deprive Isijola his right to operate his Motor Vehicle and in the process applied criminal motor vehicle law codes in suspending innocent Isijola's Driver's license and his registration certificate.

284. Defendants Capuchino, Schultz and Quinn violated Isijola's clearly established rights under the Fourteenth Amendment of the United States of America Constitution, when they failed to forward Isijola's official document of his change of name with the New Hampshire Department of Safety, Division of Motor Vehicles provided to Defendant Capuchino on August 5, 2022, and forwarded on January 13, 2022, to Defendants Schultz and Quinn and in the process leaving the Driving Report and Record in Isijola's former name of Philip Israel Mark, thereby contributing to deprive Isijola of his liberty and property without due process of law.

285. The New Hampshire Department of Safety Defendants violated Isijola's clearly established rights under the Fourteenth Amendment to the United States of America Constitution because deprivation of Isijola's New Hampshire REAL ID Compliant Driver's License directly affects Isijola's ability to earn a livelihood and impact on his liberty to move from place to place.

286. Defendant Quinn failure to train the New Hampshire Department of Safety Defendants directly resulted in the violation of Isijola's Fourteenth Amendment rights of the United States of America Constitution by Defendants, Department of Safety, Richards, Capuchino, Schultz and Casko.

287. Defendant Blaszka violated Isijola's clearly established rights under the Fourteenth Amendment to the United States of America Constitution by misrepresenting to Isijola that he was Isijola's Counsel in an Administrative Hearing held on August 5, 2020, but instead Blaszka was representing Defendant Richards, a witness for the New Hampshire Department of Safety, making Blaszka an agent of the New Hampshire Department of Safety, thereby contributing to deprive Isijola of his liberty and property without due process of law.

288. Defendant Buckman violated Isijola's clearly established rights under the Fourteenth Amendment of the United States of America Constitution, by granting Defendant Richards, his

application for issuance of an arrest warrant, despite working in the Office of the Director of the New Hampshire Department of Safety, Division of Motor Vehicles as a Supervisor and not being a detached and neutral justice of the peace, thereby contributing to deprive Isijola of his liberty and property without due process of law.

289. Defendants Kings and Casko violated Isijola's clearly established rights under the Fourteenth Amendment of the United States of America Constitution, by filing a Motion to Seal Isijola's records in both New Hampshire Supreme Court and New Hampshire Merrimack County Superior Court, despite reaching out to Isijola and Isijola clearly stated he does not want his records sealed in both courts in the matter between Isijola and Bielecki in New Hampshire Supreme Court Case Number 2021-0045 and New Hampshire Merrimack County Superior Court Case Number 217-2020-CV-00533, despising Isijola rights to having his records unsealed and in the process violating the constitutionally protected due process rights of Isijola.

290. Defendant Schulman violated Isijola's clearly established rights under the Fourteenth Amendment to the United States of America Constitution, by knowing in an Hearing on the Merits held on December 3, 2020, that Isijola's Driver's License suspension and Registration suspension is not in the New Hampshire Statutes and failing to mentioned anything about restoring Isijola's Driver's License suspension and Registration suspension in his Order received by Isijola on January 27, 2021 and that he dated January 26, 2021, thereby contributing to deprive Isijola of his liberty and property without due process of law.

291. Defendant Galdieri violated Isijola's clearly established rights under the Fourteenth Amendment of the United States of America Constitution because he misrepresented he was a Counsel of Record for Elizabeth Bielecki in Case Docket Number 21-7948 with the Supreme Court of the United States of America, and he never participated in the case between Bielecki

and Isijola in the proceedings of Case Number 2021-0045 with the New Hampshire Supreme

Court, which violated Isijola's due process right, making the Supreme Court of the United States

of America, make a quick disposal of the matter between Isijola and Bielecki.

292.  Defendant Tuckman violated Isijola's clearly established rights under the Fourteenth

Amendment to the United States of America Constitution because in a pleading of Isijola's that

he denied on August 2, 2022, he stated Isijola will have adequate remedy at law at the upcoming

mandatory Hearing scheduled for August 8, 2022, at the Courthouse of the New Hampshire

Merrimack County Superior Court, but instead Defendant Tuckman verbally dismissed Isijola's

Complaint for Judicial Review and Demand for Jury Trial on August 8, 2022, even though

Isijola objected immediately in the mandatory hearing that Isijola attended, and in his Order

received by Isijola on August 9, 2022, that he dated August 8, 2022, he removed Defendant

Richards from Case Number 217-2022-CV-00469 as a Defendant in the matter between Isijola

and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, however

Defendant Richards did not attend the mandatory hearing held on August 8, 2022, thereby

contributing to deprive Isijola of his liberty and property without due process of law.

293.  Defendant Tuckman violated Isijola's clearly established rights under the Fourteenth

Amendment to the United States of America Constitution, by failing to clearly stating if he

denied or granted Isijola's timely Motion for Reconsideration of his Memorandum of Decision

and Order affirming Defendant's Schultz's determination that Isijola should go to the New

Hampshire Department of Safety, Division of Motor Vehicles to restore his Driver's License

himself and removing Defendant Richards from New Hampshire Merrimack County Superior

County Court Case Number 217-2022-CV-00469, the same Defendant Richards who never

attended the mandatory Hearing on the Merits that Isijola attended in person at the Courthouse of

the New Hampshire Merrimack County Superior Court in Concord New Hampshire, when the same Defendant Tuckman has always clearly demarcated Isijola's other pleadings as denied or mooted, thereby contributing to deprive Isijola of his liberty and property without due process of law.

294. Defendant Tuckman violated Isijola's clearly established rights under the Fourteenth Amendment to the United States of America Constitution by depriving Isijola of his right to a free Transcript of the mandatory Hearing on the Merits held on August 8, 2022, despite the Indigency of Isijola, as it well known that Isijola's Indigency was established on March 24, 2022, by the same court that Tuckman presides as Judicial Officer. Tuckman denying Isijola's access to the Transcript of the mandatory hearing on the merits held on August 8, 2022, violates the principles of due process, when Isijola clearly demonstrates both the value of the transcript and lack of available alternatives depriving Isijola of his right of a fair hearing on the merits held on August 8, 2022, and thereby contributing to deprive Isijola of his liberty and property without due process of law.

295. Defendants Gudas, Donovan, Hantz Marconi, Bassett, and Hicks violated Isijola's clearly established rights under the Fourteenth Amendment to the United States of America Constitution by denying Isijola's timely Notice of Mandatory Appeal for Case Number 2022-0678, and by not accepting Isijola's timely Notice of Mandatory Appeal by the Defendants, their actions were Arbitrary and Capricious actions, which violates the Due Process Clause of the Fourteenth Amendment to the United States of America Constitution, thereby contributing to deprive Isijola of his liberty and property without due process of law.

296. The Department of Safety Defendants, acting under color of state law and pursuant to this unlawful custom, practice, and/or policy, violated Isijola's clearly established right of liberty to

use his New Hampshire registered Motor Vehicle to get from place to place for business and pleasure.

297. This unlawful custom, practice, and/or policy caused the violation of Isijola's Fourteenth Amendment rights of the United States of America Constitution.

298. The Department of Safety Defendants acted with deliberate indifference and/or willful blindness to the strong likelihood that unconstitutional conduct will result from the implementation of this custom, practice, and/or policy.

299. As a result, Isijola has suffered humiliation, embarrassment, mental and emotional anguish and distress; and significant economic injury.

300. Accordingly, the Department of Safety Defendants violated Isijola's rights under the Fourteenth Amendment to the United States Constitution to make use of Isijola's own property, here his motor vehicle, as a means of getting about from place to place, in pursuit of business and pleasure.

301. Isijola is entitled to punitive damages, as the actions of the New Hampshire Department of Safety Defendants were motivated by evil motive or intent and/or involved reckless or callous indifference to Isijola's Fourteenth Amendment rights of the United States of America Constitution.

<div align="center">

**COUNT II**
**42 U.S.C. § 1983 – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE**
**UNITED STATES OF AMERICA CONSTITUTION**
**(VIOLATION OF THE DUE PROCESS CLAUSE)**
**(SUBSTANTIVE DUE PROCESS)**
**(AGAINST ALL DEFENDANTS)**

</div>

302. All prior paragraphs are incorporated, as though fully set forth herein.

303. This cause of action arises under 42 U.S.C, § 1983, where Isijola seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteenth Amendment to the United States of America Constitution.

304. The Fourteenth Amendment guarantees Isijola substantive due process of law.

305. The complaints of acts of Defendants were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

306. The acts of Defendants were retaliatory, fraudulent, deliberate, acted with malice and oppression and in contemplation of intimidating Isijola.

### COUNT III
### 42 U.S.C. § 1983 – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES OF AMERICA CONSTITUTION (VIOLATION OF THE EQUAL PROTECTION RIGHTS) (AGAINST ALL DEFENDANTS)

307. All prior paragraphs are incorporated, as though fully set forth herein.

308. The Fourteenth Amendment to the United States of America Constitution prohibits violations against constitutionally protected equal protection of the laws.

309. The Fourteenth Amendment to the United States of America Constitution is applied to the states.

310. Under the Fourteenth Amendment to the United States of America Constitution, there is a clearly established right which is established by "no state, denying any person within its jurisdiction the equal protection of the laws."

311. Under 42 U.S.C. § 1983, every person acting under color of state law who deprives another of his or her constitutional rights is also liable at law, and in equity.

312. The Defendants, all whites, violated Isijola's clearly established rights under Part I, Article 2 of the New Hampshire Constitution and Fourteenth Amendment to the United States of America Constitution, when they deprive Isijola, a Black African American male, who is a member of a protected class for equal protection of the law, on his right to operate his motor vehicle.

313. The Defendants acted with deliberate indifference and intentional disregard to Isijola's clearly established constitutional rights to equal protection of the laws under Part I, Article 2 of the New Hampshire Constitution and under the Fourteenth Amendment to the United States of America Constitution.

314. The Department of Safety Defendants, acting under color of state law and pursuant to this unlawful custom, practice, and/or policy, violated Isijola's clearly established right of equal protection of the laws of his liberty to use his New Hampshire registered Motor Vehicle to get from place to place for business and pleasure.

315. This unlawful custom, practice, and/or policy caused the violation of Isijola's Fourteenth Amendment rights of the United States of America Constitution to equal protection of the law as a member of a protected class.

316. The Department of Safety Defendants acted with deliberate indifference, intentional discrimination and/or willful blindness to the strong likelihood that unconstitutional conduct will result from the implementation of this custom, practice, and/or policy.

317. As a result, Isijola has suffered humiliation, embarrassment, mental and emotional distress; and significant economic injury resulting from this violation.

318. Accordingly, the Department of Safety Defendants violated Isijola's rights to equal protection to the law under Part I, Article 2 of the New Hampshire Constitution and the

Fourteenth Amendment to the United States Constitution to make use of Isijola's own property,

here his motor vehicle, as a means of getting about from place to place, in pursuit of business and

pleasure.

319.  Isijola is entitled to punitive damages, as the actions of the New Hampshire Department

of Safety Defendants were motivated by evil motive or intent and/or involved reckless or callous

indifference to Isijola's Fourteenth Amendment rights of the United States of America

Constitution, to equal protection of the laws of Isijola being a member of a protected class.

<div align="center">

**COUNT IV**
**42 U.S.C. § 1983- VIOLATION OF THE FOURTH AMENDMENT OF THE**
**UNITED STATES OF AMERICA CONSTITUTION**
**(VIOLATION OF UNLAWFUL INVASIONS OF LIBERTY AND PRIVACY RIGHTS)**
**(AGAINST DEFENDANTS, DEPARTMENT OF SAFETY, BUCKMAN AND**
**RICHARDS)**

</div>

320.  All prior paragraphs are incorporated, as though fully set forth herein.

321.  The Fourth Amendment to the United States of the America Constitution prohibits

unfounded invasions of liberty and privacy.

322.  The Fourth Amendment to the United States of the America Constitution is applied to the

states through the Fourteenth Amendment to the United States of the America Constitution.

323.  Under 42 U.S.C. § 1983, public entity defendants are "persons" liable for

unconstitutional customs, practices, and policies, and failure to train their employees, inclusive

of their law enforcement officers.

324.  Under 42 U.S.C. § 1983, every person acting under color of state law who deprives

another person of his or her constitutional rights is also liable at law and in equity.

325.  Because Isijola is provided with maximum protection of unfounded invasions of liberty

and privacy under the Fourth Amendment to the United States of America Constitution, Isijola's

clearly established rights to be free from unfounded invasions of liberty and privacy rights was

<div align="center">93</div>

violated by Defendants Buckman and Richards, under the Fourth Amendment to the United States of America Constitution, by Defendant Buckman, who is not a neutral and not a detached justice of the peace, who works as a Supervisor in the office of the Director of the New Hampshire Department of Safety, Division of Motor Vehicles, granting the issuance of an arrest warrant without probable cause to Defendant Richards, who came to Isijola's home at various times on August 5, 2020, January 29, 2021, February 26, 2021 and March 19, 2021.

326.  As Isijola is expected to be free from rash and unreasonable interferences with his privacy in his own home and from unfounded charges of crime under the Fourth Amendment to the United States of America Constitution without unfounded invasions of his liberty and privacy by Defendant Richards.

327.  In implementing the Fourth Amendment to the United States of America Constitution against unfounded invasions of liberty and privacy, it is expected that the existence of probable cause be decided by a neutral and detached magistrate and Defendant Buckman granted Defendant Richards application for issuance of an arrest warrant without being a neutral and detached Justice of the Peace simply because Defendant Richards stated in his application for issuance of an arrest warrant that he was a Trooper assigned to the New Hampshire State Police Troop G as an Investigator assigned to the Division of Motor Vehicles and he has been since April 2018 and Defendant Buckman is a Supervisor in the Office of the Director of the New Hampshire Department of Safety, Division of Motor Vehicles, so it is well settled that Defendant Buckman cannot be classified as neutral and detached magistrate in violation of the Fourth Amendment to the United States of America Constitution.

328.  Accordingly, Defendants Buckman and Richards violated Isijola's clearly established right to be free from unfounded invasions of liberty and privacy under the Fourth Amendment to

the United States of America Constitution by the visits to Isijola's private home without probable cause and the granting of the issuance of the application of arrest warrant by a clearly not neutral and not detached magistrate or justice of the peace.

329.  Defendants Buckman and Richards acted with intentional disregard for Isijola's clearly established constitutional rights under the Fourth Amendment to the United States of America Constitution.

330.  The New Hampshire Department of Safety failed to train its employees, both Defendants Buckman and Richards about the Fourth Amendment right of citizens to rash and unreasonable interferences with privacy and from unfounded charges of crime, thereby permitting Buckman and Richards to be in a position to violate Isijola's Fourth Amendment to the United States of America Constitution from unfounded invasions of Isijola's liberty and privacy rights.

331.  The New Hampshire Department of Safety failed to train its employees, both Defendants Buckman and Richards not to abuse the power to arrest and initiate criminal proceedings, thereby permitting Buckman and Richards to be in a position to violate Isijola's Fourth Amendment rights to the United States of America Constitution, to be free from unfounded invasions of liberty and privacy when Buckman granted the issuance of Richards application for issuance of arrest warrant and Richards came to Isijola's private home at various times.

332.  The New Hampshire Department of Safety's failure to train Defendants Buckman and Richards directly resulted in the violation of Isijola's Fourth Amendment right to the United States of America Constitution by Buckman and Richards.

333.  Defendant New Hampshire Department of Safety employees Buckman and Richards, acting under color of state law and pursuant to this unlawful custom, practice, and/or policy, violated Isijola's clearly established Fourth Amendment right to the United States of America

Constitution, to be free from unfounded invasions of liberty and privacy, when Buckman granted

the issuance of Richards application for issuance of arrest warrant and Richards came to Isijola's

private home at various times, on August 5, 2020, January 29, 2021, February 26, 2021 and

March 19, 2021.

334. This unlawful custom, practice, and/or policy caused the violation of Isijola's Fourth

Amendment right to the United States of America Constitution.

335. As a result, Isijola has suffered humiliation, embarrassment, mental and emotional

anguish and distress; and significant economic injury.

336. Accordingly, Defendants, New Hampshire Department of Safety, Buckman and Richards

violated Isijola's rights under the Fourth Amendment of the United States of America

Constitution.

337. Isijola is entitled to punitive damages, as the actions of Defendants Buckman and

Richards were motivated by evil motive or intent and/or involved reckless or callous indifference

to the Fourth Amendment rights to the United States of America Constitution of Isijola.

**COUNT V**
**42 U.S.C. § 1985(3) AND 42 U.S.C. § 1988**
**PART I, ARTICLE 2, ARTICLE 14, ARTICLE 15 AND ARTICLE 19 OF THE**
**NEW HAMPSHIRE CONSTITUTION**
**EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE**
**UNITED STATES OF AMERICA CONSTITUTION**
**CONSTITUTIONAL RIGHTS AND VINDICATION OF CIVIL RIGHTS**
**(VIOLATION OF CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS AND**
**VINDICATION OF CIVIL RIGHTS)**
**(AGAINST ALL DEFENDANTS)**

338. All prior paragraphs are incorporated, as though fully set forth herein.

339. This cause of action arises under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1988, wherein

Isijola seeks to redress a deprivation under color of law of a right, privilege or immunity secured

to him by Part I, Article 2, Article 15 and Article 19 of the New Hampshire Constitution and the

Fourth Amendment to the United States of America Constitution and Fourteenth Amendment to the United States of America Constitution.

340. Defendants Bielecki, a white female and Richards, a white male in conspiracy and intention with, and with agreement, permission, ratification, and approval of each other on the basis of Isijola's race, in violating Isijola, a Black African American male, member of a protected class, his constitutional rights afforded him under Part I, Article 2 and Article 15 of the New Hampshire Constitution and the Fourteenth Amendment rights of the Equal Protection Clause and the Due Process Clause to the United States of America Constitution in suspending Isijola's Driver's License and Registration Certificate without an opportunity for due process hearing and ability to cross examine Richards before the suspension of Isijola's right to operate a motor vehicle.

341. Defendants Bielecki, a white female, Capuchino, a white female, and Schultz, a white female, in conspiracy with, and with agreement, permission, ratification, and approval of each other, on the basis of Isijola's race, in violating Isijola, a Black African American male, a member of a protected class, his constitutional rights afforded him under Part I, Article 2 and Article 15 of the New Hampshire Constitution and the Fourteenth Amendment rights of Equal Protection Clause to the United States of America Constitution in applying criminal statutory motor vehicles laws of New Hampshire Revised Statute Annotated 260:10, 263:12V and 261:178 in suspending Isijola's Driver's License and his Vehicle Registration without Isijola violating any motor vehicles laws and Isijola was never convicted by any competent Court of Law in New Hampshire nor in any State or Territory of the United States of America and Defendants Capuchino and Schultz went further in applying New Hampshire Administrative Regulatory Authorities Saf-C 204.15(a)(6) and 204.01 to keep Isijola's Driver's License to

remain suspended despite the fact Isijola never violated any motor vehicle laws nor committed any motor vehicle violations or offenses.

342.  Defendants King, a white female, and Galdieri, a white male, in conspiracy with, and with agreement, permission, ratification, and approval of each other, on the basis of Isijola's race, in violating Isijola, a Black African American male, a member of a protected class, his constitutional rights afforded him under Part I, Article 2 of the New Hampshire Constitution and the Fourteenth Amendment rights of Equal Protection Clause to the United States of America Constitution in misrepresenting that Galdieri was the Counsel of Record for Bielecki in the proceeding in the Case Docket Number 21-7948 with the Supreme Court of the United States of America, when actually Isijola send the Counsel of Record form to King, as required by the Supreme Court of the United States of America, despite the fact King represented Bielecki in the proceeding of Case Docket Number 2021-0045 with the New Hampshire Supreme Court, and Isijola was prejudiced by the actions of King and Galdieri, and the quick disposal of the meritorious case by the Supreme Court of the United States of America.

343.  Defendants Buckman, a white female and Richards, a white male, in conspiracy with, and with agreement, permission, ratification, and approval of each other, on the basis of Isijola's race, in violating Isijola, a Black African American male, a member of a protected class, his constitutional rights afforded him under Part I, Article 2 and Article 19 of the New Hampshire Constitution and the Fourth Amendment and Fourteenth Amendment rights of Equal Protection Clause to the United States of America Constitution in the unfounded invasions of Isijola's liberty and Isijola's privacy in his own home and Richards coming to Isijola's private home on August 5, 2020, January 29, 2021, February 26, 2021 and March 19, 2021 at various times and Buckman granting Richards application for issuance of arrest warrant without probable cause for

the issuance of the arrest warrant with Richards showing up in Isijola's private home at various

dates and times and Buckman who works as a Supervisor in the Office of the Director of the

New Hampshire Department of Safety, Division of Motor Vehicles, was not a neutral and

detached magistrate, as Richards was assigned to work in the same office as an investigator, as

stated by Richards in his application for issuance of arrest warrant and both violated Isijola's

rights of liberty and privacy in his own home.

344.  Defendants Blaszka, a white male, and Richards, a white male, in conspiracy with, and

with agreement, permission, ratification, and approval of each other, on the basis of Isijola's

race, in violating Isijola, a Black African American male, a member of a protected class, his

constitutional rights afforded him under Part I, Article 2 and Article 19 of the New Hampshire

Constitution and the Fourth Amendment and Fourteenth Amendment rights of Equal Protection

Clause to the United States of America Constitution in the unfounded invasions of Isijola's

liberty and Isijola's privacy in his own home, in Blaszka pretending to be Isijola's Counsel,

communicated with Richards on August 4, 2020, and informed Isijola to meet Richards at 16

East Pointe Drive, Bedford, New Hampshire, to be briefly arrested by Richards, an address he

handwrote on Isijola's notebook, when Isijola met him in person at his address in Derry, New

Hampshire and his handwritten address written on Isijola's notebook is still with Isijola till this

day and on August 5, 2020, and as Blaszka stated in the August 5, 2020 Administrative Hearing,

he provided Richards with Isijola's legal address, as Richards showed up in Isijola's private

home before the Administrative Hearing on August 5, 2020, that started shortly after 10:00 AM,

and violated Isijola's right to privacy and on August 5, 2020, in the Administrative Hearing that

Blaszka and Richards attended, Blaska pretending to be Isijola's Counsel was actually Richards

Counsel, cross examining Isijola instead of cross examining Richards, and in the process

deprived Isijola of his constitutional rights found in Part I, Article 15 of the New Hampshire Constitution and his Fourteenth Amendment rights of Due Process and Equal Protection of the Laws to the United States of America Constitution.

345. Defendants Capuchino, a white female, Shultz, a white female and Quinn, a white male, in conspiracy with, and with agreement, permission, ratification, and approval of each other, on the basis of Isijola's race, in violating Isijola, a Black African American male, a member of a protected class, his constitutional rights afforded him under Part I, Article 2 of the New Hampshire Constitution and Fourteenth Amendment rights of Equal Protection Clause to the United States of America Constitution in failing to forward Isijola's official document changing his name from his former name of Philip Israel Mark to his now name and updating his Motor Vehicle record in his current name, to the New Hampshire Department of Safety, Division of Motor Vehicles and Isijola's official document was forwarded to Capuchino on August 5, 2020, and on January 13, 2022 to Schultz and Quinn, providing Richards, a leeway to arrest Isijola if Isijola appears in person at the New Hampshire Department of Safety, Division of Motor Vehicles, despite the fact that Isijola is a law abiding citizen of New Hampshire and previously change his name before and his driving record shows that fact.

346. Defendants Schulman, a white male and Tuckman, a white male, in conspiracy with, and with agreement, permission, ratification, and approval of each other, on the basis of Isijola's race, in violating Isijola, a Black African American male, a member of a protected class, his constitutional rights afforded him under Part I, Article 2 and Article 15 of the New Hampshire Constitution and the Fourteenth Amendment rights of Equal Protection Clause to the United States of America Constitution, in failing to their power as Judicial Officers of the New Hampshire Merrimack Superior Court, to restored Isijola's Driver's License and Vehicle

100

Registration in any of their Orders and despite having knowledge that Isijola's suspensions of his privileges were not in the New Hampshire statutes as Isijola never violated any Motor Vehicle Laws in New Hampshire or in any State or Territory of the United States of America, thereby depriving Isijola, the equal protection of the laws of New Hampshire and the United States of America.

347.  Defendants Gudas, a white male, Donovan, a white male, Hantz Marconi, a white female, Bassett, a white male and Hicks, a white male, in conspiracy with, and with agreement, permission, ratification, and approval of each other, on the basis of Isijola's race, in violating Isijola, a Black African American male, a member of a protected class, his constitutional rights afforded him under Part I, Article 2 and Article 15 of the New Hampshire Constitution and the Fourteenth Amendment rights of Equal Protection Clause to the United States of America Constitution, in failing to accept Isijola's timely Notice of Mandatory Appeal of Case Docket Number 2022-0678, where a mandate was issued, as Isijola timely filed his timely Notice of Mandatory Appeal within thirty days of the disposal of Isijola's timely Motion for Reconsideration of his Mooted Motion for Summary Judgment that was disposed by Tuckman in New Hampshire Merrimack County Superior Court Case Docket Number 217-2022-CV-0469 on November 2, 2022 and Isijola timely Notice of Mandatory Appeal was filed on December 1, 2022, as the actions of Gudas, Donovan, Hantz Marconi, Bassetts and Hicks were Arbitrary and Capricious, and denial of Isijola's timely Notice of Mandatory Appeal and New Hampshire Supreme Court Case Number 2022-0678 not being accepted was Arbitrary and Capricious, in violation of Part I, Article 15 of the New Hampshire Constitution and the Federal Due Process Clause of the Fourteenth Amendment rights to the United States of America Constitution and Isijola deems the actions of the Court Officers as retaliatory for his appeal of New Hampshire

Supreme Court Case Docket Number 2021-0045 to the Supreme Court of the United States of America docketed as Case Docket Number 21-7948.

348.   Among other things, the Defendants acted in conspiracy with, and with agreement, permission, ratification, and approval of their joint conduct to (1) unlawfully deprived Isijola of his right to operate his motor vehicle in New Hampshire; (2) provide an avenue and leeway for Defendant Richards to arrest Isijola, as Richards name was removed from New Hampshire Merrimack County Superior Court Case Docket Number 217-2022-CV-00469; (3) denied Isijola access to State Courts in New Hampshire; (4) collaborate and advance false statements and reports that Isijola procured his Driver's License and Vehicle Registration by false statements; (5) advance false res judicata theories as Isijola's Appeal as being by right pursuant to New Hampshire Revised Statutes Annotated 263:76; (6) unlawfully suspend Isijola's Driver License and Vehicle Registration using Motor Vehicle Criminal Codes, without Isijola violating any Motor Vehicle Laws or commit any Motor Vehicle violations or offenses; (7) unlawfully keep Isijola's Driver's Report with false driving record; (8) and unlawfully use Administrative Hearings for Isijola as grounds for Materiality and not the New Hampshire Courts.

## COUNT VI
## NEW HAMPSHIRE REVISED STATUTE ANNOTATED 354-B- CIVIL RIGHTS ACT VIOLATION OF NEW HAMPSHIRE REVISED STATUTE ANNOTATED 354-B:1 (AGAINST ALL DEFENDANTS)

349.   All prior paragraphs are incorporated, as though fully set forth herein.

350.   Defendants violated Isijola's clearly established rights under the United States of America Constitution and New Hampshire Constitution, as well as State and Federal Law, which include, but are not limited to, the following:

(i)   Fourth Amendment to the United States of America Constitution (violated by Defendants Buckman and Defendant Richards)

(ii)  Fourteenth Amendment to the United States of America Constitution (violated by all Defendants)

(iii)  New Hampshire Constitution, Part 1:

Article 2-Right to Equal Protection & Liberty & Happiness and Equality of Right on Account of Race (violated by all Defendants);

Article 15-Right to Due Process (violated by all Defendants); and

Article 19-Right to Maximum Protection against Unfounded Invasion of Liberty and Privacy (violated by Defendants Buckner and Richards)

351.  Defendants violated Isijola's clearly established protected rights under United States of America and New Hampshire Laws, motivated by evil motive or intent and/or involved reckless or callous indifference. Further, each act and/or violation of rights done by each Defendant was motivated by evil motive or intent and/or involved reckless or callous indifference beyond that inherent in each act and/or violation of rights itself.

352.  Defendant New Hampshire Department of Safety is liable to Isijola for the acts of its public employees, the Individuals herein, for conduct and/or omissions herein alleged pursuant to the doctrine of Respondeat Superior.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial by jury on all issues herein to which he may be entitled to trial by jury pursuant to the Seventh Amendment to the United States of America Constitution.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF REQUESTED

WHEREFORE, Plaintiff Femi Isijola respectfully requests this Court grant the following relief:

A.   Immediate Preliminary Injunctive Relief for the Plaintiff for the actions of all named Defendants and order the Director of the New Hampshire Department of Safety, Division of Motor Vehicles to restore and make active, current Plaintiff's suspended REAL ID Driver's License as Plaintiff cannot restored his Driver's License himself as unlawfully determined by the Hearing Examiner's determination dated 02/25/22, affirmed by the order of a New Hampshire Merrimack County Superior Court Judge dated 08/08/2022 and Plaintiff sought reconsideration filed on 08/13/2022 and there was no notation of a grant or denied on his timely motion for reconsideration, on an order dated 08/29/22 by the order of a New Hampshire Merrimack County Superior Court Judge.

B.   Permanently enjoined New Hampshire Department of Safety Defendants from depriving individuals of their Driver's License and Vehicle Registration and applying criminal motor vehicle statutes without the individuals violating any motor vehicle laws and who did not commit any motor vehicle violation or offense;

C.   Declare that the actions taken by Defendants Bielecki and Capuchino in suspending Plaintiff's Driver's License and Vehicle Registration and applying criminal motor vehicle statutes without the Plaintiff violating any New Hampshire Motor Vehicle Laws and never committed any motor vehicle violation or offense in New Hampshire or in any state or territory of the United States of America, violated Plaintiff's rights under the Due Process Clause and Equal Protection Clause of Part I, Article 2 and Article 15 of the New Hampshire Constitution and his rights under the Fourteenth Amendment to the United States of America Constitution;

D.   Declare that the action taken by Defendant Schultz in suspending Plaintiff's Driver's License and applying criminal motor vehicle statutes without the Plaintiff violating any New Hampshire Motor Vehicle Laws and never committed any motor vehicle violation or offense in

New Hampshire or in any state or territory of the United States of America and kept the Plaintiff's Driver's License suspended indefinitely, and violated Plaintiff's rights under the Due Process Clause and Equal Protection Clause of Part I, Article 2 and Article 15 of the New Hampshire Constitution and his rights under the Fourteenth Amendment to the United States of America Constitution;

E. Declare that the actions taken by Defendants Buckman and Richards in making unfounded invasions of Plaintiff's liberty and his privacy in Plaintiff's own home, with the granting of the issuance of the application of arrest warrant of Defendant Richards by Defendant Buckman without probable cause and Defendant Buckman was not a neutral and detached Justice of the Peace when Defendant Buckman granted the issuance of the application of arrest warrant of Defendant Richards, and violated Plaintiff's rights under the Equal Protection Clause of Part I, Article 2 of the New Hampshire Constitution and unfounded invasions of liberty and privacy under Part I, Article 19 of the New Hampshire Constitution and his rights under the Fourth and Fourteenth Amendment to the United States of America Constitution;

F. Declare that the actions taken by Defendants Blaszka and Richards, in Defendant Blaszka pretending to be Isijola's Counsel, when he was actually Richards' Counsel, cross examining Isijola instead of cross-examining Richards, violated Plaintiff's rights under Part I, Article 15 of the New Hampshire Constitution and his rights under the Fourteenth Amendment to the United States of America Constitution;

G. Declare that the actions taken by Department of Justice Defendants, in misrepresenting that Galdieri was the Counsel of Record for Bielecki in the proceeding of Case Docket Number 21-7948 with the Supreme Court of the United States of America, when actually Isijola send the Counsel of Record form to King, as required by the Supreme Court of the United States of

America, despite the fact King represented Bielecki in the proceeding of Case Docket Number 2021-0045 with the New Hampshire Supreme Court, violated Plaintiff's rights under Part I, Article 15 of the New Hampshire Constitution and his rights under the Fourteenth Amendment to the United States of America Constitution;

H.  Declare that the actions taken by Defendants Capuchino, Schultz and Quinn in failing to forward Isijola's official document changing his name from his former name of Philip Israel Mark to his now name and updating his Motor Vehicle record in his current name, to the New Hampshire Department of Safety, Division of Motor Vehicles, violated Plaintiff's rights under Part I, Article 2 and  Article 15 of the New Hampshire Constitution and his rights under the Fourteenth Amendment to the United States of America Constitution;

I.  Declare that the actions taken by Defendants Shulman and Tuckman, in failing to use their power as Judicial Officers of the New Hampshire Merrimack Superior Court, to restored Isijola's Driver's License and Vehicle Registration in any of their Orders and despite having knowledge that Isijola's suspensions of his privileges were not in the New Hampshire statutes as Isijola never violated any Motor Vehicle Laws in New Hampshire or in any State or Territory of the United States of America, violated Plaintiff's rights under Part I, Article 2 and  Article 15 of the New Hampshire Constitution and his rights under the Fourteenth Amendment to the United States of America Constitution;

J.  Declare that the actions taken by Defendants Gudas, Donovan, Hantz Marconi, Bassetts and Hicks, in failing to accept Isijola's timely Notice of Mandatory Appeal of Case Docket Number 2022-0678, where Plaintiff timely filed his Notice of Mandatory Appeal within thirty days of the disposal of Plaintiff's timely Motion for Reconsideration of his Mooted Motion for Summary Judgment that was disposed by Defendant Tuckman in New Hampshire Merrimack County

Superior Court Case Docket Number 217-2022-CV-0469 on November 2, 2022 and Isijola

timely Notice of Mandatory Appeal was filed on December 1, 2022, as the actions of Defendants

Gudas, Donovan, Hantz Marconi, Bassetts and Hicks were Arbitrary and Capricious, violated

Plaintiff's rights under Part I, Article 2 and Article 15 of the New Hampshire Constitution and

his rights under the Fourteenth Amendment to the United States of America Constitution;

K.   Enter Declaratory Judgment against all Defendants on all Counts of the Complaint that the

actions, conduct and practices complained of herein violate the laws of New Hampshire and the

United States of America;

L.   Award Monetary damages in an amount to be determined at trial and no less than

$100,000,000, plus prejudgment interest, to compensate Plaintiff for all monetary and /or

economic damages;

M.   Award of damages in an amount to be determined at trial, plus prejudgment interest, to

compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not

limited to, compensation for severe mental anguish and emotional distress, humiliation,

depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal

dignity, and emotional pain and suffering and any other physical or mental injuries;

N.   Award Punitive damages;

O.   Award Plaintiff his reasonable costs, expenses, and Pro Se Attorney Fees doing the work

of an Attorney pursuant to 42 U.S.C. § 1988(b) and Part I, article 14 of the New Hampshire

Constitution;

P.   Award the Plaintiff any other further relief that is just, proper and equitable.

## **CERTIFICATION OF SIGNATURE**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, I, Femi Isijola, certify to the best

of my knowledge, information, and belief that this complaint: (1) is not being presented for an

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

litigation; (2) is supported by existing law or by a nonfrivolous argument for extending,

modifying, or reversing existing law; (3) the factual contentions have evidentiary support and (4)

the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil

Procedure.

Respectfully submitted,

Femi Isijola, Plaintiff

Dated: August 7, 2023

Femi Isijola, Pro Se
1465 Hooksett Road, Unit 66
Hooksett, NH 03106
603-560-4174
femieasyjay.thelaw@aol.com

## CERTIFICATION OF PARTY UNREPRESENTED BY COUNSEL

I certify under penalty of perjury pursuant that the above information contained within the foregoing Complaint is true and correct and statements made in this foregoing Complaint are verified to the best of my knowledge, information, and belief, I therefore place my hand as seal upon this document on the date below.

_____
Femi Isijola, Plaintiff

Dated: August 7, 2023

## NOTARY

Subscribed and sworn as being true in this Complaint of Violation of Civil Rights and Constitutional Rights and Demand for Jury Trial, by Femi Isijola, before me this 7 day of August , 2023. Said individual solemnly affirmed that he has firsthand knowledge of the facts contained herein and that the facts are true, correct, and complete to the best of his knowledge, understanding and belief.

LISA M. SLATER
Notary Public, State of New Hampshire
My Commission Expires November 2, 2027

_____
Notary Public

_____
My Commission expires

[illegible]

LISA M. SLATER
Notary Public, State of New Hampshire
My Commission Expires November 2, 2027