FILED - USDC -NH
2023 AUG 7 PM 1:11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

CASE NO:

**FEMI ISIJOLA,**

**Plaintiff,**

v.

**NEW HAMPSHIRE DEPARTMENT OF SAFETY, AARON R. RICHARDS, LINDA CAPUCHINO, STACEY K. SCHULTZ, ELIZABETH BIELECKI, DONALD BLASZKA, CHRISTOPHER CASKO, ROBERT QUINN, JESSICA A. KING, ANTHONY J. GALDIERI, MARIA E. BUCKMAN, ANDREW R. SCHULMAN, BRIAN T. TUCKER, TIMOTHY A. GUDAS, PATRICK DONOVAN, ANNA BARBARA HANTZ MARCONI, JAMES BASSETT AND GARY HICKS.**

**Defendants**

**AFFIDAVIT IN SUPPORT OF MY VERIFIED COMPLAINT OF VIOLATION OF CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS**

**AUGUST 7, 2023**

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, FEMI ISIJOLA, hereby depose and states under oath:

1.  I am the Plaintiff and Self-Represented Litigant in the above-entitled matter, and I am a Black African American Male, Citizen of the State of New Hampshire, residing in 1465 Hooksett Road, Unit 66, Hooksett, New Hampshire and maintaining a mailing address of 1328 Hooksett Road, #16013, Hooksett, New Hampshire.

2.  The statements made in this affidavit are based upon facts within my own personal knowledge that bears upon my Complaint.

1

3. I procured my original New Hampshire Driver's License in my birth name in the year 1999 and I was assigned a Driver's License Number that ends with the last four numbers of 7161 and my birth name is clearly shown on my Driving Record.

4. On January 29, 2007, I changed my name to Philip Israel Mark at the Merrimack Probate Court in Concord, New Hampshire and on the same day, I changed my Driver's License to my new name at the New Hampshire Department of Safety, Division of Motor Vehicles and I was assigned a Driver's License Number that ends with the last four digits numbers of 7161.

5. Since January 29, 2007, I have at various times renewed my Driver's License with the New Hampshire Department of Safety, Division of Motor Vehicles at the Manchester location in Manchester, New Hampshire.

6. My profession as a traveling salesperson for ADT Security helps me to earn commissions if I sell the Alarm System and enables me to travel to the other New England States to sell ADT Alarm Systems.

7. On November 10, 2016, I changed my name back to Femi Easyjay Isijola at the Probate Court in Providence, Rhode Island.

8. On July 20, 2017, I was issued a Duplicate New Hampshire Driver's License and the Duplicate Driver's License expired on February 16, 2018.

9. On February 15, 2018, I went to renew my Driver's License at the Manchester Location of the New Hampshire Department of Safety, Division of Motor Vehicles located in Manchester, New Hampshire, but my Driver's License was not renewed because of a reported problem of my Driver's License.

10. If I do not receive my Duplicate or Renewal Driver's License in person, I will receive it in my former legal address of 134 Mammoth Road, Unit 26, Hooksett, New Hampshire or in my

2

former mailing address of P. O. Box 16185, Hooksett, New Hampshire or in my current mailing
address of 1328 Hooksett Road, #16013, Hooksett, New Hampshire.

11.   I have never at any time lived in 134 Mammoth Road, #526, Hooksett, New Hampshire as
stated in Aaron R. Richards's Sworn Affidavit as one of his basis of issuance of an Arrest
Warrant that was granted for issuance by Maria E. Buckman.

12.   On February 12, 2019, I renewed my Driver's License, and the issued REAL ID
Compliant Driver's License was sent to my current mailing address of 1328 Hooksett Road, #
16013, Hooksett, New Hampshire.

13.   Due to a new opportunity to sell ADT Alarm Systems in Rhode Island and in the process,
I am paid Commissions for selling the ADT Alarm Systems as I am not a salaried employee, I
seized that opportunity and move to the State of Rhode Island and on February 21, 2019, I
received a Rhode Island REAL ID Driver's License.

14.   On March 15, 2020, I left the State of Rhode Island, and I came back to New Hampshire
to live in our family-owned home in Hooksett, New Hampshire and it is the current legal address
of 1465 Hooksett Road, Unit 66, Hooksett, New Hampshire.

15.   Before I left the State of Rhode Island on March 15, 2020, my Real ID Driver's License
was cancelled by the Rhode Island Division of Motor Vehicles.

16.   On June 10, 2020 at 11:09 AM, I received a text message from Aaron R. Richards,
Trooper of the New Hampshire Department of Safety, Division of State Police from his phone
number of 603-419-8122, that he has issued an arrest warrant for me, and I should contact him
and turn myself in.

17.   On June 11, 2020, I received a dated June 9, 2020, (06/09/2020) Notice of Suspension of
my Vehicle Registration from Elizabeth Bielecki, then Director of the New Hampshire

Department of Safety, Division of Motor Vehicles addressed to my former name of Philip Israel Mark, that she believes I committed False Statement on Registration pursuant to New Hampshire Revised Statute Annotated 261:178 and I must pay $25 Registration privilege restoration fee before my Registration privilege will be restored and I must submit a written request for a hearing and the request must be submitted to the Bureau of Hearings, 33 Hazen Drive, Concord, New Hampshire.

18.  On June 12, 2020, I went to Concord, New Hampshire and I submitted my written request for a Hearing with the New Hampshire Department of Safety, Bureau of Hearings to contest Elizabeth Bielecki's assumption that I committed false statement on Registration, and I paid the $25 registration privilege restoration fee required of me, as stated in Elizabeth Bielecki's Notice of Suspension Letter.

19.  On June 18, 2020, I received a dated June 16, 2020, (06/16/2020) Notice of Suspension of my Driver's License from Elizabeth Bielecki, then Director of the New Hampshire Department of Safety,  Division of Motor Vehicles addressed to my former name of Philip Israel Mark, that she believes I committed False Statement on Driver's License pursuant to New Hampshire Revised Statute Annotated 263:12V and I must pay $100 Driver's License privilege restoration fee before my Driver License privilege will be restored and I must submit a written request for a Hearing and the request be submitted to the Bureau of Hearings, 33 Hazen Drive, Concord, New Hampshire and I later paid the $100 and requested for a hearing.

20.  On July 9, 2020, I received a dated July 6, 2020, (07/06/2020) Notice of Hearing on False Statement on License and Registration from the New Hampshire Department of Safety, Bureau of Hearings in my former name of Philip Israel Mark, stating that a date of Hearing was scheduled for July 17, 2020, (07/17/2020) at 1:00 PM and the listed legal authorities were New

4

Hampshire Revised Statute Annotated 260:10, 263:12 and 261:178 and New Hampshire Administrative Rule Saf-C 204.15 and 204.01.

21.   On July 10, 2020, I agree to use the services of Donald Blaszka as my Attorney and Counsel to represent me in the upcoming Hearing with the New Hampshire Department of Safety Bureau of Hearings, that was scheduled for July 17, 2020, (07/17/2020) at 1:00 PM and in addition to agree to use Donald Blaszka's services, I paid him $2,000 to use his legal expertise and represent my interests at the forthcoming False Statement Hearing on Driver's License and Registration Hearing.

22.   On July 13, 2020, I was informed by Kathy Mooney, the Legal Assistant for Donald Blaszka, that my anticipated Hearing scheduled for July 17, 2020, at 1:00 PM is requested to be scheduled for August 5, 2020 at 10:00 AM and that Aaron R. Richards assented to the rescheduling. I did not assent to this rescheduling by the office of Donald Blaszka.

23.   On July 20, 2020, I was informed by Donald Blaszka, that the New Hampshire Department of Safety, Bureau of Hearings granted his request to have the anticipated Hearing on False Statements on Driver's License and Registration be rescheduled for August 5, 2020 at 10:00 AM. I was provided with a link by Donald Blaszka to access the document showing the new date and time and I was informed that the link will expire on August 19, 2020, (08/19/2020). The new Notice of Hearing was addressed in my former name of Philip Israel Mark, with a reference number of NHI11151845 and Hearing number of HR20207656 and the Hearing will be conducted by Video Teleconference on the new date of Hearing of 08/05/2020 and time of 10:00 AM, with the Scope of Hearing to determine if my New Hampshire Driver License and Registration should be/remain suspended/revoked with a listed legal authorities of New

Hampshire Revised Statute Annotated 260:10, 263:12 and 261:178 and New Hampshire Administrative Rule Saf-C 204.15 and 204.01.

24.   Ever since it was confirmed that August 5, 2020 at 10:00 AM was going to be the new date and time, I emailed and called Donald Blaszka to give me updates on his plans on how to represent my interests at the upcoming Hearing on False Statement on Driver's License and Registration on August 5, 2020, he will keep telling me, there is no information to share and that I should be at ease and he is experienced in facing Aaron R. Richards in the Hearings conducted by New Hampshire Department of Safety, Bureau of Hearings, he stated that he won significant cases against Aaron R. Richards and lost some cases to him.

25.   On August 3, 2020, I called Donald Blaszka to ask him how the Administrative Hearing on August 5, 2020, will look like, he stated he will represent me and there is no latest information to share with me. He stated that I should come the next day on August 4, 2020, to meet with him in his office and we can discuss more, and I should bring more documents if I have them than the ones, I have given him after he agreed to be my Counsel.

26.   On August 4, 2020, I arrived to see Donald Blaszka at his office shortly after 10:00 AM, and upon getting there he took me to his office space, where him and I sat at the table, thereafter, he stated that he wants to talk to Aaron R. Richards, Trooper of the New Hampshire Department of Safety, Division of State Police, he left me alone in his office space and went to another office space, probably to talk with Aaron R. Richards, he asked me, he needs my legal address and any proof that shows that I live in that address and he asked me to send him the proof of my legal address when I arrive home after our meeting and he asked me that on my way home, I should go and see Aaron R. Richards at a given address of 16 East Pointe Drive, Bedford, New Hampshire to be briefly arrested by him and he will release me if I pay a small amount of bail money.

6

Donald Blaszka hand wrote the provided address in my notebook that I brought to my meeting with him, which I still have in my possession. I inquired from Donald Blaszka, why as my Counsel, he will refer me to be arrested by Aaron R. Richards, and he said it was needed before we meet the next day on August 5, 2020, and he asked me to come to his office the next day, so we can be together for the Administrative Hearing to be held the next day on August 5, 2020. I called Donald Blaszka the same day and informed him I did not stop by to meet Aaron R. Richards and I informed him that I will be inquiring from the New Hampshire Department of Safety, Bureau of Hearings on how to participate by video teleconference.

27.   On the same date on August 4, 2020 at 3:19 PM, I send Donald Blaszka, and copy his Legal Assistant, Kathy Mooney, through email communication, the proof of my current Legal address in Hooksett, New Hampshire.

28.   I received an email communication on the same date of August 4, 2020, at 3:58 PM, from a New Hampshire Department of Safety, Bureau of Hearings employee, Jaime Farwell, a Webex meeting invitation for the Administrative Hearing set for August 5, 2020.

29.   On August 5, 2020, Aaron R. Richards came to my Legal Address in Hooksett, New Hampshire shortly after 8:00 AM and met with my Mom, waking up my Mom from her sleep and inquired about my whereabouts and my Mom told him, I recently left the house to meet with my Counsel, Donald Blaszka and shortly after Aaron R. Richards left, I left my room to meet my Mom and informed her I changed my mind of going to meet Donald Blaszka in his office but instead, I will be participating in the Administrative Hearing by Video Teleconference.

30.   On the same date on August 5, 2020, I appeared for the Administrative Hearing scheduled for the day by Video Teleconference and in attendance for this Administrative Hearing was Donald Blaszka, Aaron R. Richards, and Linda Capuchino, the Hearing Examiner, from the New

Hampshire Department of Safety, Bureau of Hearings who presided over this Administrative Hearing.

31.   In this Administrative Hearing that I participated in, the case was titled State of New Hampshire versus Philip Israel Mark, and Philip Israel Mark was my former name, and the Administrative Hearing was named Video/Telephonic False Statement Hearing and the assigned Hearing Number was assigned as HR20207656.

32.   Linda Capuchino asked me my name and I stated my name is Femi Isijola and she asked me to spell my name, which I spelled for her, and I stated that I am also known as Philip Mark.

33.   After Linda Capuchino was satisfied with the spelling of my name, she requested that Aaron R. Richards give his direct testimony.

34.   As Aaron R. Richards was about to begin his Direct Testimony, I received an email communication at 10:13 AM from Donald Blaszka, Documents coming from Aaron R. Richards and the Documents were his application for issuance of an arrest warrant granted by Maria E. Buckman and another document that stated Rhode Island Information that has the official name change from my former name, Philip Israel Mark to Femi Easyjay Isijola, from the Providence Probate Court of the State of Rhode Island, all which was provided by Aaron R. Richards. I was at home when Aaron R. Richards came to my legal address before the Administrative Hearing started shortly after 10:00 AM.

35.   Then Aaron R. Richards stated a False Statement in this Administrative Hearing that I participated in and that did not correlate with what he stated in his application for issuance of an arrest warrant, he stated that on March 12, 2020, I was called in to the Rhode Island DMV and I sat with one of the Investigators in there and that my name is Femi Isijola, and that I have never

had a different name and in his application for issuance of arrest warrant, he stated that on March 6, 2020, I met with an investigator at the Rhode Island DMV to discuss my License issue.

36.   Another False Statement by Aaron R. Richards was that my birth name was Philip Israel Mark and in his application for issuance of arrest warrant, he stated that my birth name was Mark Israel Philip, however I changed my name from Olufemi Isijola to Philip Israel Mark on January 29, 2007 at the Merrimack County Probate Court, Concord, New Hampshire.

37.   Then Aaron R. Richards stated that Philip Mark was my original birth name and he falsely stated in his application for issuance of arrest warrant that I completed a DSMV 450 (Application for Driver's License) on 02-15-2018 at the Manchester DMV and in this Administrative Hearing, he stated that I had held a currently New Hampshire Driver's License that was the most recent one on February 15th of 2018, which was issued to me at the Manchester, DMV and that the Driver's License was a renewal Driver's License.

38.   And Aaron R. Richards stated that I lived at 134 Mammoth Road, Unit 26, Hooksett, New Hampshire, and on his application for issuance of arrest warrant, he falsely stated that my apartment was not number 26, but that my apartment was number 526 and that I did not have address proof of my living in 134 Mammoth Road, Unit 26, Hooksett, New Hampshire.

39.   My mailing address was confirmed by Aaron R. Richards, and he stated that was not my legal address, but on his application for issuance of arrest warrant, he listed my mailing address as the address that I was going to be arrested but came to my legal address in the morning of August 5, 2020.

40.   And again, Aaron R. Richards falsely stated that I applied for the first time and received a Rhode Island License on February 21, 2019 (02/21/2019) and then on his application for

issuance of arrest warrant, he stated that I was issued a Rhode Island Driver's License on June 2, 2017 (06-02-2017).

41.  And Aaron R. Richards stated that I surrendered my Rhode Island License and further stated, that was what was shown in the database.

42.  Aaron R. Richards said I had an active Massachusetts Driver's License with a Leominster, Massachusetts address, and at the request of himself and the acceptance of the Director of the Motor Vehicles, he suspended the Driver License in New Hampshire.

43.  My Legal Address of 1465 Hooksett Road, Unit 66, Hooksett, New Hampshire was confirmed by my mom, who identified herself as Victoria Isijola and Aaron R. Richards who physically came to my legal address and he confirmed the address to Linda Capuchino, the Hearing Examiner.

44.  Linda Capuchino asked Aaron R. Richards, the relief he was seeking, and he said he will request that my Driver's License be suspended after the Administrative Hearing, and he will further request that my Driver's License remain suspended until the completion of his criminal case.

45.  Linda Capuchino asked Aaron R. Richards if Director of Motor Vehicles, Elizabeth Bielecki, has suspended my Driver's License already and he said Yes.

46.  I heard that my Driver's License was suspended in this Administrative Hearing and a confirmation that my Driver's license was suspended before this Administrative Hearing.

47.  Throughout when Aaron R. Richards was giving his Direct Testimony, Donald Blaszka, as my Counsel, never objected to any of his Direct Testimony.

48.  Linda Capuchino asked Donald Blaszka if I am aware that I could be subject to one-year and potential indefinite suspension of my privileges, which would transfer to all States, so I

10

could not get a License anywhere if I do not prevail in the Administrative Hearing of August 5, 2020.

49.  Donald Blaszka answered Yes and ask me if I am aware of what Linda Capuchino ask him and I clearly stated I am not aware of the potential indefinite suspension of my Driver's License, which will transfer to all states, so that I could not get a License anywhere.

50.  I stated clearly that Donald Blaszka did not communicate with me based on my conversations with him on the issue of my Driver's License, and based on what Linda Capuchino asked him and when he asked me, I said I was not aware of that.

51.  Donald Blaszka, requested from Linda Capuchino, if he can take a brief recess, so that he can speak with me.

52.  Before Donald Blaszka was granted his request to speak with me, Linda Capuchino spoke directly to me that the potential consequence for not prevailing in the Administrative Hearing was that my Driver's License will be suspended in the State of New Hampshire for at least one year and possibly longer and that means my Driver's License would go into a Central Registry and I will be suspended in Massachusetts, Rhode Island and anywhere else I move and try to get a Driver's License, until New Hampshire is cleared up, which will take at least one year.

53.  Then Linda Capuchino suspended the Administrative Hearing for a while, so that Donald Blaszka can speak with me, and Linda Capuchino asked Aaron R. Richards if there was an objection to suspending the Administrative Hearing, to which he said he had no objection.

54.  Donald Blaszka informed me he was disappointed that I was not cooperative with him in saying yes to the question Linda Capuchino asked him, that if I know that am aware that I could be subject to one-year and potential indefinite suspension of my privileges, which would transfer to all States, so I couldn't get a Driver's License anywhere.

11

55.  I was informed by Donald Blaszka that I should cooperate with him by saying Yes to any question that Linda Capuchino asked, so that we can both be in unison.

56.  I informed Donald Blaszka that I do not believe that he is representing my interest in the Administrative Hearing and ask him, if he could recuse himself from representing me in the Administrative Hearing, he informed me he is trying and I concluded my statement with him, that I will let the Hearing Examiner knows that he does not represent my interest.

57.  After Donald Blaszka scolded me, he informed me we should get back to join Aaron R. Richards and Linda Capuchino and continue the Administrative Hearing.

58.  Linda Capuchino asked Aaron Richards if as the witness for the State of New Hampshire, he has rested at that point, he answered and said yes.

59.  Linda Capuchino asked Donald Blaszka how he was going to proceed in representing my interests.

60.  Donald Blaszka said he has a couple of questions and he stated that Aaron R. Richards did say it, that he went to my address that he provided to Aaron R. Richards and Aaron R. Richards said yes and he was asking Aaron R. Richards, if I lived in the address he provided Aaron R. Richards and he answered him that my mom said I lived there and he asked Aaron R. Richards that he understands that I was not at the residence when he came to my house and Aaron R. Richards stated that I was not and Donald Blaszka said that was the only question he had for Aaron R. Richards.

61.  After Donald Blaszka finished asking his only one question from Aaron R. Richards, he turned to Linda Capuchino, and said that he emailed some documents to her and Linda Capuchino asked Aaron R. Richards, if he emailed her and Aaron R. Richards said Yes and Donald Blaszka without being asked by Linda Capuchino, said he did.

62. Out of the many documents, that I gave Donald Blaszka to provide to the New Hampshire Department of Safety, Bureau of Hearings, he only provided three documents and send only three documents by email to Linda Capuchino and named my bank statement account, letter from a debt collector and my paystub showing my physical address.

63. And then Donald Blaszka informed Linda Capuchino that he will ask me some questions with regards to the three documents he submitted to Linda Capuchino on my behalf, and instead of Donald Blaszka asking Aaron R. Richards questions, he was asking me, ranging from when I left Rhode Island, to my marital status to my residency status in my own house.

64. Upon questioning me by Donald Blaszka, I stated that I have been a resident of New Hampshire since 1999 and I went to school in New Hampshire, and I have my master's degree and graduated as well.

65. I was questioned by Donald Blaszka about the type of employment I was doing, I answered that I am in the ADT Security business and that I engage in sales. I stated that I have never had any criminal record and I have never had any misdemeanors and I have abided by the New Hampshire Rules.

66. I confessed and stated that Donald Blaszka directed me to go and meet with Aaron R. Richards and be arrested on August 4, 2020, and I stated that Donald Blaszka was working with Aaron R. Richards, and he does not have my best interests. I further stated that he provided my legal address to Aaron R. Richards, so that he can get me arrested. I stated that what Donald Blaszka did was not right, as a Counsel who I sought his services to represent me in the Administrative Hearing. I ended my statement on his representation of me, that I do not think he had my best interests.

67. And after informing Linda Capuchino that Donald Blaszka does not have my best interest, Donald Blaszka informed Linda Capuchino he has no further questions.

68. Linda Capuchino asked Aaron R. Richards if he would like to ask me any question before she ask her questions from me.

69. Aaron R. Richards was confirming that my birth name is Philip Mark, and he was asking what my actual legal name was, in which I responded that my legal name and birthname when I was born was Femi Isijola and that I got my Driver's license in New Hampshire.

70. I further responded that I changed my name from Femi Isijola to Philip Israel Mark in New Hampshire and later on change it back to Femi Isijola in Rhode Island. I stated that my Driver's License Report shows both names of Femi Isijola and Philip Israel Mark.

71. I stated in addition to my response, when Aaron R. Richards testify that I never identified that my name was Philip Mark in Rhode Island, I said his statement was not true, as my name was changed from Philip Israel Mark back to Femi Isijola, with a legal document that I gave Donald Blaszka, being my Counsel to submit to the New Hampshire Department of Safety, Bureau of Hearings as an Exhibit.

72. Linda Capuchino asked me what my legal name is, as approved by the Court of Law, to which I answered and said that I am known as Femi Isijola.

73. As Linda Capuchino was asking me a question in the Administrative Hearing, the video teleconference went off, and I received a call from Donald Blaszka, who accused me of not cooperating with him and not answering the questions he was asking me, to which I responded to him and state that he was representing Aaron R. Richards and not me.

74. All through this Administrative Hearing, I was at home, and I was not on the road, and I never texted Donald Blaszka, as he was informing Linda Capuchino, when we came back after the malfunctioning of the video teleconference, that I was on the road and texting him.

75. Donald Blaszka stated in the Administrative Hearing and informing Linda Capuchino that he wanted to kill me.

76. Linda Capuchino asked me if I went to Court and have my name changed back to Femi Isijola, to which I responded that I did change my name back to Femi Isijola and that was changed in the Probate Court of Rhode Island.

77. I further stated that my record states I bear that name and that I attended Southern New Hampshire University, and I had a master's degree in Southern New Hampshire University in New Hampshire.

78. Linda Capuchino asked me that when I applied for a Massachusetts Driver's License, what address did I used, which I replied, that when I applied for a Massachusetts Driver's License, the address I used was 68 Main Street, Unit 474, Leominster and she never elaborated on her questioning.

79. After I finished answering the question that Linda Capuchino asked me, she said she had other questions but she thinks she has enough information, and asked if Aaron R. Richards has anything to add, which he said he has nothing further and asked Donald Blaszka, if he has anything further, which he said nothing further.

80. I asked from Linda Capuchino, what about me as well, and she answered Yes and I confirmed her answer and I stated that since 1999, I have been in New Hampshire, and I have never had any criminal record and I have never had my Driver's License suspended for any other reasons.

81.  I further stated that I heard that Aaron R. Richards stated that I did not live in 134 Mammoth Road, Unit 26, and I confirmed that I live in the address, as I stated to Linda Capuchino, the Hearing Examiner and presiding officer of the Administrative Hearing, that it was a misrepresentation of information by Aaron. R. Richards.

82.  I stated that since Linda Capuchino verified that I am a resident of New Hampshire, I want my full restitution of my Driving License to be restored.

83.  I further stated that Aaron R. Richards wanted to get me arrested and I said that should not happen since he confirmed to Linda Capuchino that I live in New Hampshire and no criminal record, and I am a Black African American male.

84.  As I was giving my oral testimony in the Administrative Hearing, Donald Blaszka was interrupting me saying that Linda Capuchino has already heard my oral testimony and I responded that I have to say my oral testimony for the record and Donald Blaszka said okay.

85.  Linda Capuchino interjected and said she is going to look at the three documents out of the many documents I provided to Donald Blaszka to be submitted to the New Hampshire Department of Safety, Bureau of Hearings, which Donald Blaszka did not provide the other documents and she said she will look at the report provided by Aaron R. Richards and issued her decision.

86.  On the same day on August 5, 2020, after my observations of what happened in the Administrative Hearing, of the fact that Donald Blaszka was not representing my interests but instead representing the interests of Aaron R. Richards and that of the New Hampshire Department of Safety, Bureau of Hearings.

87.  On the same date on August 5, 2020 at 9:52 PM, I sent a Hearing Memorandum to Linda Capuchino, Hearing Examiner of the New Hampshire Department of Safety, Bureau of Hearings,

since Donald Blaszka did not represent me and I copied Donald Blaszka, since it was apparent that he was representing the interest of Aaron R. Richards.

88.  On the same date on August 5, 2020 at 10:32 PM, I send the address proof of 134 Mammoth Road, Unit 26, Hooksett, New Hampshire to Linda Capuchino, Hearing Examiner of the New Hampshire Department of Safety, Bureau of Hearings, since Donald Blaszka did not represent me and my interests and I copied Donald Blaszka, since it was apparent that he was representing the interest of Aaron R. Richards.

89.  On August 18, 2020, I send an email message at 8:51 AM to the email address of the New Hampshire Department of Safety, Bureau of Hearings, which is safety-hearings@dos.nh.gov, that since I replaced Donald Blaszka, all official documents and correspondence from them should be forwarded directly to me.

90.  On September 16, 2020, I received by email communication at 12:35 PM, two decisions coming from the New Hampshire Department of Safety, Bureau of Hearings, one decision with my former name of Philip Israel Mark with a falsified reference number of NHI11141845 and with the decision of my Driver's License privilege suspension of one (1) year and Vehicle Registration privilege suspension of one (1) year with hearing required to ensure residency and to ensure I hold no other license in any other jurisdiction and the decision was dated September 14, 2020 with no signature by Linda Capuchino and the decision stated I had appeals rights pursuant to New Hampshire Revised Statute Annotated 263:76.

91.  On the same day on September 16, 2020, I received by email communication at 12:35 PM, on the same email message coming from the New Hampshire Department of Safety, Bureau of Hearings, and the name of the sender was Monica E, who identified as the Administrative Supervisor of the New Hampshire Department of Safety, Bureau of Hearings and Linda

Capuchino was copied, with another decision noting my name as Isijola Femi, with the reference number of NHI11151845 and the decision on my Driver's License suspension was one (1) year and my Vehicle Registration was suspended indefinitely with Hearing Required.

92.   On September 17, 2020 at 8:41 AM, I sent Donald Blaszka, an email message and I copied his Legal Assistant, Kathleen Mooney, also known as Kathy Mooney, that he should never attempt to receive anything on my behalf or to attempt to represent me anywhere. I further stated that I do not need his services and I will never use his services and I do not intend to use him as a referral anywhere. I further stated that his actions before, on and after August 5, 2020, were dishonorable and he was a shame to the legal profession he represents. I told him to return the $2,000 that I paid him as he never did anything for me and never provided any legal advice verbally or in a written form. I concluded my email message to him that he should send my documents to my provided mailing address in Hooksett, New Hampshire.

93.   On the same date on September 17, 2020 at 10:36 AM, I received an email message from Donald Blaszka that he will be sending back my money of $2,000 in the mail and he never objected to my email message I sent him earlier in the day.

94.   On September 18, 2020, I received a dated Notice of Suspension of my Driver's License on September 15, 2020 through my mailing address in Hooksett, New Hampshire, that the full suspension of my Driver's License took effect on August 5, 2020, (08/05/2020) and I may be considered for restoration on August 5, 2021, (08/05/2021), and the reason for the suspension of my Driver's License by Elizabeth Bielecki, Director of Motor Vehicles was that she believed I made False statement on Driver's License pursuant to New Hampshire RSA 263:12V. The reference number is DRC9144 and my Driver's License Number that ends with the last four digits number of 7541.

95.   On the same date on September 18, 2020, I received a Dated Notice of Suspension of my Registration on September 15, 2020 through my mailing address in Hooksett, New Hampshire, that the full suspension of my Registration took effect on August 5, 2020, (08/05/2020) and I may be considered for restoration on August 5, 2021, (08/05/2021), and the reason for the suspension of my Registration by Elizabeth Bielecki, Director of Motor Vehicles was that she believed I made false statement on Registration pursuant to New Hampshire RSA 261:178. The reference number is DRC9111 and my Driver's License Number ends with the last four digits number of 7541.

96.   On September 22, 2020 at 8:25 AM, I faxed to the fax number of 603-271-7800, the fax number of the Director of the New Hampshire Department of Safety, Division of Motor Vehicles and I also mailed my letter of Director's Review to the Director's mailing address and I address my letter of Director's Review of Hearing Examiner's Linda Capuchino's Factual Errors and Errors of Law decision received by me on September 16, 2020, to Elizabeth Bielecki for Director's Review of that decision.

97.   On September 28, 2020, at 10:32 AM, I send Donald Blaszka an email message and I copied his Legal Assistant, Kathy Mooney, that I did not receive the promised check of $2,000 that I was supposed to receive.

98.   On September 30, 2020, at 12:10 PM, I sent a message through my email address to the email address of the New Hampshire Department of Safety, Bureau of Hearings that I call in to their office to inquire about my case, which was named a False Statement Hearing and I was informed that Linda Capuchino changed the False Statement Hearing to a Reciprocity Hearing and I make clear in that email message, that the Administrative Hearing was never a Reciprocity Hearing but was known as a False Statement Hearing and was held on August 5, 2020.

99.   On the same day on September 30, 2020 at 12:52 PM, I sent a message through my email address to the email address of the Director of the New Hampshire Department of Safety, Division of Motor Vehicles, and the Director at the time was Elizabeth Bielecki, and I said that I call in to the New Hampshire Department of Safety, Bureau of Hearings to inquire about my case, which was named a False Statement Hearing and I was informed that Linda Capuchino, Hearing Examiner of the New Hampshire Department of Safety, Bureau of Hearings, changed the False Statement Hearing to a Reciprocity Hearing and I make clear in that e-mail message, that the Administrative Hearing was never a Reciprocity Hearing but was known as a False Statement Hearing and was held on August 5, 2020.

100.   On October 2, 2020 at 8:31 AM, I received an email message from Christopher Casko, Administrator of the New Hampshire Department of Safety, Bureau of Hearings that there will no action taken pursuant to my emails, he further stated that a Court of Appeal is the only method that I may challenge an Order of the Hearing Examiner's Decision according to the instructions of the Hearing Report.

101.   On October 2, 2020 at 1:00 PM, I received an email message from Donald Blaszka, that his office received back the packet with the refund check in the mail as return to sender from the post office.

102.   On the same date on October 2, 2020 at 1:04 PM, I directed Donald Blaszka to send the purported refund check to my home and legal address in Hooksett, New Hampshire.

103.   On the same date as October 2, 2020 at 1:07 PM, Donald Blaszka said he will place it in the mail on the same day.

104.   On October 2, 2020, I filed my Appeal of the Hearing Examiner's Linda Capuchino's determination and Elizabeth Bielecki's decision to suspend my Driver's License and Registration

Certificate pursuant to my Appeals Rights found in New Hampshire Revised Statute Annotated 263:76 with the New Hampshire Merrimack County Superior Court, Concord, New Hampshire and the action was entitled Femi Isijola versus Director, New Hampshire Department of Safety, Division of Motor Vehicles and the Civil Case Number was 217-2020-CV-00533 and the assigned Judge was Andrew R. Schulman.

105.  On October 7, 2020 at 3:05 PM, I received through my email address, from Maria E. Buckman, Supervisor of the Office of the Director of Motor Vehicles and the Justice of Peace who grant the issuance of Aaron R. Richards's application for arrest warrant, the response of Elizabeth Bielecki to my petition for Director's Review.

106.  On December 3, 2020 at 10:58 AM, a Hearing on the Merits was held by Telephonic Hearing and I was in attendance, so was Michael P. King who represented the Director, New Hampshire Department of Safety, Division of Motor Vehicles, so was Andrew R. Schulman, a New Hampshire Superior Court Judge, who presided over the Hearing on the Merits.

107.  Andrew R. Schulman who presided over the Hearing on the Merits on December 3, 2020, mentioned and knew that the suspension of my Driver's License and Registration was not in the New Hampshire Statute and in the process, chose not to reinstate my Driving License and Registration Privileges and thereby violated my Due Process Rights.

108.  I clearly stated my Oral Testimony in the Hearing on the Merits held on December 3, 2020, and the proceedings of the Hearing on the Merits ended at 11:53 AM.

109.  On January 26, 2021 at 9:02 AM, I filed a Motion with the New Hampshire Merrimack County Superior Court to receive an Order on the Hearing on the Merits decision held on December 3, 2020, with the New Hampshire Merrimack County Superior County Court in the Civil Case Number of 217-2020-CV-00533.

110.  On January 27, 2021 at 8:23 AM, I received through my email address, the New Hampshire Merrimack County Superior Clerk's Notice of Decision of Andrew R. Schulman in the matter between me and the Director, New Hampshire Department of Safety, Division of Motor Vehicles, that was dated January 26, 2021, and he never addressed Errors of Law and the Reinstatement of my Suspended Driving License and Vehicle Registration and he cited no case law to affirm Linda Capuchino's determination and the suspension of my privileges.

111.  On January 29, 2021, I file my Motion to Reconsider with the New Hampshire Merrimack County Superior Court in order to reconsider Andrew R. Schulman's decision to affirm Linda Capuchino's determination of September 16, 2020, pursuant to Rule 12(e) of the New Hampshire Superior Court Rules.

112.  On the same date on Friday, January 29, 2021, shortly after 3:00 PM, Aaron R. Richards, Trooper of the New Hampshire Department of Safety, Division of State Police and witness in the Administrative Hearing of August 5, 2020, appeared at my legal address in Hooksett, New Hampshire, and this is while there is an ongoing proceeding at the New Hampshire Merrimack County Superior Court at the time.

113.  On February 9, 2021 at 2:32 PM, I was served a New Hampshire Merrimack County Superior Clerk's Notice of Decision of Andrew R. Schulman that he has mooted my Motion to receive an Order on the Hearing on the Merits decision held on December 3, 2020.

114.  On the same date of February 9, 2021 at 2:32 PM, I was served a New Hampshire Merrimack County Superior Clerk's Notice of Decision of Andrew R. Schulman that he has denied my Motion to Reconsider his decision to affirm Linda Capuchino's determination of September 16, 2020, and in his denial, he said a criminal conviction is not a prerequisite for suspension or revocation of a license and/or registration under RSA 260:10.

115. On February 11, 2021, I filed my Notice of Mandatory Appeal with the New Hampshire Supreme Court pursuant to my right found in Rule 7 of the New Hampshire Supreme Court Rules, from the decision of the merits of the New Hampshire Merrimack County Superior Court after the hearing on the merits held on December 3, 2020, and I included with my Notice of Mandatory Appeal, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision of the denial of my Motion for Reconsideration pursuant to Rule 12(e) of the New Hampshire Superior Court Rules, dated February 9, 2021, (02/09/2021) and the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision of the Final Order of the New Hampshire Superior Court, dated January 26, 2021.

116. On February 19, 2021 at 10:30 AM, I received through my email address, a Notification from the New Hampshire Supreme Court, of the E-file Docketing Notice of the assigned Case Number of 2021-0045, in the matter between me and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles.

117. On February 25, 2021, I was served through my email address, a notification from the New Hampshire Supreme Court, that Jessica A. King of the New Hampshire Department of Justice is showing appearance as the Counsel for Elizabeth Bielecki, Director of New Hampshire Department of Safety, Division of Motor Vehicles.

118. On February 26, 2021, shortly after 9:00 AM, Aaron R. Richards, Trooper of the New Hampshire Department of Safety, Division of State Police and witness in the Administrative Hearing of August 5, 2020, appeared at my legal address in Hooksett, New Hampshire, and this is while there is an ongoing proceeding at the New Hampshire Supreme Court at the time.

119. On the same date on February 26, 2021 at 9:46 AM, I notify Jessica A. King, by emailing her at her email address of jessica.a.king@doj.nh.gov and calling her at her provided phone

number of 603-271-3675 that Aaron R. Richards, Trooper of the New Hampshire Department of

Safety, Division of State Police and witness in the Administrative Hearing of August 5, 2020,

appeared at my physical and residential address in Hooksett, New Hampshire, and this is while

there is an ongoing proceeding at the New Hampshire Supreme Court at the time.

120.  On March 3, 2021 at 8:44 AM, I was served by email communication, that the New

Hampshire Supreme Court has accepted the case number 2021-0045 between me and Elizabeth

Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles and I was

also notified of a mediation eligibility.

121.  On March 4, 2021 at 9:59 AM, I emailed Jessica A. King, Counsel for Elizabeth Bielecki,

Director, New Hampshire Department of Safety, Division of Motor Vehicles, about the

mediation eligibility offered to the parties in the matter between me and Elizabeth Bielecki,

Director, New Hampshire Department of Safety, Division of Motor Vehicles.

122.  On the same date of March 4, 2021 at 10:47 AM, Jessica A. King communicated with me

through email communication, and stated that she forwarded my last email message regarding

my report to her of Aaron R. Richards showing appearance in my legal address when there was

an ongoing proceeding in the New Hampshire Supreme Court at the time, and she stated that she

forwarded the email message to the Counsels for the New Hampshire Department of Safety for

their information.

123.  On March 12, 2021 at 7:18 AM, I reach out again through my email to Jessica A. King,

Counsel for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of

Motor Vehicles, about the mediation eligibility offered to the parties in the matter between me

and Elizabeth Bielecki, Director, New Hampshire Division of Motor Vehicles, after not

receiving a response since March 4, 2021, when I first reach out to her, as Counsel for Elizabeth

Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, on March 4, 2021.

124. On March 15, 2021 at 3:49 PM, I received an email message from Jessica A. King, Counsel for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, that the State is not amenable to mediation and would like to move forward with a briefing schedule.

125. On March 19, 2021, shortly after 12:30 PM, Aaron R. Richards, Trooper of the New Hampshire Department of Safety, Division of State Police and witness in the Administrative Hearing of August 5, 2020, appeared at my legal address in Hooksett, New Hampshire and he came with another Trooper of the New Hampshire Department of Safety, Division of State Police, whose name is unknown, and this is while there is an ongoing proceeding at the New Hampshire Supreme Court at the time.

126. On the same date, on March 19, 2021, I filed with the New Hampshire Supreme Court, the Appellate mediation eligibility agreement form, that was sent to me, after Elizabeth Bielecki, Director, New Hampshire Division of Motor Vehicles through her Counsel, Jessica A. King did not agree to the mediation eligibility agreement form offered to both Elizabeth Bielecki and I.

127. On April 27, 2021, I received notification from the New Hampshire Supreme Court, that the certified copy of the administrative proceedings, otherwise known as the Transcript of the Administrative Hearing held on August 5, 2020 before the New Hampshire Department of Safety, Bureau of Hearings presided over by Hearing Examiner, Linda Capuchino and the Administrative Record filed by the Counsel of Record for Elizabeth Bielecki with the New Hampshire Merrimack County Superior Court, Michael P. King, was transmitted to the New Hampshire Supreme Court.

128.  On May 13, 2021, I received notification from the New Hampshire Supreme Court, that the Transcript of the Hearing on the Merits held on December 3, 2020, before the New Hampshire Merrimack County Superior Court presided over by the New Hampshire Superior Court Judge, Andrew R. Schulman in the Civil Case Number 217-2020-CV-00533 in the matter between me and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, was transmitted to the New Hampshire Supreme Court.

129.  On June 2, 2021 at 2:27 PM, Jessica A. King, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, reach out to me to inquire if I will support the Motion to Seal my record in order to redact personally identifying information of mine in both the New Hampshire Supreme Court and the New Hampshire Merrimack County Superior Court.

130.  On the same date on June 1, 2021 at 3:02 PM, I informed Jessica A. King, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, that I do not assent to the Motion to Seal my record in order to redact personally identifying information of mine, as I do not want anything hidden from the public.

131.   On June 2, 2021 at 5:00 PM, despite my wishes of not assenting to sealing my record, Jessica A. King, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, despised my wishes and filed with the New Hampshire Supreme Court, her Motion to Seal my Record on Appeal.

132.  On June 3, 2021, despite my wishes of not assenting to sealing my record, Christopher Casko, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles with the New Hampshire Merrimack County Superior Court,

despised my wishes and filed with the New Hampshire Merrimack County Superior Court, his Motion to Seal my Record.

133. On June 4, 2021, I filed with the New Hampshire Supreme Court, my Objection to the Motion to Seal my Record filed on June 2, 2021, against my wishes, by Jessica A. King, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles with the New Hampshire Supreme Court.

134. On the same date on June 4, 2021, I filed with the New Hampshire Merrimack County Superior Court, my Objection to the Motion to Seal my Record filed on June 2, 2021, against my wishes, by Christopher Casko, Counsel of Record for Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles in the New Hampshire Merrimack County Superior Court.

135. On June 10, 2021 at 11:54 AM, I received notification from the New Hampshire Supreme Court that Elizabeth Bielecki's Motion to Seal my Record by her Counsel of Record, Jessica A. King in the New Hampshire Supreme Court was denied.

136. On June 11, 2021, I received notification from the New Hampshire Merrimack County Superior Court, that an Order was made in favor of Elizabeth Bielecki's Motion to Seal my Record, filed by her Counsel of Record, Christopher Casko in the New Hampshire Merrimack County Superior Court.

137. On June 14, 2021, I filed a Motion to Reconsider pursuant to Rule 12(e) of the New Hampshire Superior Court, the Judicial Officer, Andrew R. Schulman's Order made in favor of Elizabeth Bielecki's Motion to Seal my Record, filed by her Counsel of Record, Christopher Casko in the New Hampshire Merrimack County Superior Court and attached Exhibits and I

informed Andrew R. Schulman that the same Motion to Seal my Record was denied by the New
Hampshire Supreme Court.

138.  On June 25, 2021, I received notification from the New Hampshire Merrimack County
Superior Court, that my Motion to Reconsider the Order made in favor of Elizabeth Bielecki's
Motion to Seal my Record, filed by her Counsel of Record, Christopher Casko in the New
Hampshire Merrimack County Superior Court was granted by Judicial Officer, Andrew. R.
Schulman.

139.  On July 1, 2021, I filed with the New Hampshire Supreme Court, my Opening Principal
Brief and I attached my Appendices to my Opening Principal Brief.

140.  On August 31, 2021, I filed with the New Hampshire Supreme Court, my Reply Brief in
support of my Opening Brief.

141.  On November 18, 2021 at 8:44 AM, I received notification from the New Hampshire
Supreme Court, that the Final Order of the New Hampshire Merrimack County Superior Court
made by Andrew R. Schulman was affirmed without elaboration on why the decision was not
reversible error and without mentioning my Motion for Reconsideration that was filed on
January 29, 2021 with the New Hampshire Merrimack County Superior Court, and denied on
February 9, 2021 by Andrew R. Schulman, and the New Hampshire Supreme Court Judicial
Officers who affirmed Andrew R. Schulman's Final Order were Patrick Donovan, Anna Barbara
Hantz Marconi, James Bassett and Gary Hicks.

142.  On November 19, 2021, I filed with the New Hampshire Supreme Court, my Motion for
Clarification on why the New Hampshire Supreme Court did not rule on my Motion for
Reconsideration filed with New Hampshire Merrimack County Superior Court on January 29,
2021, and denied by Judicial Officer Andrew R. Schulman on February 9, 2021, (02-09-2021).

143. On November 23, 2021, I filed with the New Hampshire Supreme Court, my Motion for Reconsideration pursuant to Rule 22 of the New Hampshire Supreme Court Rules established that the Judicial Officers, Patrick Donovan, Barbara Hantz Marconi, James Bassett and Gary Hicks overlooked and misapprehended several points of law and fact and the Judicial Officers affirmed the Final Order of Judicial Officer Andrew R. Schulman without elaboration on their claims that I did not established reversible error in the matter between me and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles.

144. On November 24, 2021, I received notification from the New Hampshire Supreme Court, that my Motion for Clarification was denied by Judicial Officers, Patrick Donovan, Barbara Hantz Marconi, James Bassett and Gary Hicks.

145. On December 9, 2021 at 9:08 AM, I received notification from the New Hampshire Supreme Court, that my Motion for Reconsideration and the Relief Requested in my Motion for Requested was denied by Judicial Officers, Patrick Donovan, Barbara Hantz Marconi, James Bassett and Gary Hicks.

146. On the same date of December 9, 2021, a Mandate was issued by the New Hampshire Supreme Court on both the Order denying my Motion for Reconsideration with Relief requested and the affirmed Order of the New Hampshire Supreme Court, entered on November 18, 2021, and was signed by the Clerk of the New Hampshire Supreme Court, Timothy A. Gudas.

147. On the same date of December 9, 2021 at 11:10 AM, after it was clear the New Hampshire Supreme Court closed the case number 2021-0045 and failed to reinstate my Driving License privilege and Registration privilege, I fax to the Bureau of Hearings at 603-271-6653, the facsimiles number of the New Hampshire Department of Safety, Bureau of Hearings for a request for Hearing about my reinstatement of my Driver's License and Vehicle Registration and

at 11:42 AM, I send an email message to the email address of the New Hampshire Department of
Safety, Bureau of Hearings to request for a Hearing to have my Driver's license and Registration
privilege reinstated and I ensure in the email message to mentioned that I paid the Registration
privilege restoration fee of $25.00 and the Operating License privilege restoration fee of
$100.00.

148.   On December 10, 2021 at 8:47 AM, I send an email message to Timothy Gudas, Clerk of
the New Hampshire Supreme Court that I will be filing a Certiorari with the United States
Supreme Court in the matter between me and Elizabeth Bielecki, Director, New Hampshire
Department of Safety, Division of Motor Vehicles in the New Hampshire Supreme Court with
the assigned number of 2021-0045.

149.   On the same date on December 10, 2021 at 4:52 PM, I received an email message from
Timothy A. Gudas, Clerk of the New Hampshire Supreme Court that I may send the Certiorari to
his attention, in the address he provided in the email address and he provided the business
address of the opposing Counsel, Jessica A. King in the his email.

150.   On December 14, 2021, I received by my mailing address, a letter dated December 10,
2021, from the New Hampshire Department of Safety, Bureau of Hearings that was titled Notice
of Hearing and addressed to my former name of Philip Israel Mark and the date of the Hearing
was scheduled for January 20, 2022 at 9:30AM and the assigned Hearing number was
HR202117109. My Reference Number is NHI11151845, and the scope of the hearing was to
determine if my New Hampshire Driver License and Registration should be/remain
suspended/revoked and the statutory authorities cited were RSA 260:10, RSA 263:12 and RSA
261:178 and the regulatory authorities were administrative rule Saf-C 204.15 and Saf-C 204.01. I
was notified that Aaron R. Richards was going to attend the hearing.

151.  On December 30, 2021, I forwarded a request to the New Hampshire Department of Safety, Bureau of Hearings via Certified Mail Return Receipt, a request for a Video Hearing instead of an in person hearing as there was no means for me of getting to Concord, New Hampshire for the Hearing.

152.   On January 4, 2022, I received an email message at 10:09 AM addressed in my former name of Philip Israel Mark and sent to my email address to join a scheduled WebEx meeting invitation on January 20, 2022 at 9:30 AM. I was provided with a meeting link, meeting number and opportunity to join from a mobile device, phone and video system or application.

153.  On January 13, 2022, I forwarded five written motions, four notarized Affidavits, one written request to ask Trooper First Class Aaron Richards the following pertinent questions on administrative hearing scheduled for January 20, 2022 at 9:30 AM through Certified Mail with Return Receipt requested to the Hearing Examiner, Stacey K. Schultz, Aaron R. Richards and the Office of the Commissioner of the New Hampshire Department of Safety, Robert Quinn and I certify that the recipients received the documents through confirmation of the return receipts sent back to my physical and residential address. My Five (5) Written Motions were (1) Motion to change name from my former name to my current name. (2) Motion to vacate offenses on my Driving report for False Statement on my Driver's License and Vehicle Registration (3) Motion to prove New Hampshire Residency and have no Active Valid Driver's License in any Jurisdiction of the United States of America. (4) Motion to raise Constitutional Violations of my Rights found both in the Constitution of the State of New Hampshire and the United States of America. (5) Motion to vacate Fees paid for Registration Privilege Restoration Fee and Operating Privilege Restoration Fee. My Four (4) Affidavits were (1) Affidavit of my Motion to Change my Name in the Motor Vehicle Records of the New Hampshire Department of

Safety, Division of Motor Vehicles. (2) Affidavit of my Motion to vacate offenses in my Driver's

Record Report (3) Affidavit of my Motion to prove New Hampshire Residency and a Declaration

of no Valid Active Driver's License in any Jurisdiction of the United States of America. (4)

Affidavit of my Motion to raise Constitutional Violations of my Rights found both in the

Constitution of the State of New Hampshire and United States of America. My One (1) Request

to ask Trooper Aaron Richards the following pertinent questions at the Administrative Hearing

scheduled for January 20, 2022.

154.  On January 19, 2022, I forwarded my Memorandum of Facts and Law in support of my

Reinstatement of his Driver's license and Vehicle Registration privileges to both Hearing

Examiner for the New Hampshire Department of Safety, Bureau of Hearings, Stacey K. Schultz,

Esq, and Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State

Police by emailing the document to both and mailing the document through U.S first class mail,

postage prepaid.

155.  On January 20, 2022, I attended the scheduled Administrative Hearing set for January 20,

2022, through video teleconference technology that started after 9:30 AM, also in attendance for

the Administrative Hearing were Aaron R. Richards, who identified himself as a Detective

Sergeant formerly known by me as Trooper First Class Aaron R. Richards, Trooper, New

Hampshire Department of Safety, Division of State Police and the presiding Hearing Examiner,

Stacey K. Schultz, Esq, from the New Hampshire Department of Safety, Bureau of Hearings. The

matter was entitled State of New Hampshire v. Femi Easyjay Isijola and the Hearing was known

as Administrative License Suspension Hearing and the assigned Hearing Number that I

participated in was HR202117109 and the Hearing was still known as False Statement Hearing.

156.  In this Hearing, pursuant to Administrative Saf-C 203.13 (e), I advised the presiding Hearing Examiner, Stacey K. Schultz, that I will be recording the Hearing and before the Stacey K. Schultz started recording the official recording, she did not record some important things she advised the parties of doing but because I did record the hearing, I capture everything that Stacey K. Schultz and Aaron R. Richards said, and even when Stacey K. Schultz started her recording, she said and we will get started from there.

157.  That I introduced myself as Femi Isijola, formerly known as Philip Israel Mark acting as Pro Se and I introduce admittance at the administrative hearing, into the record the Hearing number HR20211709, and Reference Number NHI11158545, my five written motions, four affidavits, one request to ask Trooper First Class Aaron R. Richards pertinent questions and my Memorandum of Facts and Law and I acknowledge the new portfolio of Aaron R. Richards, who now identifies himself as Detective Sergeant Aaron R. Richards and the Presiding Hearing Examiner, Stacey K. Schultz, Esq, did said Yes to the admittance into the record.

158.  After admitting my documents into the record, that includes my five motions, four affidavits, one request to ask Aaron R, Richards pertinent questions and my memorandum of facts and law, Stacey K. Schultz told me she does have a copy of my most recent Motor Vehicle Record that was still in my former name, Philip Israel Mark and I was never provided the copy of this most recent motor vehicle record before, during and after the Administrative Hearing.

159.  That my name, legal address and mailing address all in Hooksett, New Hampshire was acknowledged by the presiding Hearing Examiner, Stacey K. Schultz.

160.  I provided my parents' name and mailing address and my living status in my own home, which were questions that Stacey K. Schultz asked me in this Administrative Hearing.

161.  I was successful in having Stacey K. Schultz understand that Federal law trumps State law, as she required more than necessary requirements to prove my sole residency in New Hampshire.

162.  That Stacey K. Schultz, Esq, asked Aaron R. Richards if he has anything to put on the record or enlighten the Bureau of Hearings about, Aaron R. Richards said he has nothing new to share and that the State of New Hampshire has nothing new.

163.  That I was asked by Stacey K. Schultz, Esq, if I have already submitted court paperwork from the Providence Probate Court in Rhode Island changing from my former name, Philip Israel Mark to my name, to which I acknowledged that it is in the possession of the New Hampshire Department of Safety, Division of Motor Vehicles and that Aaron R Richards, Trooper, New Hampshire Department of Safety, Division of State Police provided the official document on August 5, 2020, when he was provided his purported report from Rhode Island.

164.  That I sought an apology from Aaron R. Richards based on the fact he made false allegations against me in the False Statement proceedings on Driver's License and Registration Certificate, but he did not apologize during the duration of the Administrative Hearing.

165.  I informed Stacey K. Schultz, that my Driver's License issued by New Hampshire was placed in the Central Registry of the National Driver's Registry by Linda Capuchino and I cannot procured a Driver's License anywhere in the United States and with that, the information goes to the other 49 States informing them that my Driver's License was suspended by New Hampshire and that my Driver's license suspension cannot emanate from Massachusetts as mentioned by Stacey K. Schultz.

166.  That I informed Stacey K. Schultz, that what I endure, has not been gone through by any other race, since I am a minority and I identify myself as a Black African American male and I

am shown that I do not belong in New Hampshire, and I stated Stacey K. Schultz knows the truth.

167. That I informed Stacey K. Schultz, that I have never been convicted in any court of law in New Hampshire or in any jurisdiction in the United States of America, and I still have my Driver's license and Vehicle Registration suspended.

168. I informed Stacey K. Schultz, that I have never made a false statement in procuring a Driver's license and Vehicle Registration in New Hampshire and that if there should have been allegations of False Statement of me procuring a False Driver's License and Registration, it should have started in 1999 when I first procured my Original Driver's License and Registration and I mentioned the License number in the course of the Administrative Hearing.

169. Stacey K. Schultz, informed me in the Administrative Hearing that she will hold the hearing down for 30 days, then later she said thirty business days and then she said she has under the rules, she has up to 30 days to issue an order from any hearing.

170. Aaron R. Richards specifically requested from Stacey K. Schultz, that I specifically come to Concord, New Hampshire Division of Motor Vehicles to make an appointment to show any documents I have, to which I replied that I cannot come to Concord, more specifically, the Local Division of Motor Vehicles there, since I do not trust Aaron R. Richards and in a latter letter, I sent to Stacey K. Schultz, and I copied Aaron R. Richards, I informed her that Aaron R. Richards wants to use that opportunity to arrest me as he came to my home at various times, which is in violation of my rights found in the Fourth Amendment of the United States of America Constitution and under Part 1, Article 19, of the Bill of Rights of the New Hampshire Constitution. In the letter I sent to both Stacey K. Schultz and Aaron R. Richards, I said that there is a reason we are doing the Video Teleconference, as I requested from the New Hampshire

Department of Safety, Bureau of Hearings not to come to Concord, New Hampshire, as there is no means of getting there in person as I do not have my operating and registration privileges for the mobility.

171. I informed Stacey K. Schultz, that I made a request to ask Aaron R. Richards the following pertinent questions, which Stacey K. Schultz said she will look at the questions to see if they were applicable, when I proceed to ask the first question from Aaron R. Richards, Stacey K. Schultz did not allow him to answer my questions saying she is going to shut the Hearing down and later saying it is not applicable to the Hearing and that she is going to close the Administrative Hearing.

172. I informed Stacey K. Schultz that she should include my Memorandum that has a conclusion, and she said the Memorandum is going to be included as Exhibits in the Hearing and that everything will be included in the Hearing.

173. Stacey K. Schultz, said she will email her Order and mail me her Order sending the order to my mailing address on file, her order she is sending is for the Administrative Hearing held on January 20, 2022.

174. I was never provided any material to view in the Administrative Hearing held on January 20, 2022, by either by Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings nor by Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police.

175. I was informed by Stacey K. Schultz, that I had Appeal rights if I am aggrieved by the decision by her order that emanates from the January 20, 2022, Administrative Hearing, and I will need to appeal within 30 days of the issuance of the written order to the Superior Court of

the county where I established my residency in New Hampshire and she emphasized that the 30-day time limit is important.

176. On February 17, 2022, my application for an extension of time to file a petition for certiorari with the United States Supreme Court in the matter between me and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, was extended to and including May 9, 2022, by United States Supreme Court Justice Breyer. I was given an application number of 21A434.

177. On March 1, 2022 at 8:33 AM, I received through my email address from the New Hampshire Department of Safety, Bureau of Hearings email addressed to me in my former name, the written decision of the Hearing Examiner, Stacey K. Schultz of the New Hampshire Department of Safety, Bureau of Hearings, dated 2/25/22.

178. On March 3, 2022, I received through my mailing address, a Notice of Restoration of my Driver's License privilege and Registration privilege, addressed in my former name of Philip Israel Mark  and the Notice of Restoration Letter came from the New Hampshire Department of Safety, Division of Motor Vehicles, noting the date of notice as 2/28/2022 and restoration time as 3:08 PM and the letter was signed by the Director of New Hampshire Department of Safety, Division of Motor Vehicles.

179. On the same date on March 3, 2022, I received through my mailing address, a Notice of Suspension of my Driver's License privilege, addressed in my former name of Philip Israel Mark and the Notice of Suspension Letter came from the New Hampshire Department of Safety, Division of Motor Vehicles, noting the date of notice as 03/01/2022 and reference number as RPC32154 and my Driving License Number that ends with 7541 and the letter was signed by the Director of New Hampshire Department of Safety, Division of Motor Vehicles.

180. On March 4, 2022, I call the New Hampshire Department of Safety, Division of Motor Vehicles phone number at 603-227-4010 and inquired why the Notice of Restoration Letter is still showing in former name of Philip Israel Mark, I was informed by the Division of Motor Vehicles employee that my Driver's License is still suspended and I was also informed that my Registration privilege remained restored and I was informed that Hearing Examiners Linda Capuchino and Stacey K. Schultz did not provide the Division of Motor Vehicles with my Official name change documents on August 5, 2020, and January 20, 2022 respectively and I was informed to go to the Concord location of the New Hampshire Department of Safety, Division of Motor Vehicles and I should asked for Aaron R. Richards, when I get there, so I can get the name change resolved.

181. On March 24, 2022, I filed with the New Hampshire Merrimack County Superior Court, Concord, New Hampshire, my Complaint for Judicial Review with a Demand for Jury Trial, appealing the decision of the Hearing Examiner, Stacey K. Schultz, Esq, of the New Hampshire Department of Safety, Bureau of Hearings, dated February 25, 2022, pursuant to my rights found in New Hampshire Revised Statute Annotated 263:76 and filing a lawsuit against New Hampshire Department of Safety, Bureau of Hearings, pursuant to New Hampshire Revised Statute Annotated 21-P:13 and 541:13 and I mentioned Christopher Casko, Administrator, New Hampshire Department of Safety, Bureau of Hearings, and Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings, as Authorized Agents and Defendants and I also filed a lawsuit against Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police as a Defendant pursuant to New Hampshire Revised Statute Annotated 641:5 for witness tampering and violation of my rights found in Part I, Article 19, of the State of New Hampshire Constitution. I filed my Affidavit in

support of my Complaint for Judicial Review, and I attached my Motions and other Affidavits and important documents as Addendum to my Complaint. I filed a claim amount of $25,000,000.00 as the claim Amount for my Complaint for Judicial Review and Demand for Jury Trial in the New Hampshire Merrimack County Superior Court.

182.  On the same date of March 24, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion to waive filing fee as an Indigent person and I filed my Statement of Assets and Liabilities, and I filed my Affidavit in support of my Motion.to waive filing fee and my Motion to waive the filing fee as an Indigent person was granted by the New Hampshire Merrimack County Superior Court.

183.   On the same day of March 24, 2022 at 9:23 AM, I received notification from the New Hampshire Merrimack County Superior Court, that my Motion to waive filing fee as an Indigent person was granted and my Complaint for Judicial Review and Demand for Jury Trial was placed on the docket as March 24, 2022 as Civil Case Docket Number 217-2022-CV-00469 and my Case was renamed as Femi E. Isijola v. New Hampshire Department of Safety, Bureau of Hearings, et al.

184.   On April 12, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion to waive Sheriff fees as an Indigent person, to serve both New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police, the summons of my Complaint for Judicial Review and Demand for Jury Trial.

185.   On April 13, 2022 at 1:19 PM, I received by email notification from the New Hampshire Merrimack County Superior Court, that my Motion to waive Sheriff fees as an Indigent person was granted by Judicial Officer John C. Kissinger, Jr.

186.  On May 5, 2022, I filed with the Supreme Court of the United States, my petition for a writ of certiorari to the Supreme Court of New Hampshire on the matter between me and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles.

187.  On May 27, 2022, I received a letter from the Supreme Court of the United States of America that my petition for a writ of certiorari was placed on the Docket May 24, 2022 as Docket Number 21-7948.

188.  On the same date on May 27, 2022, I was provided a waiver form from the Supreme Court of the United States of America to provide the opposing Counsel of Record in the matter between me and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles and the Opposing Counsel of Record that represented Elizabeth Bielecki in the New Hampshire Supreme Court proceedings of 2021-0045 was Jessica A. King, Assistant Attorney General, New Hampshire Department of Justice, 33 Capitol Street, Concord, New Hampshire.

189.  On May 13, 2022 at 11:45 AM, I received notification from the New Hampshire Merrimack County Superior Court with Case Number 217-2022-CV-00469, that Summons were issued to New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police and a Notice of Mandatory Hearing, was attached to the Summons and addressed to all parties in the matter, and we were ordered to appear for a Hearing on the Merits in person on August 8, 2022 at 9:00 AM, at the Merrimack County Superior Court House, 5 Court Street, Concord, New Hampshire.

190.  On May 14, 2022, I served the New Hampshire Merrimack County Sheriff's Department at their principal office in 333 Daniel Webster Highway, Boscawen, New Hampshire, a copy of my Court's issued Summons and my Complaint for Judicial Review and Demand for Jury Trial

for service upon the Defendants in the New Hampshire Merrimack County Superior Court, New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police.

191.  On May 20, 2022, I confirmed from Danielle Smith of the New Hampshire Merrimack County Sheriff's Office located in 333 Daniel Webster Highway, Boscawen, New Hampshire, that Defendants, New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police were served with the New Hampshire Merrimack County Superior Court's issued Summons and my Complaint for Judicial Review and Demand for Jury Trial.

192.  On May 31, 2022, I mailed by Certified Mail with Return Receipt Requested, a form provided by the Supreme Court of the United States of America to notify opposing Counsel of Record that my case was docketed and attached with the form is a Waiver Form that declares if the Counsel of Record does not intend to file a response and I mailed both forms to Jessica A. King, Counsel of Record on behalf of Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles in the New Hampshire Supreme Court in Case Number 2021-0045 and I mailed the forms naming Jessica A. King, Esq, 33 Capitol Street, Concord, New Hampshire, 03301 and I copied what I sent to Jessica A. King and kept the copy for my record.

193.  On June 7, 2022, upon diligently checking the public Docket Entry Report of the assigned case docketed number of 21-7948, I observed that Anthony Galdieri, Esq, checking the box claiming he is a Counsel of Record and filing a waiver on behalf on the Respondent and the waiver form was digitally signed by him with the date and time and he represented in the waiver form that has his printed name of Anthony J. Galdieri and his email address listed as anthony.j.galdieri@doj.nh.gov, that he sent a copy of the waiver form to my legal address. I

never sent any waiver form to Anthony Galdieri, and I never received any copy of the waiver form that he falsely represented in the waiver form that he sent to my legal address.

194.  I have never known Anthony J. Galdieri, to be the Counsel of Record representing Elizabeth Bielecki in the proceedings in the matter between me and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, that was docketed as 2021-0045 with the New Hampshire Supreme Court, and he never participated in the proceedings of Case Docket Number 2021-0045 with the New Hampshire Supreme Court as I have only known Jessica A. King to be the Counsel of Record in Case Docket Number 2021-0045.

195.  On June 30, 2022, I was served a copy of letter through my legal address coming from the Supreme Court of the United States of America, that my petition for a writ of certiorari to the Supreme Court of New Hampshire on the matter between me and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, docketed as 21-7948, and dated June 27, 2022, was denied by the Supreme Court of the United States of America.

196.  On July 1, 2022, I filed my Petition for Rehearing otherwise known as Petition for Reconsideration of the denial of my petition for certiorari with the Supreme Court of the United States of America.

197.  On July 5, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion for Preliminary Injunctive Relief and I attached Attachments to my Motion and Memorandum of Law in the Case Docket Number 217-2022-CV-00469.

198.  On July 17, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Response to Defendants' Objection to my Motion for Preliminary Injunctive Relief in the Case Docket Number 217-2022-CV-00469.

199. On August 2, 2022 at 3:30 PM, I was served through my email address, the New

Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer,

Brian T. Tucker denied my Motion for Preliminary Injunctive Relief, and in the denial message,

he said "the pleadings do not establish the plaintiff will likely succeed on the merits of the appeal

or that there is an immediate danger of irreparable harm from waiting for the final hearing, which

is now six days from today. In addition, the final hearing provides the plaintiff with an adequate

remedy at law.

200. On August 4, 2022, I filed with the New Hampshire Merrimack County Superior Court,

my Motion for Reconsideration pursuant to Rule 12(e) of the New Hampshire Superior Court

Civil Rules of the denial of my motion for Preliminary Injunctive Relief by Judicial Officer,

Brian T. Tucker.

201. On August 6, 2022, I filed with the New Hampshire Merrimack County Superior Court,

with confirmation envelope number 2497509, my Motion for Summary Judgment attached with

Memorandum of Law and two Affidavits pursuant to New Hampshire Revised Statute Annotated

491:8-a and Rule 12(g) of the New Hampshire Superior Court Rules.

202. On August 7, 2022, I filed with the New Hampshire Merrimack County Superior Court,

with confirmation envelope number 2497514 and 2497517 and 2497518, my separate Motion for

Summary Judgment of Material Undisputed Facts attached with five Affidavits and six Exhibits

pursuant to Memorandum of Law and two Affidavits pursuant to New Hampshire Revised

Statute Annotated 491:8-a, I and II and Rule 12(g) of the New Hampshire Superior Court Rules.

203. On August 8, 2022, I appeared in person, for the mandatory Hearing on the Merits, held

in Court Room 2 of the Courthouse of the New Hampshire Merrimack County Superior Court

located in Concord, New Hampshire and also in attendance was my Dad who accompanied me to

the Courthouse and in attendance was Jessica A. King. Defendants Aaron R. Richards, Stacey K. Schultz and Christopher Casko did not appear in person for this mandatory Hearing on the Merits. Judicial Officer Brian T. Tucker presided over the Hearing on the Merits.

204.  I introduced myself and I acknowledged my Dad, who accompanied me to Court Room 2 of the Courthouse of the New Hampshire Merrimack County Superior Court to Brian T. Tucker.

205.  At the early minutes of the Hearing on the Merits held on August 8, 2022, I informed both Brian T. Tucker and Jessica A. King that on August 6, 2022 and August 7, 2022 respectively, that I filed my Motion for Summary Judgment accompanied with a Memorandum of Law and separate Statement of Material Facts that is Undisputed and I attached Affidavits and Exhibits to my Motion for Summary Judgment and Statement of Material Facts that is undisputed.

206.  I gave to Brian T. Tucker, after my statement that I file my Motion for Summary Judgment and my separate Statement of Material Facts that is Undisputed, my original copy of my Affidavit based upon facts within my own personal knowledge of admissible facts for my Motion for Summary Judgment pursuant to New Hampshire Revised Statute Annotated 491:8-a, II.

207.  During the August 8, 2022, Hearing of the Merits proceedings, I argued that there were Errors of Law and that my suspension of my Driver's License should be vacated and that the decision of the Hearing Examiner, Stacey K. Schultz, of the New Hampshire Department of Safety, Bureau of Hearings was unreasonable, unlawful and unjust and that I cannot reinstate my Driver's License by myself. I argued about Due Process and Materiality of Law, and I pray for relief that the decision of Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings be vacated and that my Driver's License be restored.

208. After my argument on the diverse topics, Brian T. Tucker, in the courthouse verbally dismissed my Complaint for Judicial Review and I immediately informed Brian T. Tucker that I objected to the verbal dismissal of my Complaint by him.

209. On August 9, 2022, at 8:58 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision and Order that, Judicial Officer, Brian T. Tucker, granted Defendant Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police to be dismissed as a Defendant, despite the fact that Defendant Aaron R. Richards did not appeared for the mandatory in person hearing of the Hearing on the Merits held at the Courthouse of the New Hampshire Merrimack County Superior Court on August 8, 2022, and Brian T. Tucker affirmed Hearing Examiner Stacey K. Schultz's determination that I should go to the New Hampshire Department of Safety, Division of Motor Vehicles to restored my Driver's License myself. Brian T. Tucker never consider any of my Oral Argument that I argued in person at Courtroom 2 of the New Hampshire Merrimack County Superior Court on August 8, 2022 and never considered any of my Affidavits filed with the New Hampshire Merrimack County Superior Court since the proceedings of Civil Case Number 217-2022-CV-00469 started in March 24, 2022, which was in violation of Rule 11(b) of the New Hampshire Superior Court Rules.

210. On August 13, 2022, I filed with the New Hampshire Merrimack County Superior Court, my timely Motion for Reconsideration of the Memorandum of Decision and Order of Brian T. Tucker, served to me on August 9, 2022, and I attached two affidavits and three Exhibits to my timely Motion for Reconsideration.

211. On August 25, 2022, I was served a copy of a letter through my legal address coming from the Supreme Court of the United States of America, that my petition for rehearing or

otherwise known as a petition for reconsideration in the matter between me and Elizabeth Bielecki, Director, New Hampshire Department of Safety, Division of Motor Vehicles, docketed as 21-7948, and dated August 22, 2022, was denied by the Supreme Court of the United States of America.

212.  On August 30, 2022 at 9:07 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decisions that, Judicial Officer, Brian T. Tucker denied four of my pleadings that were Motions of Reconsiderations, two of the pleadings were notated denied without elaborations, on my pleading on reconsideration on bad faith filings by the Defendants, he denied the pleading and stated that he declined to sanction the defendants due to my Appeal and on the pleading on the reconsideration of my preliminary injunctive relief, he denied the pleading as moot. All of Brian T. Tucker's decisions are always clearly notated as Denied, Granted or Mooted.

213.  On the same day on August 30, 2022, at 9:07 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker did not notate a denial or grant on my timely motion for reconsideration filed on August 13, 2022, on his Memorandum of Decision and Order entered on August 9, 2022, as he clearly does on my other pleadings that he ruled upon.

214.  On September 8, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion to recuse Judicial Officer Brian T. Tucker from Case Number 217-2022-CV-00469 pursuant to Article 35 of the New Hampshire Constitution and pursuant to Rule 12(f) of the New Hampshire Superior Court Rules.

215.  On the same date of September 8, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion to Request the Transcript of August 8, 2022, Hearing on the

Merits held in the Courthouse of the New Hampshire Merrimack County Superior Court, pursuant to Rule 12(f) of the New Hampshire Superior Court Rules on my grounds to recuse Brian T. Tucker from Case Number 217-2022-CV-00469.

216. On October 4, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion for Clarification why Defendant, Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police name is missing as a Defendant from the entitled case number 217-2022-CV-00469 without Notification from the Court and the why the Pending Motions have been ruled on and my Notice of Intent to formally report Brian T. Tucker to the Judicial Conduct Committee of the State of New Hampshire.

217. On October 5, 2022 at 5:48 PM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that Judicial Officer Brian T. Tucker denied my Motion to waive Transcript Fees and Costs.

218. On the same date on October 5, 2022 at 5:48 PM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied my Motion to Request Transcript of August 8, 2022, Hearing on the Merits held in the Courthouse of New Hampshire Merrimack County Superior Court pursuant to Rule 12(f) of the New Hampshire Superior Court Rules on grounds of recusal of Brian T. Tucker from Case Number 217-2022-CV-00469.

219. On October 11, 2022 at 7:49 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that Judicial Officer, Brian T. Tucker mooted my Motion for Summary Judgment.

220. On the same date of October 11, 2022 at 7:49 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that,

Judicial Officer, Brian T. Tucker denied my Motion for the Court to rule on my Motion for Summary Judgment, the last pending Motion to be ruled upon, pursuant to New Hampshire Revised Statute Annotated 491:8-a, I and III in Civil Case Number 217-2022-CV-00469.

221. On the same date of October 11, 2022, at 7:49 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied my Motion to Recuse him from Civil Case Number 217-2022-CV-00469.

222. On October 14, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion to Reconsider Brian T. Tucker's denial of my Motion to waive Transcript Fees and Costs and I attached Exhibits to my Motion for Reconsideration.

223. On October 14, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion to Reconsider Brian T. Tucker's denial of my Motion to Request Transcript of August 8, 2022, Hearing on the Merits held in the Courthouse of New Hampshire Merrimack County Superior Court pursuant to Rule 12(f) of the New Hampshire Superior Court Rules on grounds of recusal of Brian T. Tucker from Case Number 217-2022-CV-00469 and I attached other documents to my Motion for Reconsideration.

224. On October 17, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion to Reconsider Brian T. Tucker's mooting my Motion for Summary Judgment and attaching my Affidavits in support and Memorandum of Law and also my Appendix in support.

225. On October 19, 2022 at 10:22 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied my Motion to Reconsider the Court's Denial of my Motion to Request Transcript of August 8, 2022, Hearing on the Merits held in the Courthouse of the New

Hampshire Merrimack County Superior Court pursuant to Rule 12(f) of the New Hampshire Superior Court Rules.

226.  On the same date of October 19, 2022 at 10:22 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied my Motion to Reconsider the Court's Denial of my Motion to waive August 8, 2022, Transcript Fees and Costs.

227.  On October 19, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion to Reconsider Brian T. Tucker's denial of my Motion for the Court to rule on my Motion for Summary Judgment, the last pending Motion to be ruled upon, pursuant to New Hampshire Revised Statute Annotated 491:8-a, I and III in Civil Case Number 217-2022-CV-00469 and I attached my Memorandum of Law and other documents to my Motion for Reconsideration.

228.  On October 21, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Motion to Reconsider Brian T. Tucker's mooting my Motion for Summary Judgment and attaching my Memorandum of Law and other documents to my Motion for Reconsideration.

229.  On November 2, 2022, at 10:56 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied my Motion to Reconsider the Court's Mootness of my Motion for Summary Judgment filed pursuant to New Hampshire Revised Statute Annotated 491:8-a, III and Rule 12(g) of the New Hampshire Superior Court Rules.

230.  On the same date on November 2, 2022 at 10:56 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied my Motion to Reconsider the Court's denial of my

Motion for the Court to rule on my Motion for Summary Judgment, the last pending Motion to be ruled upon, pursuant to New Hampshire Revised Statute Annotated 491:8-a, I and III in Civil Case Number 217-2022-CV-00469.

231. On the same date on November 2, 2022 at 10:56 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision that, Judicial Officer, Brian T. Tucker denied my Motion to Reconsider the Court's denial of my Motion to Recuse him from Civil Case Number 217-2022-CV-00469 pursuant to Rule 12(f) of the New Hampshire Superior Court Rules.

232. On November 10, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Notice of filing of Judicial misconduct with the Judicial Conduct Committee of the State of New Hampshire.

233. On December 1, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Notice of Mandatory Appeal to the Supreme Court of New Hampshire pursuant to Rule 7 of the New Hampshire Supreme Court Rules within thirty days on my timely motion for reconsideration of Brian T. Tucker's denial on November 2, 2022 of my timely motion for reconsideration of his mootness of my Motion for Summary Judgment that was attached with Affidavits and separate Statement of Material Facts that is undisputed.

234. On the same date of December 1, 2022, I filed my Notice of Mandatory Appeal with the New Hampshire Supreme Court pursuant to my right found in Rule 7 of the New Hampshire Supreme Court Rules, from the decision of the merits of the New Hampshire Superior Court after the Hearing on the merits held on August 8, 2020, and I included with my Notice of Mandatory Appeal, the New Hampshire Superior Court Clerk's Notice of Decision of the denial of my timely Motion for Reconsideration of Brian T. Tucker's Mootness of my Motion for

Summary Judgment pursuant to Rule 12(e) of the New Hampshire Superior Court Rules, dated November 2, 2022, (11/02/2022) and the New Hampshire Superior Court Clerk's Notice of Decision of Brian T. Tucker's Mootness of my Motion for Summary Judgment, dated October 11, 2022, (10/11/2022) and other timely post decisions.

235.  On the same date of December 1, 2022, I filed with the New Hampshire Supreme Court my Motion to waive filing fee as an Indigent person, and I file an affidavit of indigency in support of my motion as well as my affidavit of assets and liabilities. I also filed an additional appendix of orders denied, granted or not ruled upon.

236.  On December 1, 2022 at 10:38 AM, I received notification from the New Hampshire Supreme Court, that my Motion to waive filing fees as an Indigent person was approved and the matter between me and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police was docketed as Case Number 2022-0678.

237.  On December 5, 2022, at 1:22 PM, I was served through my email address, the New Hampshire Supreme Court Clerk's Notice that, Jessica A. King appeared as Counsel for New Hampshire Department of Safety, Bureau of Hearings in the matter between me and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police, docketed as Case Number 2022-0678.

238.  On the same date on December 5, 2022, I filed with the New Hampshire Supreme Court my Record on Appeal in the matter between me and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police that chronologically showed the procedural history of Case Number 217-2022-CV-00469 emanating from the New Hampshire Merrimack County Superior Court.

239.  On December 7, 2022 at 9:27 AM, I reported to Lin Willis, the Deputy Clerk of the New

Hampshire Supreme Court that I was receiving an Error Message that prevents me from filing

electronically with the New Hampshire Supreme Court's E-Filing System on December 6, 2022,

and I attached a screenshot of the errors that I was receiving when I tried to electronically filed

with the New Hampshire Supreme Court's E-Filing System.

240.  On the same day of December 7, 2022 at 10:37 AM, I received an email message from

Lin Willis informing me that my Appendix of Transcript and Affidavit dated 12-06-2022 has

been manually docketed in Case Number 2022-0678 in the matter between me and New

Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, Detective

Sergeant, New Hampshire Department of Safety, Division of State Police.

241.  On the same day of December 7, 2022 at 10:37 AM, I emailed Jessica A. King and the

email of the Office of the New Hampshire Attorney General to informed them that my Appendix

of Transcript (01/20/2022) and Affidavit of Hearings on the Merits Facts (08/08/2022) were

manually imputed by the New Hampshire Supreme Court due to system error of the e-filing

system that occurred on December 6, 2022 (12-06-2022) and I attached a copy of the screen shot

of Case Number 2022-0678 and the Appendix of documents that was manually imputed on

December 7, 2022.

242.  On December 19, 2022, I received through my mailing address, from the New Hampshire

Judicial Conduct Committee, dated December 14, 2022, that my report of Judicial misconduct on

Brian T. Tucker was docketed as JC-22-062-G and I never received any response on this my

filing of Judicial Misconduct from Brian T. Tucker.

243.  On December 21, 2022 at 10:24 AM, I was served through my email address, the New

Hampshire Supreme Court Clerk's Notice of Docketing of Case Number 2022-0678 on

December 1, 2022, and Mandatory E-Filing Notice and other parties copied were Jessica A. King and New Hampshire Attorney General.

244.  On the same date of December 21, 2022 at 10:28 AM, I was served through my email address, the New Hampshire Supreme Court Clerk's Notice of Order from the New Hampshire Supreme Court that on or before January 5, 2023, I shall, and any other party may, file a brief memorandum addressing whether my appeal is timely filed and other parties copied were Jessica A. King and New Hampshire Attorney General.

245.  On the same date of December 21, 2022 at 12:37 PM, I sent an email message to Timothy A. Gudas, Clerk of the New Hampshire Supreme Court and copied Jessica A. King and the email of the Office of the New Hampshire Attorney General, that my e-filing access to submit electronically was blocked after Jessica A. King, Esq, made entry to represent the New Hampshire Department of Safety, Bureau of Hearings on December 5, 2022, as I wanted to submit an Appendix on December 6, 2022, and my experience in wanting to file electronically was very suspicious. I expressed optimism that the problem to file electronically is fixed so I can file by Electronic E-filing through the New Hampshire Supreme Court E-Filing System. Earlier in the day I was served with an Order by the New Hampshire Supreme Court that I should a Brief Memorandum on or before January 5, 2023, on why my Appeal is timely.

246.  On December 27, 2022, I file my Brief Memorandum with the New Hampshire Supreme Court and I attached my Appendix in support of my Brief Memorandum.

247.  On December 28, 2022 at 9:44 AM, I received notification from the New Hampshire Supreme Court, that my Brief Memorandum attached with Appendix has been approved for docketing by the New Hampshire Supreme Court Clerk.

248. On January 5, 2023, I was served through my email address, the New Hampshire Supreme Court Clerk's Notice that Defendants, New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, represented by Jessica A. King filed a Brief Memorandum.

249. On the same day on January 5, 2023, I filed with the New Hampshire Supreme Court my response to the Defendants' Brief Memorandum attached with Appendix in support of my Response to the Defendants' Brief Memorandum.

250. On January 6, 2023 at 9:24 AM, I received notification from the New Hampshire Supreme Court, that my Response to the Defendants' Brief Memorandum attached with Appendix in support of my Response to the Defendants' Brief Memorandum has been approved for docketing by the New Hampshire Supreme Court Clerk.

251. On January 10, 2023 at 8:38 AM, I was served through my email address, the New Hampshire Supreme Court Clerk's Notice of Final Order dismissing my timely Appeal by Single Justice Patrick Donovan in the matter between me and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police, docketed as Case Number 2022-0678.

252. On January 11, 2023, I filed with the New Hampshire Supreme Court, my Motion for Reconsideration and attached my Appendices in support of my Motion to Reconsider, of Single Justice Patrick Donovan's dismissal of my timely Mandatory Appeal to the Full Court of the New Hampshire Supreme Court pursuant to Rule 21(9) of the New Hampshire Supreme Court Rules that states a motion to reconsider an order issued by a Single Justice shall be referred to the Court for decision.

253. On January 11, 2023 at 10:08 AM, I received notification from the New Hampshire Supreme Court, that my Motion to Reconsider Single Justice Patrick Donovan's Order attached with Appendices has been approved for docketing by the New Hampshire Supreme Court Clerk.

254. On January 19, 2023 at 2:48 PM, I was served through my email address, the New Hampshire Supreme Court Clerk's Notice of Appellees, New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, represented by Jessica A. King filed an Objection to my Motion to Reconsider Single Justice Patrick Donovan's Order to Dismiss my timely Notice of Mandatory Appeal filed with the New Hampshire Supreme Court on December 1, 2022 to the Full Court pursuant to Rule 21(9) of the New Hampshire Supreme Court Rules.

255. On the same date of January 19, 2023, I filed with the New Hampshire Supreme Court, my Motion to Strike Appellees, New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards Objection to my Motion to Reconsider Single Justice Patrick Donovan's Order to Dismiss my timely Mandatory Appeal filed with New Hampshire Supreme Court on December 1, 2022, for being in violation of Rule 22(3) of the New Hampshire Supreme Court Rules that states "No answer to a motion for rehearing or reconsideration shall be required unless requested by the Court." And my Motion to strike the Appellees Objection to my timely Motion for Reconsideration was due to the fact, the New Hampshire Supreme Court did not request the Appellees to file an answer.

256. On January 31, 2023 at 9:24 AM, I was served through my email address, the New Hampshire Supreme Court Clerk's Notice of Order of the Full Court denying my timely Motion to Reconsider of Single Justice Patrick Donovan's Order dismissing my timely Mandatory Appeal  in the matter between me and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State

.

Police, docketed as Case Number 2022-0678 and denying my Motion to Strike Defendants or otherwise known as Appellees Objection to my Motion for Reconsideration. Despite the fact I filed a timely Motion for Reconsideration of Single Justice Patrick Donovan's Order of Dismissal of my timely Mandatory Appeal to the Full Court of Judicial Officers, Barbara Hantz Marconi, James Bassett and Gary Hicks, and Patrick Donovan was also included as part of the Judicial Officers that participated in the decision to decide my Motion to Reconsider his Order of Dismissal of my timely Mandatory Appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules.

257.  On the same date of January 31, 2023, a Mandate was issued by the New Hampshire Supreme Court on both the Order denying my Motion for Reconsideration with Relief requested in my Motion for Reconsideration and the Order dismissing my timely Mandatory Appeal by Single Justice Patrick Donovan, entered on January 10, 2023, and was signed by the Clerk of the New Hampshire Supreme Court, Timothy A. Gudas.

258.  My right to Mandatory Appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules was not accepted by the persons of Timothy A. Gudas, Patrick Donovan, Barbara Hantz Marconi, James Bassett and Gary Hicks, as Gordon MacDonald disqualify himself from my Mandatory Appeal and despite the fact my Appeal was timely after the disposition of my timely Motion for Reconsideration of  Brian T. Tucker's mooted Motion for Summary Judgment on November 2, 2022 and I filed my timely Mandatory Appeal on December 1, 2022 within thirty (30) days of that disposition and despite the fact a Mandate was issued on Case Docket Number 2022-0678, it cannot be found as a Case Number disposed in the New Hampshire Supreme Case Orders, as the actions of the Court Officers of the New Hampshire Supreme Court were Arbitrary and Capricious.

AFFIANT SAY NOTHING FURTHER

Femi Isijola, Pro Se Litigant
1465 Hooksett Road, Unit 66
Hooksett, NH 03106
603-560-4174
femieasyjay.thelaw@aol.com

Dated: August 7, 2023

## CERTIFICATION OF PARTY UNREPRESENTED BY COUNSEL

I certify under penalty of perjury pursuant that the above information contained within the foregoing Affidavit is true and correct and statements made in this foregoing Affidavit in Support of my Verified Complaint for Violation of Civil Rights and Constitutional Rights are based upon facts within my own personal knowledge. I therefore place my hand as seal upon this document on the date below.

_____
Femi Isijola, Pro Se Litigant

Dated: August 7, 2023

## NOTARY

Subscribed and sworn as being true under the penalty of perjury by Femi Isijola, before me this 7 day of August, 2023. Said individual solemnly affirmed that he has firsthand knowledge of the facts contained herein and that the facts are true, correct, and complete to the best of his knowledge, understanding and belief.

LISA M. SLATER
Notary Public, State of New Hampshire
My Commission Expires November 2, 2027

_____
Notary Public

_____
My Commission expires

58