FILED - USDC -NH
2023 AUG 7 PM 1:12

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

CIVIL CASE NO:

**FEMI ISIJOLA,**

              **Plaintiff,**

**v.**

**NEW HAMPSHIRE DEPARTMENT
OF SAFETY, AARON R. RICHARDS,
LINDA CAPUCHINO, STACEY K.
SCHULTZ, ELIZABETH BIELECKI,
DONALD BLASZKA, CHRISTOPHER
CASKO, ROBERT QUINN, JESSICA
A. KING, ANTHONY J. GALDIERI,
MARIA E. BUCKMAN, ANDREW R.
SCHULMAN, BRIAN T. TUCKER,
TIMOTHY A. GUDAS, PATRICK
DONOVAN, ANNA BARBARA
HANTZ MARCONI, JAMES BASSETT
AND GARY HICKS.**

              **Defendants**

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR
PRELIMINARY INJUNCTION PURSUANT
TO RULE 65 OF THE FEDERAL RULES
OF CIVIL PROCEDURE**

**ORAL ARGUMENT REQUESTED**

**AUGUST 7, 2023**

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR PRELIMINARY INJUNCTION
PURSUANT TO RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

FEMI ISIJOLA, PRO SE
1465 HOOKSETT ROAD, UNIT 66
HOOKSETT, NH 03106
femieasyjay.thelaw@aol.com

1

## INTRODUCTION

Plaintiff Femi E. Isijola ("Plaintiff") moves pursuant to Rule 65 of the Federal Rules of Civil Procedure for a Temporary Restraining Order and Preliminary Injunctive Relief for the Court to Order the New Hampshire Department of Safety, Division of Motor Vehicles to restore Plaintiff's Driver's License, as the Plaintiff cannot restored his Driver's License by himself, as the dated 02/25/2022 order of the Hearing Examiner of the New Hampshire Department of Safety, Bureau of Hearings, Stacey K. Schultz stated, despite the fact the New Hampshire Department of Safety Division of Motor Vehicles briefly restored the Plaintiff's Driver's License and Plaintiff's Registration in his former name, while the Registration has remained restored, the Driver's license was suspended and has remained suspended in his former name and despite providing the official name change document to the New Hampshire Department of Safety, Division of Motor Vehicles.

The New Hampshire Department of Safety, Division of Motor Vehicles deprived the Plaintiff, Femi Isijola, ("Plaintiff") his right to operate his motor vehicle, by suspending his state issued Driver's License, which is in violation of the Fourteenth Amendment of the United States Constitution

## BACKGROUND (FACTUAL AND PROCEDURAL)

1.   Plaintiff procured his original New Hampshire Driver's License in his birth name in the year 1999 and he was assigned a Driver's License Number that ends with the last four numbers of 7161 and his birth name is clearly shown on his Driving Record. **(Plaintiff's Affidavit in Support, page 2, ¶ 3) (Exhibit 1) (Exhibit 17).**

2.   On January 29, 2007, Plaintiff changed his name to Philip Israel Mark at the Merrimack Probate Court in Concord, New Hampshire and on the same day, Plaintiff changed his Driver's

License to his new name at the New Hampshire Department of Safety, Division of Motor Vehicles and Plaintiff was assigned a Driver's License Number that ends with the last four digits numbers of 7161. **(Plaintiff's Affidavit in Support, page 2, ¶ 4) (Exhibit 1) (Exhibit 4).**

3.   Since January 29, 2007, Plaintiff has at various times renewed his Driver's License with the New Hampshire Department of Safety, Division of Motor Vehicles at the Manchester location in Manchester, New Hampshire. **(Plaintiff's Affidavit in Support, page 2, ¶ 5).**

4.   Plaintiff's profession as a traveling salesperson for ADT Security helps him to earn commissions if he sells the Alarm System and enables him to travel to the other New England States to sell ADT Alarm Systems. **(Plaintiff's Affidavit in Support, page 2, ¶ 6).**

5.   On November 10, 2016, Plaintiff changed his name back to Femi Easyjay Isijola at the Probate Court in Providence, Rhode Island. **(Plaintiff's Affidavit in Support, page 2, ¶ 7).**

6.   On July 20, 2017, Plaintiff was issued a Duplicate New Hampshire Driver's License and the Duplicate Driver's License expired on February 16, 2018. **(Plaintiff's Affidavit in Support, page 2, ¶ 8) (Exhibit 4).**

7.   On February 15, 2018, Plaintiff went to renew his Driver's License at the Manchester Location of the New Hampshire Department of Safety, Division of Motor Vehicles located in Manchester, New Hampshire, but his Driver's License was not renewed because of a reported problem of his Driver's License. **(Plaintiff's Affidavit in Support, page 2, ¶ 9).**

8.   If Plaintiff does not receive his Duplicate or Renewal Driver's License in person, Plaintiff will receive it in his former legal address of 134 Mammoth Road, Unit 26, Hooksett, New Hampshire or in his former mailing address of P. O. Box 16185, Hooksett, New Hampshire or in his current mailing address of 1328 Hooksett Road, #16013, Hooksett, New Hampshire. **(Plaintiff's Affidavit in Support, pages 2-3, ¶ 10).**

3

9.   On February 12, 2019, Plaintiff renewed his Driver's License, and the issued REAL ID
Compliant Driver's License was sent to his current mailing address of 1328 Hooksett Road, #
16013, Hooksett, New Hampshire. **(Plaintiff's Affidavit in Support, page 3, ¶ 11).**

10.   On June 11, 2020, Plaintiff received a dated June 9, 2020, (06/09/2020) Notice of
Suspension of his Vehicle Registration from Elizabeth Bielecki, then Director of the New
Hampshire Department of Safety, Division of Motor Vehicles addressed to his former name of
Philip Israel Mark, that she believes Plaintiff committed False Statement on Registration
pursuant to New Hampshire Revised Statute Annotated 261:178 and Plaintiff must pay $25
Registration privilege restoration fee before his Registration privilege will be restored and
Plaintiff must submit a written request for a hearing and the request must be submitted to the
Bureau of Hearings, 33 Hazen Drive, Concord, New Hampshire. **(Plaintiff's Affidavit in
Support, page 3, ¶ 12).**

11.   On June 12, 2020, Plaintiff went to Concord, New Hampshire and Plaintiff submitted his
written request for a Hearing with the New Hampshire Department of Safety, Bureau of
Hearings to contest Elizabeth Bielecki's assumption that Plaintiff committed false statement on
Registration, and Plaintiff paid the $25 registration privilege restoration fee required of him, as
stated in Elizabeth Bielecki's Notice of Suspension Letter. **(Plaintiff's Affidavit in Support,
page 3, ¶ 13).**

12.   On June 18, 2020, Plaintiff received a dated June 16, 2020, (06/16/2020) Notice of
Suspension of his Driver's License from Elizabeth Bielecki, then Director of the New Hampshire
Department of Safety, Division of Motor Vehicles addressed to his former name of Philip Israel
Mark, that she believes Plaintiff committed False Statement on Driver's License pursuant to New
Hampshire Revised Statute Annotated 263:12V and Plaintiff must pay $100 Driver's License

privilege restoration fee before his Driver License privilege will be restored and Plaintiff must submit a written request for a Hearing and the request be submitted to the Bureau of Hearings, 33 Hazen Drive, Concord, New Hampshire and Plaintiff later paid the $100 and requested for a hearing. **(Plaintiff's Affidavit in Support, pages 3-4, ¶ 14).**

13.   On the same date on August 5, 2020, Plaintiff appeared for the Administrative Hearing scheduled for the day by Video Teleconference and in attendance for this Administrative Hearing was Donald Blaszka, Aaron R. Richards, and Linda Capuchino, the Hearing Examiner, from the New Hampshire Department of Safety, Bureau of Hearings who presided over this Administrative Hearing. **(Plaintiff's Affidavit in Support, page 4, ¶ 15) (Exhibit 1).**

14.   In this Administrative Hearing that Plaintiff participated in, the case was titled State of New Hampshire versus Philip Israel Mark, and Philip Israel Mark was his former name, and the Administrative Hearing was named Video/Telephonic False Statement Hearing and the assigned Hearing Number was assigned as HR20207656. **(Plaintiff's Affidavit in Support, page 4, ¶ 16).**

15.   Linda Capuchino asked Plaintiff his name and Plaintiff stated his name is Femi Isijola and she asked Plaintiff to spell his name, which Plaintiff did spell for her, and Plaintiff stated that Plaintiff is also also known as Philip Mark. **(Plaintiff's Affidavit in Support, page 4, ¶ 17).**

16.   After Linda Capuchino was satisfied with the spelling of Plaintiff's name, she requested that Aaron R. Richards give his direct testimony. **(Plaintiff's Affidavit in Support, page 4, ¶ 18) (Exhibit 1).**

17.   And Aaron R. Richards stated that Plaintiff surrendered his Rhode Island License and further stated, that was what was shown in the database. **(Plaintiff's Affidavit in Support, page 4, ¶ 19) (Exhibit 1).**

18.   Aaron R. Richards said Plaintiff had an active Massachusetts Driver's License with a Leominster, Massachusetts address, and at the request of himself and the acceptance of the Director of the Motor Vehicles, he suspended the Driver License in New Hampshire. **(Plaintiff's Affidavit in Support, page 4, ¶ 20) (Exhibit 1).**

19.   Linda Capuchino asked Aaron R. Richards, the relief he was seeking, and he said he will request that Plaintiff's Driver's License be suspended after the Administrative Hearing, and he will further request that Plaintiff's Driver's License remain suspended until the completion of his criminal case. **(Plaintiff's Affidavit in Support, pages 4-5, ¶ 21) (Exhibit 1).**

20.   Linda Capuchino asked Aaron R. Richards if Director of Motor Vehicles, Elizabeth Bielecki, has suspended Plaintiff's Driver's License already and he said Yes. **(Plaintiff's Affidavit in Support, page 5, ¶ 22) (Exhibit 1).**

21.   Linda Capuchino spoke directly to the Plaintiff that the potential consequence for not prevailing in the Administrative Hearing was that his Driver's License will be suspended in the State of New Hampshire for at least one year and possibly longer and that means Plaintiff's Driver's License would go into a Central Registry and Plaintiff will be suspended in Massachusetts, Rhode Island and anywhere else Plaintiff move and try to get a Driver's License, until New Hampshire is cleared up, which will take at least one year. **(Plaintiff's Affidavit in Support, page 5, ¶ 23) (Exhibit 1).**

22.   Linda Capuchino asked Plaintiff what his legal name was, as approved by the Court of Law, to which Plaintiff answered and said that he is known as Femi Isijola. **(Plaintiff's Affidavit in Support, page 5, ¶ 24) (Exhibit 1)**

23.   Linda Capuchino asked Plaintiff if Plaintiff went to Court and have his name changed back to Femi Isijola, to which Plaintiff responded that he did change his name back to Femi

Isijola and that was changed in the Probate Court of Rhode Island. **(Plaintiff's Affidavit in Support, page 5, ¶ 25) (Exhibit 1)**

24.   Plaintiff further stated that his record states Plaintiff's bear that name and that Plaintiff attended Southern New Hampshire University, and he had a master's degree in Southern New Hampshire University in New Hampshire. **(Plaintiff's Affidavit in Support, page 5, ¶ 26).**

25.   Plaintiff stated that since Linda Capuchino verified that Plaintiff is a resident of New Hampshire, Plaintiff wanted his full restitution of his Driving License to be restored. **(Plaintiff's Affidavit in Support, page 5, ¶ 27) (Exhibit 1).**

26.   On September 16, 2020, Plaintiff received by email communication, two decisions coming from the New Hampshire Department of Safety, Bureau of Hearings, one decision with his former name of Philip Israel Mark with a falsified reference number of NHI11141845 and with the decision of Plaintiff's Driver's License privilege suspension of one (1) year and Vehicle Registration privilege suspension of one (1) year with hearing required to ensure residency and to ensure Plaintiff holds no other license in any other jurisdiction and the decision was dated September 14, 2020 with no signature by Linda Capuchino and the decision stated Plaintiff had appeals rights pursuant to New Hampshire Revised Statute Annotated 263:76. **(Plaintiff's Affidavit in Support, pages 5-6, ¶ 28).**

27.   On the same day on September 16, 2020, Plaintiff received by email communication, on the same email message coming from the New Hampshire Department of Safety, Bureau of Hearings, and the name of the sender was Monica E, who identified as the Administrative Supervisor of the New Hampshire Department of Safety, Bureau of Hearings and Linda Capuchino was copied, with another decision noting Plaintiff's name as Isijola Femi, with the reference number of NHI11151845 and the decision on Plaintiff's Driver's License suspension

was one (1) year and his Vehicle Registration was suspended indefinitely with Hearing Required. **(Plaintiff's Affidavit in Support, page 6, ¶ 29) (Exhibit 3).**

28.   On September 18, 2020, Plaintiff received a dated Notice of Suspension of his Driver's License on September 15, 2020 through his mailing address in Hooksett, New Hampshire, that the full suspension of his Driver's License took effect on August 5, 2020, (08/05/2020) and he may be considered for restoration on August 5, 2021, (08/05/2021), and the reason for the suspension of Plaintiff's Driver's License by Elizabeth Bielecki, Director of Motor Vehicles was that she believed Plaintiff made False statement on Driver's License pursuant to New Hampshire RSA 263:12V. The reference number is DRC9144 and his Driver's License Number ends with the last four digits number of 7541. **(Plaintiff's Affidavit in Support, page 6, ¶ 30).**

29.   On the same date on September 18, 2020, Plaintiff received a Dated Notice of Suspension of his Registration on September 15, 2020 through his mailing address in Hooksett, New Hampshire,   that the full suspension of his Registration took effect on August 5, 2020, (08/05/2020) and Plaintiff may be considered for restoration on August 5, 2021, (08/05/2021), and the reason for the suspension of my Registration by Elizabeth Bielecki, Director of Motor Vehicles was that she believed Plaintiff made false statement on Registration pursuant to New Hampshire RSA 261:178. The reference number is DRC9111 and Plaintiff's Driver's License Number that ends with the last four digits number of 7541. **(Plaintiff's Affidavit in Support, pages 6-7, ¶ 31).**

30.   On September 30, 2020, Plaintiff send a message through his email address to the email address of the New Hampshire Department of Safety, Bureau of Hearings that Plaintiff call in to their office to inquire about his case, which was named a False Statement Hearing and Plaintiff was informed that Linda Capuchino changed the False Statement Hearing to a Reciprocity Hearing and Plaintiff made clear in that email message, that the Administrative Hearing was

never a Reciprocity Hearing but was known as a False Statement Hearing and was held on August 5, 2020. **(Plaintiff's Affidavit in Support, page 7, ¶ 32).**

31.   On October 2, 2020, Plaintiff filed his Appeal of the Hearing Examiner's Linda Capuchino's determination and Elizabeth Bielecki's decision to suspend his Driver's License and Registration Certificate pursuant to Plaintiff's Appeals Rights found in New Hampshire Revised Statute Annotated 263:76 with the New Hampshire Merrimack County Superior Court, Concord, New Hampshire and the action was entitled Femi Isijola versus Director, New Hampshire Department of Safety, Division of Motor Vehicles and the Civil Case Number was 217-2020-CV-00533 and the assigned Judge was Andrew R. Schulman. **(Plaintiff's Affidavit in Support, page 7, ¶ 33).**

32.   On December 3, 2020, a Hearing on the Merits was held by Telephonic Hearing and Plaintiff was in attendance, so was Michael P. King who represented the Director, New Hampshire Department of Safety, Division of Motor Vehicles, and so was Andrew R. Schulman, a New Hampshire Superior Court Judge, who presided over the Hearing on the Merits. **(Plaintiff's Affidavit in Support, page 7, ¶ 34) (Exhibit 4).**

33.   Andrew R. Schulman who presided over the Hearing on the Merits on December 3, 2020, mentioned and knew that the suspension of Plaintiff's Driver's License and Registration was not in the New Hampshire Statute and in the process, chose not to reinstate Plaintiff's Driving License and Registration Privileges and thereby violated Plaintiff's Due Process Rights. **(Plaintiff's Affidavit in Support, page 7, ¶ 34-35) (Exhibit 4).**

34.   On January 27, 2021, Plaintiff received through his email address, the New Hampshire Merrimack County Superior Clerk's Notice of Decision of Andrew R. Schulman in the matter between him and the Director, New Hampshire Department of Safety, Division of Motor

Vehicles, that was dated January 26, 2021, and he never addressed Errors of Law and the Reinstatement of my Suspended Driving License and Vehicle Registration and he cited no case law to affirm Linda Capuchino's determination and the suspension of my privileges. **(Plaintiff's Affidavit in Support, page 8, ¶ 36).**

35.  On February 9, 2021, Plaintiff was served a New Hampshire Merrimack County Superior Clerk's Notice of Decision of Andrew R. Schulman that he has denied Plaintiff's Motion to Reconsider his decision to affirm Linda Capuchino's determination of September 16, 2020, and in his denial, he said a criminal conviction is not a prerequisite for suspension or revocation of a license and/or registration under RSA 260:10. **(Plaintiff's Affidavit in Support, page 8, ¶ 37) (Exhibit 6).**

36.  On February 11, 2021, Plaintiff filed his Notice of Mandatory Appeal with the New Hampshire Supreme Court pursuant to his right found in Rule 7 of the New Hampshire Supreme Court Rules, from the decision of the merits of the New Hampshire Merrimack County Superior Court after the hearing on the merits held on December 3, 2020, and Plaintiff included with his Notice of Mandatory Appeal, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision of the denial of his Motion for Reconsideration pursuant to Rule 12(e) of the New Hampshire Superior Court Rules, dated February 9, 2021, (02/09/2021) and the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision of the Final Order of the New Hampshire Superior Court, dated January 26, 2021. **(Plaintiff's Affidavit in Support, page 8, ¶ 38) (Exhibit 9).**

37.  On December 9, 2021, after it was clear the New Hampshire Supreme Court closed the case number 2021-0045 and failed to reinstate Plaintiff's Driving License privilege and Registration privilege, Plaintiff fax to the Bureau of Hearings at 603-271-6653, the facsimiles

number of the New Hampshire Department of Safety, Bureau of Hearings for a request for

Hearing about his reinstatement of his Driver's License and Vehicle Registration and at 11:42

AM, Plaintiff send an email message to the email address of the New Hampshire Department of

Safety, Bureau of Hearings to request for a Hearing to have his Driver's License and Registration

privilege reinstated and Plaintiff ensure in the email message to mentioned that he paid the

Registration privilege restoration fee of $25.00 and the Operating License privilege restoration

fee of $100.00. **(Plaintiff's Affidavit in Support, page 9, ¶ 39).**

38.   On December 14, 2021, Plaintiff received by his mailing address, a letter dated December

10, 2021, from the New Hampshire Department of Safety, Bureau of Hearings that was titled

Notice of Hearing and addressed to Plaintiff's former name of Philip Israel Mark and the date of

the Hearing was scheduled for January 20, 2022 at 9:30AM and the assigned Hearing number

was HR202117109. Plaintiff's Reference Number is NHI11151845, and the scope of the hearing

was to determine if Plaintiff's New Hampshire Driver License and Registration should be/remain

suspended/revoked and the statutory authorities cited were RSA 260:10, RSA 263:12 and RSA

261:178 and the regulatory authorities were administrative rule Saf-C 204.15 and Saf-C 204.01.

Plaintiff was notified that Aaron R. Richards was going to attend the hearing. **(Plaintiff's**

**Affidavit in Support, page 9, ¶ 40).**

39.   On January 13, 2022, Plaintiff forwarded five written motions, four notarized Affidavits,

one written request to ask Trooper First Class Aaron Richards the following pertinent questions

on administrative hearing scheduled for January 20, 2022 at 9:30 AM through Certified Mail

with Return Receipt requested to the Hearing Examiner, Stacey K. Schultz, Aaron R. Richards

and the Office of the Commissioner of the New Hampshire Department of Safety, Robert Quinn

and Plaintiff certify that the recipients received the documents through confirmation of the return

receipts sent back to his physical and residential address. Plaintiff's Five (5) Written Motions were (1) Motion to change name from his former name to his current name. (2) Motion to vacate offenses on his Driving report for False Statement on his Driver's License and Vehicle Registration (3) Motion to prove New Hampshire Residency and has no Active Valid Driver's License in any Jurisdiction of the United States of America. (4) Motion to raise Constitutional Violations of Plaintiff's Rights found both in the Constitution of the State of New Hampshire and the United States of America. (5) Motion to vacate Fees paid for Registration Privilege Restoration Fee and Operating Privilege Restoration Fee. Plaintiff's Four (4) Affidavits were (1) Affidavit of his Motion to Change his Name in the Motor Vehicle Records of the New Hampshire Department of Safety, Division of Motor Vehicles. (2) Affidavit of his Motion to vacate offenses in his Driver's Record Report (3) Affidavit of his Motion to prove New Hampshire Residency and a Declaration of no Valid Active Driver's License in any Jurisdiction of the United States of America. (4) Affidavit of his Motion to raise Constitutional Violations of Plaintiff's Rights found both in the Constitution of the State of New Hampshire and United States of America. Plaintiff's One (1) Request to ask Trooper Aaron Richards the following pertinent questions at the Administrative Hearing scheduled for January 20, 2022. **(Plaintiff's Affidavit in Support, pages 9-10, ¶ 41).**

40.   On January 19, 2022, Plaintiff forwarded his Memorandum of Facts and Law in support of my Reinstatement of his Driver's license and Vehicle Registration privileges to both Hearing Examiner for the New Hampshire Department of Safety, Bureau of Hearings, Stacey K. Schultz, Esq, and Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police by emailing the document to both and mailing the document through U.S first class mail, postage prepaid. **(Plaintiff's Affidavit in Support, page 10, ¶ 42) (Exhibit 18).**

41.  On January 20, 2022, Plaintiff attended the scheduled Administrative Hearing set for January 20, 2022, through video teleconference technology that started after 9:30 AM, also in attendance for the Administrative Hearing were Aaron R. Richards, who identified himself as a Detective Sergeant formerly known by Plaintiff as Trooper First Class Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police and the presiding Hearing Examiner, Stacey K. Schultz, Esq, from the New Hampshire Department of Safety, Bureau of Hearings. The matter was entitled State of New Hampshire v. Femi Easyjay Isijola and the Hearing was known as Administrative License Suspension Hearing and the assigned Hearing Number that Plaintiff participated in was HR202117109 and the Hearing was still known as False Statement Hearing. **(Plaintiff's Affidavit in Support, page 11, ¶ 43) (Exhibit 17).**

42.  That Plaintiff introduced himself as Femi Isijola, formerly known as Philip Israel Mark acting as Pro Se and Plaintiff introduced admittance at the administrative hearing, into the record the Hearing number HR20211709, and Reference Number NHI11158545, his five written motions, four affidavits, one request to ask Trooper First Class Aaron R. Richards pertinent questions and Plaintiff's Memorandum of Facts and Law and Plaintiff acknowledge the new portfolio of Aaron R. Richards, who now identifies himself as Detective Sergeant Aaron R. Richards and the Presiding Hearing Examiner, Stacey K. Schultz, Esq, did said Yes to the admittance into the record. **(Plaintiff's Affidavit in Support, page 11, ¶ 44) (Exhibit 17).**

43.  After admitting Plaintiff documents into the record, that includes his five motions, four affidavits, one request to ask Aaron R, Richards pertinent questions and my memorandum of facts and law, Stacey K. Schultz informed Plaintiff she does have a copy of Plaintiff's most recent Motor Vehicle Record that was still in his former name, Philip Israel Mark and Plaintiff

was never provided the copy of this most recent motor vehicle record before, during and after the Administrative Hearing. **(Plaintiff's Affidavit in Support, page 11, ¶ 45)**

44.   That Plaintiff's name, legal address and mailing address all in Hooksett, New Hampshire was acknowledged by the presiding Hearing Examiner, Stacey K. Schultz.

**(Plaintiff's Affidavit in Support, pages 11-12, ¶ 46) (Exhibit 17).**

45.   That Stacey K. Schultz, Esq, asked Aaron R. Richards if he has anything to put on the record or enlighten the Bureau of Hearings about, Aaron R. Richards said he has nothing new to share and that the State of New Hampshire has nothing new. **(Plaintiff's Affidavit in Support, page 12, ¶ 47) (Exhibit 17).**

46.   That Plaintiff was asked by Stacey K. Schultz, Esq, if Plaintiff has already submitted court paperwork from the Providence Probate Court in Rhode Island changing from his former name, Philip Israel Mark to his current name, to which Plaintiff acknowledged that it is in the possession of the New Hampshire Department of Safety, Division of Motor Vehicles and that Aaron R Richards, Trooper, New Hampshire Department of Safety, Division of State Police provided the official document on August 5, 2020, when he was provided his purported report from Rhode Island. **(Plaintiff's Affidavit in Support, page 12, ¶ 48).**

47.   Plaintiff informed Stacey K. Schultz, that his Driver's License issued by New Hampshire was placed in the Central Registry of the National Driver's Registry by Linda Capuchino and Plaintiff cannot procured a Driver's License anywhere in the United States and with that, the information goes to the other 49 States informing them that Plaintiff's Driver's License was suspended by New Hampshire and that his Driver's license suspension cannot emanate from Massachusetts as mentioned by Stacey K. Schultz. **(Plaintiff's Affidavit in Support, page 12, ¶ 49) (Exhibit 17).**

48.   That Plaintiff informed Stacey K. Schultz, that what he endured, has not been gone

through by any other race, since Plaintiff is a minority and Plaintiff identify himself as a Black

African American male and he is shown that he does not belong in New Hampshire, and Plaintiff

stated Stacey K. Schultz knows the truth. **(Plaintiff's Affidavit in Support, page 12, ¶ 50).**

49.   That Plaintiff informed Stacey K. Schultz, that he has never been convicted in any court

of law in New Hampshire or in any jurisdiction in the United States of America, and Plaintiff still

has his Driver's license and Vehicle Registration suspended. **(Plaintiff's Affidavit in Support,**

**page 12, ¶ 51) (Exhibit 17).**

50.   Plaintiff informed Stacey K. Schultz, that Plaintiff has never made a false statement in

procuring a Driver's license and Vehicle Registration in New Hampshire and that if there should

have been allegations of False Statement of his procuring a False Driver's License and

Registration, it should have started in 1999 when Plaintiff first procured his Original Driver's

License and Registration and Plaintiff mentioned the License number in the course of the

Administrative Hearing. **(Plaintiff's Affidavit in Support, page 13, ¶ 52).**

51.   Plaintiff informed Stacey K. Schultz that she should include Plaintiff's Memorandum that

has a conclusion, and she said the Memorandum is going to be included as Exhibits in the

Hearing and that everything will be included in the Hearing. **(Plaintiff's Affidavit in Support,**

**page 13, ¶ 53) (Exhibit 17).**

52.   Stacey K. Schultz, said she will email her Order and mail Plaintiff her Order sending the

order to his mailing address on file, her order she is sending is for the Administrative Hearing

held on January 20, 2022. **(Plaintiff's Affidavit in Support, page 13, ¶ 54) (Exhibit 17).**

53.   Plaintiff was never provided any material to view in the Administrative Hearing held on

January 20, 2022, by either by Stacey K. Schultz, Hearing Examiner, New Hampshire

Department of Safety, Bureau of Hearings nor by Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police. **(Plaintiff's Affidavit in Support, page 13, ¶ 55) (Exhibit 17).**

54.   Plaintiff was informed by Stacey K. Schultz, that he had Appeal rights if he is aggrieved by the decision by her order that emanates from the January 20, 2022, Administrative Hearing, and Plaintiff will need to appeal within 30 days of the issuance of the written order to the Superior Court of the county where Plaintiff established his residency in New Hampshire and she emphasized that the 30-day time limit is important. **(Plaintiff's Affidavit in Support, page 13, ¶ 56).**

55.   On March 1, 2022, Plaintiff received through his email address from the New Hampshire Department of Safety, Bureau of Hearings email addressed to him in my former name, the written decision of the Hearing Examiner, Stacey K. Schultz of the New Hampshire Department of Safety, Bureau of Hearings, dated 2/25/22. **(Plaintiff's Affidavit in Support, pages 13-14, ¶ 57) (Exhibit 19).**

56.   On March 3, 2022, Plaintiff received through his mailing address, a Notice of Restoration of his Driver's License privilege and Registration privilege, addressed in his former name of Philip Israel Mark  and the Notice of Restoration Letter came from the New Hampshire Department of Safety, Division of Motor Vehicles, noting the date of notice as 2/28/2022 and restoration time as 3:08 PM and the letter was signed by the Director of New Hampshire Department of Safety, Division of Motor Vehicles. **(Plaintiff's Affidavit in Support, page 14, ¶ 58).**

57.   On the same date on March 3, 2022, Plaintiff received through his mailing address, a Notice of Suspension of his Driver's License privilege, addressed in his former name of Philip

Israel Mark  and the Notice of Suspension Letter came from the New Hampshire Department of

Safety, Division of Motor Vehicles, noting the date of notice as 03/01/2022 and reference number

as RPC32154 and his Driving License Number that ends with 7541 and the letter was signed by

the Director of New Hampshire Department of Safety, Division of Motor Vehicles. **(Plaintiff's**

**Affidavit in Support, page 14, ¶ 59).**

58.   On March 4, 2022, Plaintiff called the New Hampshire Department of Safety, Division of

Motor Vehicles phone number at 603-227-4010 and inquired why the Notice of Restoration

Letter is still showing in former name of Philip Israel Mark, Plaintiff was informed by the

Division of Motor Vehicles employee that his Driver's License is still suspended and Plaintiff

was also informed that his Registration privilege remained restored and Plaintiff was informed

that Hearing Examiners Linda Capuchino and Stacey K. Schultz did not provide the Division of

Motor Vehicles with his Official name change documents on August 5, 2020, and January 20,

2022 respectively and Plaintiff was informed to go to the Concord location of the New

Hampshire Department of Safety, Division of Motor Vehicles and Plaintiff should asked for

Aaron R. Richards, when Plaintiff get there, so Plaintiff can get the name change resolved.

**(Plaintiff's Affidavit in Support, pages 14-15, ¶ 60).**

59.   On March 24, 2022, Plaintiff filed with the New Hampshire Merrimack County Superior

Court, Concord, New Hampshire, his Complaint for Judicial Review with a Demand for Jury

Trial, appealing the decision of the Hearing Examiner, Stacey K. Schultz, Esq, of the New

Hampshire Department of Safety, Bureau of Hearings, dated February 25, 2022, pursuant to his

rights found in New Hampshire Revised Statute Annotated 263:76 and filing a lawsuit against

New Hampshire Department of Safety, Bureau of Hearings, pursuant to New Hampshire Revised

Statute Annotated 21-P:13 and 541:13 and Plaintiff mentioned Christopher Casko, Administrator,

New Hampshire Department of Safety, Bureau of Hearings, and Stacey K. Schultz, Hearing

Examiner,  New Hampshire Department of Safety, Bureau of Hearings, as Authorized Agents and

Defendants and Plaintiff also filed a lawsuit against Aaron R. Richards, Detective Sergeant, New

Hampshire Department of Safety, Division of State Police as a Defendant pursuant to New

Hampshire Revised Statute Annotated 641:5 for witness tampering and violation of my rights

found in Part I, Article 19, of the State of New Hampshire Constitution. **(Plaintiff's Affidavit in**

**Support, page 15, ¶ 61) (Exhibit 20).**

60.   On August 8, 2022, Plaintiff appeared in person, for the mandatory Hearing on the Merits,

held in Court Room 2 of the Courthouse of the New Hampshire Merrimack County Superior

Court located in Concord, New Hampshire and also in attendance was my Dad who

accompanied Plaintiff to the Courthouse and in attendance was Jessica A. King. Defendants

Aaron R. Richards, Stacey K. Schultz and Christopher Casko did not appear in person for this

mandatory Hearing on the Merits. Judicial Officer Brian T. Tucker presided over the Hearing on

the Merits. **(Plaintiff's Affidavit in Support, page 15, ¶ 62) (Exhibit 21).**

61.   During the August 8, 2022, Hearing of the Merits proceedings, Plaintiff argued that there

were Errors of Law and that the suspension of my Driver's License should be vacated and that

the decision of the Hearing Examiner, Stacey K. Schultz, of the New Hampshire Department of

Safety, Bureau of Hearings was unreasonable, unlawful and unjust and that Plaintiff cannot

reinstate my Driver's License by myself. I argued about Due Process and Materiality of Law, and

Plaintiff pray for relief that the decision of Stacey K. Schultz, Hearing Examiner, New

Hampshire Department of Safety, Bureau of Hearings be vacated and that my Driver's License

be restored. **(Plaintiff's Affidavit in Support, page 15-16, ¶ 63) (Exhibit 21).**

62.   After Plaintiff's argument on the diverse topics, Brian T. Tucker, in the courthouse verbally dismissed Plaintiff's Complaint for Judicial Review and Plaintiff immediately informed Brian T. Tucker that he objected to the verbal dismissal of my Complaint by him. **(Plaintiff's Affidavit in Support, page 16, ¶ 64).**

63.   On August 9, 2022, Plaintiff was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision and Order that, Judicial Officer, Brian T. Tucker, granted Defendant Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police to be dismissed as a Defendant, despite the fact that Defendant Aaron R. Richards did not appeared for the mandatory in person hearing of the Hearing on the Merits held at the Courthouse of the New Hampshire Merrimack County Superior Court on August 8, 2022, and Brian T. Tucker affirmed Hearing Examiner Stacey K. Schultz's determination that Plaintiff should go to the New Hampshire Department of Safety, Division of Motor Vehicles to restored his Driver's License myself. **(Plaintiff's Affidavit in Support, page 16, ¶ 65).**

64.   On December 1, 2022, Plaintiff filed with the New Hampshire Merrimack County Superior Court, his Notice of Mandatory Appeal to the Supreme Court of New Hampshire pursuant to Rule 7 of the New Hampshire Supreme Court Rules within thirty days on Plaintiff's timely motion for reconsideration of Brian T. Tucker's denial on November 2, 2022 of his timely motion for reconsideration of his mootness of Plaintiff's Motion for Summary Judgment that was attached with Affidavits and separate Statement of Material Facts that is undisputed. **(Plaintiff's Affidavit in Support, page 16, ¶ 66) (Exhibit 22) (Exhibit 24).**

65.   On the same date of December 1, 2022, Plaintiff filed his Notice of Mandatory Appeal with the New Hampshire Supreme Court pursuant to his right found in Rule 7 of the New

Hampshire Supreme Court Rules, from the decision of the merits of the New Hampshire

Superior Court after the Hearing on the merits held on August 8, 2020, and Plaintiff included

with his Notice of Mandatory Appeal, the New Hampshire Superior Court Clerk's Notice of

Decision of the denial of his timely Motion for Reconsideration of Brian T. Tucker's Mootness

of his Motion for Summary Judgment pursuant to Rule 12(e) of the New Hampshire Superior

Court Rules, dated November 2, 2022, (11/02/2022) and the New Hampshire Superior Court

Clerk's Notice of Decision of Brian T. Tucker's Mootness of Plaintiff's Motion for Summary

Judgment, dated October 11, 2022, (10/11/2022) and other timely post decisions. **(Plaintiff's**

**Affidavit in Support, page 17, ¶ 67) (Exhibit 28).**

66.   On January 10, 2023, Plaintiff was served through his email address, the New Hampshire

Supreme Court Clerk's Notice of Final Order dismissing his timely Notice of Mandatory Appeal

by Single Justice Patrick Donovan in the matter between him and New Hampshire Department of

Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety,

Division of State Police, docketed as Case Number 2022-0678. **(Plaintiff's Affidavit in**

**Support, page 17, ¶ 68) (Exhibit 27).**

67.   On January 11, 2023, Plaintiff filed with the New Hampshire Supreme Court, his Motion

for Reconsideration and attached his Appendices in support of his Motion, of Single Justice

Patrick Donovan's dismissal of his timely Mandatory Appeal to the Full Court of the New

Hampshire Supreme Court pursuant to Rule 21(9) of the New Hampshire Supreme Court Rules

that states a motion to reconsider an order issued by a Single Justice shall be referred to the Court

for decision. **(Plaintiff's Affidavit in Support, page 17, ¶ 69) (Exhibit 26).**

68.   On January 31, 2023, Plaintiff was served through his email address, the New Hampshire

Supreme Court Clerk's Notice of Order of the Full Court denying his timely Motion to

Reconsider of Single Justice Patrick Donovan's Order dismissing his timely Mandatory Appeal in the matter between Plaintiff and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police, docketed as Case Number 2022-0678 and denying Plaintiff's Motion to Strike Defendants or otherwise known as Appellees Objection to Plaintiff's Motion for Reconsideration. Despite the fact Plaintiff's filed a timely Motion for Reconsideration of Single Justice Patrick Donovan's Order of Dismissal of Plaintiff's timely Mandatory Appeal to the Full Court of Judicial Officers, Anna Barbara Hantz Marconi, James Bassett and Gary Hicks, and Patrick Donovan was also included as part of the Judicial Officers that participated in the decision to decide Motion to Reconsider his Order of Dismissal of Plaintiff's timely Mandatory Appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules. **(Plaintiff's Affidavit in Support, pages 17-18, ¶ 70) (Exhibit 27) (Exhibit 28).**

69.  On the same date of January 31, 2023, a Mandate was issued by the New Hampshire Supreme Court on both the Order denying Plaintiff's Motion for Reconsideration with Relief requested in Plaintiff's Motion for Reconsideration and the Order dismissing Plaintiff's timely Notice of Mandatory Appeal by Single Justice Patrick Donovan, entered on January 10, 2023, and was signed by the Clerk of the New Hampshire Supreme Court, Timothy A. Gudas.

**(Plaintiff's Affidavit in Support, page 18, ¶ 71) (Exhibit 27).**

70.  Plaintiff's right to Mandatory Appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules was not accepted by the persons of Timothy A. Gudas, Patrick Donovan, Anna Barbara Hantz Marconi, James Bassett and Gary Hicks, and despite the fact Plaintiff's Appeal was timely after the disposition of his timely Motion for Reconsideration of  Brian T. Tucker's mooted Motion for Summary Judgment on November 2, 2022 and Plaintiff filed his timely

Mandatory Appeal on December 1, 2022 within thirty (30) days of that disposition and despite

the fact a Mandate was issued on Case Docket Number 2022-0678, it cannot be found as a Case

Number disposed in the New Hampshire Supreme Case Orders, as the actions of the Court

Officers of the New Hampshire Supreme Court were Arbitrary and Capricious. **(Plaintiff's**

**Affidavit in Support, pages 18-19, ¶ 72) (Exhibit 25).**

## ARGUMENT

Plaintiff seek a preliminary injunction for reinstatement of his presently suspended state issued

Driver's License, so that Plaintiff can attend all Court's Hearings and appearances in Concord,

New Hampshire for convenience, as Plaintiff has requested for a Jury Trial in his entitled case,

even as he requested to preserve his right to a Jury Trial while seeking Preliminary Injunctive

Relief. Plaintiff currently has no remedy at law. "The purpose of a preliminary injunction is

always to prevent irreparable injury so as to preserve the court's ability to render a meaningful

decision on the merits." See United Food Commercial Workers Union, Local 1099 v. Southwest

Ohio Regulation Transit Authority, 163 F.3d 341, 348b (6th Circle, 1998).

## STANDARD OF REVIEW

Injunctive Relief "is an extraordinary and drastic remedy." Voice of the Arab World,

Incorporated v. MDTV Medical News Now, Incorporated, 645 F.3d 26, 32 (1st Circle, 2011)

(quoting Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). To warrant preliminary injunctive

relief, Plaintiff must show (1) his likelihood of success on the merits; (2) that he will suffer

irreparable harm; (3) the balance of equities between the parties, if there is adequate remedy at

law that (4) granting Plaintiff the injunction is in the public interest. Corporate Technologies

Incorporation v. Harnett, 731 F.3d 6, 9 (1st Circle, 2013). A preliminary Injunction is a

provisional remedy that preserves the status quo pending a final determination of the case on the

merits. New Hampshire Department of Environmental Services v. Mottolo, 155 N.H. 63, 917

A.2d 1277 (2007). Plaintiff bears the burden of establishing that these four factors weigh in his

favor." Esso Standard Oil Company (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Circle, 2006).

### PRELIMINARY INJUNCTIVE RELIEF FACTORS

## I.   LIKELIHOOD OF SUCCESS ON THE MERITS

Although the Plaintiff has exhausted all administrative remedies and the New Hampshire State

Courts remedies, all remedies never provided Relief for the Plaintiff, in issuing the restoration of

his Driver's License. After over two years, when Plaintiff's Driver's License and Registration

were suspended indefinitely, Plaintiff's Registration privilege was restored in a Notice of

Restoration Letter addressed to the Plaintiff in his former name of Philip Israel Mark, received

by Plaintiff through his mailing address on March 3, 2022 **(See Plaintiff Affidavit in Support,**

**page 14, ¶ 58)**, and the Registration privilege has remained restored. Even though the same letter

restored Plaintiff's Driver's License, he got another letter that same day, that his Driver's License

was suspended and has remained suspended till today **(See Plaintiff Affidavit in Support, page**

**14, ¶ 59)**. Despite the fact that Plaintiff never violated any Motor Vehicle Laws or committed any

Motor Vehicle violation or offense in New Hampshire or in any other State or Territory of the

United States of America, his Driver's License was suspended in the year 2020, as Plaintiff

became aware that his Driver's License was suspended even before an opportunity for a Hearing

that first began on August 5, 2020. **(See Plaintiff Affidavit in Support, page 5, ¶ 22) (See**

**Exhibit 1).** Plaintiff has attended other Hearings that included a Hearing on the Merits on

December 3, 2020, with the New Hampshire Merrimack County Superior Court **(See Plaintiff**

**Affidavit in Support, pages 7-8, ¶ ¶ 34-35) (Exhibit 4),** the Hearing on the Merits presided by

the Judicial Officer yielded no restoration nor reinstatement, despite the Judicial Officer's

23

knowledge that the Plaintiff's suspensions were not in the statute. Plaintiff attended another

Administrative Hearing with the New Hampshire Department of Safety, Bureau of Hearings on

January 20, 2022 **(See Plaintiff Affidavit in Support, page 11, ¶ 43) (See Exhibit 17)** Despite

all evidence and facts before the Hearing Examiner, the Hearing Examiner kept the Plaintiff's

Driver's License suspended indefinitely and stated the Plaintiff may seek Reinstatement of his

Driver's License by himself **(See Exhibit 19)**. Plaintiff attended in person, a mandatory Hearing

on the Merits with the New Hampshire Merrimack County Superior Court on August 8, 2022

**(See Plaintiff Affidavit in Support, page 15, ¶ 62)** and the Judicial Officer humiliated the

Plaintiff by verbally dismissing his Complaint, that was mandatory to attend in person **(See**

**Plaintiff Affidavit in Support, page 16, ¶ 64) (See Exhibit 23)**. Plaintiff sought further relief to

the New Hampshire Supreme Court with a Notice of Mandatory Appeal filed with the New

Hampshire Merrimack County Superior Court and the New Hampshire Supreme Court on

December 1, 2022 **(See Plaintiff Affidavit in Support, page 16, ¶ 66)** and on January 10, 2023,

a Single Justice of the New Hampshire Supreme Court dismissed Plaintiff's timely Notice of

Mandatory Appeal despite the fact that Plaintiff's Notice of Mandatory Appeal was timely and

the New Hampshire Supreme Court stated that both parties addressed the timeliness of Plaintiff's

Mandatory Appeal, which both parties did addressed and a Single Justice was determining

Plaintiff's Mandatory Appeal instead of the Full Court of the New Hampshire Supreme Court

and on January 11, 2023, Plaintiff filed a timely Motion for Reconsideration of the Single

Justice's dismissal of Plaintiff's Notice of Mandatory Appeal to the Full Court of the New

Hampshire Supreme Court pursuant to Rule 21(9) of the New Hampshire Supreme Court Rules.

**(See Plaintiff Affidavit in Support, page 17, ¶¶ 68-69) (See Exhibit 26) (See Exhibit 28)**. On

January 31, 2023, the New Hampshire Supreme Court denied Plaintiff's Motion to reconsider the

Single Justice's Action and the Single Justice in question was part of the New Hampshire

Supreme Court's decision makers to reconsider the Single Justice's Action and on the same date

of January 31, 2023, a mandate was made by the New Hampshire Supreme Court to close the

Mandatory Appeal, the Plaintiff filed with the New Hampshire Supreme Court, without

accepting Plaintiff's Notice of Mandatory Appeal, docketed as New Hampshire Supreme Court

Case Docket Number 2022-0678  and the actions of the Court Officers of the New Hampshire

were arbitrary and capricious, in violation of the Federal Due Process Clause of the Fourteenth

Amendment to the United States of America Constitution and Plaintiff's state issued REAL ID

Driver License has remained suspended. **(See Plaintiff Affidavit in Support, pages 17-19, ¶¶¶**
**70-72) (See Exhibit 27 and Exhibit 28).**

(a)   DUE PROCESS (PROCEDURAL) (COUNT I)

The suspension of issued Driver's License involves state action that adjudicates

important interests of the Licensees. In such cases, Driver's License are not to be taken away

without that procedural due process required by the Fourteenth Amendment to the United States

of America Constitution. Dixon v. Love, 431 U.S. 105, 112. 97 S. Ct. 1723, 1727, 52 L.Ed. 2d

172, 180 (1977) (quoting Bell v. Burson, 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971)).

The Supreme Court of the State of New Hampshire has held the privilege of holding a Driver's

License is a legally protected interest requiring Due Process prior to suspension. Bragg v.

Director, New Hampshire Department of Safety, Division of Motor Vehicles, 141 N.H. 678

(1997). Because a Driver's License once issued, "may be essential in the pursuit of a livelihood,"

a state may not suspend a Driver's License without providing the Licensee with the procedural

due process required by the Fourteenth Amendment. Bell v. Burson, 402 U.S. 535, 539 (1971);

Raper v. Lucey, 488 F.2d 748, 752 (1st Circle, 1973) (quoting Wall v. King, 206 F.2d 878, 882

(1st Circle, 1953)). To succeed on a procedural due process claim, plaintiff must demonstrate that the "procedures provided by the state in effecting the deprivation of his liberty or property are inadequate in light of the affected interests." Pittsley v. Warish, 927 F.2d 3, 6 (1st Circle, 1991).

Plaintiff has demonstrated that the procedures provided by New Hampshire have not resulted in the restoration of his Driver's License despite the fact violated the State of New Hampshire through the action of one of its agents acting under state law with the title of Director, New Hampshire Department of Safety, Division of Motor Vehicles suspended Plaintiff's Driver License before an opportunity of a Hearing held on August 5, 2020. **(See Plaintiff Affidavit in Support, page 5, ¶ 22) (Exhibit 1).** The Supreme Court of the United States stated in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985) that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property. The core of procedural due process is the adequacy of the hearing provided before a deprivation of liberty or property occurs. See Mathews v. Eldridge, U.S. 319, 332-333 (1976). The right to be heard and to cross-examine witnesses are essential components of a hearing in which a presumptively innocent individual may lose his or her freedom. Part 1, Article 15 of the constitution of New Hampshire states in relevant part: "No citizen shall be arrested, imprisoned, despoiled , or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land."  The law of the land is synonymous with "Due Process of Law" Petition of Bagley, 128 N.H. 282, 513 A.2d 331, 337 (1986). A Driver's License is property protected by the Due Process Clause of Section 1 of the Fourteenth Amendment and may be abridged only by constitutionally appropriate procedures. The status of a Driver's License deserving of constitutional protections was first most clearly stated in Wall v. King, 206 F.2d 878 (1st Circle, 1953): "We have no doubt that the freedom to

make use of one's property, here a Motor Vehicle, as a means of getting about from place to place, whether in pursuit of business or pleasure, is a "liberty" which under the Fourteenth Amendment cannot be denied or curtailed by a state without due process of law." 206 F.2d at 882. Even though the Plaintiff diligently followed all State of New Hampshire Due Process, from showing appearances in all Administrative Hearings held on August 5, 2020 **(See Exhibit 1)** and January 20, 2022 **(See Exhibit 17)** and attended all Hearing on the Merits held on December 3, 2020 **(See Exhibit 4)**  and August 8, 2022 **(See Plaintiff Affidavit in Support, page 15, ¶ 62 )**, and sought relief from the Highest Court of the State of New Hampshire, the Supreme Court of New Hampshire on February 11, 2021 **(See Plaintiff Affidavit in Support, page 8, ¶ 38) (See Exhibit 9)** and on December 1, 2022, **(See Plaintiff Affidavit in Support, page 17, ¶ 67) (See Exhibit 28)**. Despite the Plaintiff's diligence in exhausting all provided avenues by the State of New Hampshire and despite the fact the Plaintiff committed no Motor Vehicle offense or violation in New Hampshire or in any other state or territory of the United States of America nor violated any New Hampshire Motor Vehicle Laws, the State of New Hampshire has failed the Plaintiff by not reinstating his Driver's License since August 5, 2020, when Plaintiff realize his right to operate was already taken away from him by a person acting under color of State law, depriving the Plaintiff of his right, privilege or immunity secured by the United States of America Constitution or Laws of the United States of America. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff's ability to operate a motor vehicle is the private interest implicated in this case. The interest is "substantial one, for the State of New Hampshire will not be able to make the Plaintiff whole for any personal inconvenience and economic hardship suffered by reason of any delay in redressing an erroneous suspension through post suspension review procedures." Mackey v. Montry, 443 U.S. 1, 10-12 (1979) (observing that length of time affects

the substance of the private interest). Even though the exhaustion doctrine, does not apply to actions under 42 U.S.C. § 1983. See Patsy v. Board of Regents, 457 U.S. 496 (1982). In accordance with congressional intent to protect people from unconstitutional action under state law, the "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to Section 1983." Borges Colon v. Roman-Abreu, 438 F.3d 1, 19 (1st Circle, 2006). Indeed, the purpose of seeking a federal forum is to ensure a timely and disinterested analysis of a challenge to state process. Monroe v. Pope, 365 U.S. 167, 174 (1961). Even though there is an existence of an administrative process in New Hampshire, Plaintiff exhausted all administrative process in New Hampshire and exercised his right to appeal to the Courts, both the New Hampshire Superior Court and the New Hampshire Supreme Court and New Hampshire failed the Plaintiff and never addressed the Plaintiff's private interest implicated in this case and for the all the reasons stated in Count I, Plaintiff has shown his substantial likelihood of success on the merits on this Claim on Procedural Due Process and for all foregoing reasons stated in Count I, and those incorporated by reference, the Court should immediately grant Plaintiff his Motion for Preliminary Injunction.

(b)   DUE PROCESS (SUSTANTIVE) COUNT II

The substantive protections of the due process clause limit what a State may do regardless of what procedures are followed. United States v. Salerno, 481 U.S. 739, 746 (1987) Substantive due process is a source of rights where the conduct complained of shocks the conscience or offends the community's sense of fair play and decency. See Rochin v. California, 342 U.S. 165, 172 (1952). With the facts that the Plaintiff has pleaded in his Complaint for Violation for Civil Rights and Constitutional Rights and those facts pleaded in this Motion for Preliminary Injunction has shown Plaintiff is entitled to relief because the actions of the

Defendants has shown a pattern of arbitrary, unreasonable and capricious acts, which has deprived the Plaintiff of his right to reasonably and legally use his private interest of Plaintiff's ability to operate a motor vehicle. Substantive due process is a constitutional cause of action that leaves the door "slightly a jar for federal relief in truly horrendous situations." Nestor Colon-Medina & Sucesores, Inc v. Custodio, 964 F.2d 32, 45 (1st Circle, 1992). Plaintiff has proved that he has suffered for over three years, the deprivation of his liberty and his private and property interest of a Driver's License and the deprivation of Plaintiff's private and property interest came through the action of the Director of the New Hampshire Department of Safety, Division of Motor Vehicles, acting under the color of State Law, without the Plaintiff violating any Motor Vehicle Laws nor committed any Motor Vehicle violation or offense and the governmental actor was aided by the actions of other persons acting under the color of State Laws, and thus shocks the conscience. See Pagan v. Calderon, 448 F.3d 16, 32 (1st Circle, 2006); Rivera v. Rhode Island, 402 F.3d 27, 33-34 (1st Circle, 2007). Plaintiff must show that he was harmed by a constitutional violation and the Defendants acting under the color of state law were responsible for the violation. Defendants acted with deliberate indifference to the Plaintiff in violation of his substantive due process right guaranteed by the Fourteenth Amendment to the United States Constitution. See Young v. City of Providence, 404 F.3d 4, 25 (1st Circle, 2005) Plaintiff's plight in the hands of the Defendants started from his appearance at his Administrative Hearing held on August 5, 2020, **(See Exhibit 1)** with the state actors acting with willful blindness and deliberate indifference to the Plaintiff, up till December 1, 2022, when Plaintiff filed his Notice of Mandatory Appeal with the Highest Court of the State of New Hampshire and the State Actors acting under the color of state laws, denied Plaintiff, his right of an Appeal on January 31, 2023, with a mandate of closing New Hampshire Supreme Court Case Docket

Number 2022-0678 without accepting Plaintiff's timely Mandatory Appeal and thus denying the

Plaintiff, his right to a Mandatory Appeal, an action of the State Actors acting under the color of

State Laws, which were Arbitrary and Capricious actions, in violation of the Federal Due Process

Clause of the Fourteenth Amendment to the United States of America Constitution. **(See**

**Plaintiff Affidavit in Support, pages 17-19, ¶¶¶ 70-72) (See Exhibit 27 and Exhibit 28).** With

the actions of the State Actors on January 31, 2023, it effectively put an end to any State of New

Hampshire remedies, causing willful blindness and deliberate indifference to the Plaintiff

without restoring Plaintiff's Driver's License and all Defendants are found in violation of the

substantive due process guaranteed by the Fourteenth Amendment to the United States of

America Constitution. Plaintiff has shown his substantial likelihood of success on the merits on

this Claim on Substantive Due Process and for all foregoing reasons stated in Count II, and those

incorporated by reference, the Court should immediately grant Plaintiff his Motion for

Preliminary Injunction.

 (c) <u>EQUAL PROTECTION CLAUSE (COUNT III)</u>

  The Equal Protection Clause of the Fourteenth Amendment to the United States of

America Constitution commands that no State shall deny to any person within its jurisdiction the

equal protection of the laws, which is essentially a direction under the doctrine of Equal

protection which demands that "all persons similarly situated should be treated alike, "Cleburne

v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Plaintiff is a Black African American male.

**(See Plaintiff Affidavit in Support, page 1, ¶ 1).** The plaintiff is a member of a protected class.

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the

Fourteenth Amendment, a Plaintiff must show that the Defendants acted with an intent or

purpose to discriminate against the Plaintiff based upon membership in a protected class.

Washington v. Davis, 426 U.S. 229, 239-40, 96 S. Ct. 2040, 48 L.Ed.2d 597 (1976). Plaintiff has demonstrated that the Defendants, all white males and white females has discriminated against him, a Black African American male and a member of a protected class. Plaintiff, a Black African American male has demonstrated in particular that the Director of the New Hampshire Department of Safety, Division of Motor Vehicles, Elizabeth Bielecki, a white female, intentionally discriminated against the Plaintiff by applying criminal Motor Vehicles Laws to suspend Plaintiff's Driver's License and Vehicle Registration and suspended his Driver's License and Vehicle Registration privileges before his opportunity for a Hearing on August 5, 2020. **(See Plaintiff Affidavit in Support, page 3, ¶ 12) (See Plaintiff Affidavit in Support, pages 3-4, ¶ 14) (See Plaintiff Affidavit in Support, page 5, ¶ 22) (See Exhibit 1).** Plaintiff, a Black African American male has demonstrated that Aaron R. Richards, a white male, Trooper, New Hampshire Department of Safety, Division of State Police without probable cause with his arrest warrant came at various times to Plaintiff's private home, with unfounded invasion of Plaintiff's Liberty and Privacy violating Plaintiff's Equal Protection Clause under Article 1, Part 2 of the New Hampshire Constitution and the Fourteenth Amendment to the United States of America Constitution.**(See Plaintiff's Complaint for Violation of Civil Rights and Constitutional Rights)** Plaintiff has shown a constitutional violation of the Defendants, because of his membership in a protected class. Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. 1042. 1052, 55 L.Ed.2d 252 (1978). Purposeful discrimination is an essential element of an equal protection claim. Gutierrez v. Municipal Court of the Southeast Judicial District, 838 F.2d 1031, 1047 (9th Circle, 1988). The New Hampshire Supreme Court has stated that equal protection of the laws mandates "that those who are similarly situated be similarly treated." Belkner v. Preston, 115 N.H. 15, 17, 332 A.2d 18, 170 (1975). The New Hampshire Constitution equally guarantees to its

citizens "natural, essential, and inherent rights" of "life and liberty; acquiring, possessing and protecting property." New Hampshire Constitution, Part 1, Article 2.  Plaintiff has shown his substantial likelihood of success on the merits on this Claim on Equal Due Process Clause and for all foregoing reasons stated in Count III, and those incorporated by reference, the Court should immediately grant Plaintiff his Motion for Preliminary Injunction.

## II.   RISK OF IRREPARABLE HARM

To obtain injunctive relief, plaintiff must also show a "significant risk of irreparable harm if the injunction is withheld." EEOC v. Astra USA, 94 F.3d 738, 742 (1st Circle, 1996) (citation omitted). The loss of Driver's License for Plaintiff has caused him irreparable harm in that it has caused severe economic damage and limited employment opportunities. As it stands, Plaintiff has requested a Hearing for his Motion for Preliminary Injunction and requested a Jury Trial for all claims triable by Jury Trial and all these requests will involve physical presence in Concord, New Hampshire, where the District Court is currently based and without the Plaintiff's right to operate his Motor Vehicle to attend all mandatory obligations and for the Plaintiff's use of his Driver's License for business and pleasure, has inflicted harm upon the Plaintiff and the harm is irreparable and is burdensome. Considering the facts presented, the continued suspension of Plaintiff's Driver's License does not constitute an immediate threat to public safety. Plaintiff's rights can only be protected by Injunctive and Declaratory Relief and this factor balances heavily in Plaintiff's favor. Accordingly, the risk of irreparable harm to Plaintiff is sufficient to warrant an injunction at this time.

## III.   BALANCE OF EQUITIES-HARDSHIP TO PLAINTIFF IF INTERIM RELIEF IS WITHHELD

Any potential harm caused to Plaintiff by a denial of its Motion must be balanced against any reciprocal harm caused to Defendants by the imposition of an injunction." TouchPoint

Solutions, Incorporated v. Eastman Kodak Company, 345 F. Supp. 2d 23, 27-32 (D. Mass. 2004) (quoting Burten v. Milton Bradley Company, 763 F.2d 461, 463 (1st Circle, 1985)). The questions of harm to others and serving the public interest are inversely proportional to the likelihood of success on the merits. In cases where harms are claimed on both sides, the Court should look to the merits. What matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue. Plaintiff does not have any adequate remedy at law as the facts has shown, that he has exhausted every administrative remedy and his right to appeal to the New Hampshire Superior Court and the New Hampshire Supreme Court and none of this recourse provided relief in restoring Plaintiff's Driver's License. As a matter of fact, if Plaintiff's preliminary injunctive relief issues, he will start contributing to the economy of New Hampshire and the United States of America instead of being confined to his home presently, which does not do him, his loved ones, and any person he can help lift up financially any good, as any reasonable disinterested observer will agree. A Driver's License once issued is essential in the pursuit of livelihood. Bell v. Burson, 402 U.S. at 535. Driver's License is a source of livelihood and happiness for any one privilege to have it, as long as any Licensee privilege to have it, does not abuse its use and does not present a danger to public safety. Thus, an Injunctive relief is necessary to provide Plaintiff remedy and to prevent Defendants; conduct to continue to irreparably harm him. The only available remedy is for this Court to immediately grant this injunctive relief and order Plaintiff's Driver's License to be restored in his name and not in Plaintiff's former name that the Driver's License is currently under. The primary factor showing irreparable harm to Plaintiff i.e., the denial of his constitutional rights, also shows why the risk

cuts in favor for the Plaintiff and why a preliminary injunction will be properly issued to the

Plaintiff. See Rio Grande Community Health Center, Incorporated v. Rullan, 397 F.3d 56 (1st

Circle, 2005). The balance of equities weighs in favor of granting the Plaintiff his proposed

preliminary injunctive relief.

## IV.   PUBLIC INTEREST (INJUNCTION FURTHERS THE PUBLIC INTEREST)

Injunctive relief is not appropriate unless there is "a fit (or lack of friction) between the

injunction and the public interest." Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st

Circle, 2003) (citation omitted). Public Interest here favors the issuance of a preliminary

injunction for reasons similar to those discussed with respect to other preliminary injunction

factors. There is generally no public interest in the perpetuation of unlawful agency action.

League of Women Voters v. Newby, 838 F.3d 1, 12 (D.C. Circle, 2016). There is in fact a

"substantial public interest in having governmental agencies abide by the government laws that

govern their existence and operations," League of Women Voters, 838 F.3d at 12. The public

interest will be advanced, not harmed, as granting the proposed injunctive relief by the Plaintiff,

the public will want the Plaintiff to contribute to the State and Federal economy and not sit at

home, not contributing his own share to the economy of New Hampshire and the United States

of America.  The only available remedy is for this Court to grant the issuance of injunctive relief,

as doing so would be consistent with the public interest. Accordingly, this Court would see that

there is no friction between the public interest and the issuance of injunctive relief to the Plaintiff

in this case. This Court should therefore issue a preliminary injunction while the case is being

litigated.

## HEARING REQUESTED

Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, Plaintiff requests a hearing

on his Motion for Preliminary Injunction by Video Teleconference, as Plaintiff does not have any

available means to appear in Concord, New Hampshire, where presently the District Court is

located, if on the other hand, this Court issues a temporary restraining order pursuant to Rule

65(b)(1) of the Federal Rules of Civil Procedure that will allowed Plaintiff to drive with his

Driver's License and be in Court in person, if this Court scheduled in earnest his requested

Preliminary-Injunction Hearing, Plaintiff will gladly appeared in person in Concord, New

Hampshire for his Hearing on the Preliminary Injunction.

## CONCLUSION

For the foregoing reasons set forth above and those stated herein and those stated in Plaintiff's

Motion for Preliminary Injunction and those incorporated by reference, this Court should grant

Plaintiff's Motion for Preliminary Injunction and issued a separate Order of Preliminary

Injunction, as all the required elements for a restraining temporary order and a preliminary

injunctive relief are met. This Court should expeditiously grant the requested injunctive relief

and grant such other further relief as may be just, proper and equitable.

Respectfully submitted,

Femi Isijola, Plaintiff


Femi Isijola, Pro Se Litigant
1465 Hooksett Road, Unit 66
Hooksett, NH 03106
603-560-4174
femieasyjay.thelaw@aol.com

Dated: August 7, 2023