FILED - USDC -NH
2023 AUG 7 PM 1:12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FEMI ISIJOLA,<br><br>              **Plaintiff,**<br><br>v.<br><br>NEW HAMPSHIRE DEPARTMENT OF SAFETY, AARON R. RICHARDS, LINDA CAPUCHINO, STACEY K. SCHULTZ, ELIZABETH BIELECKI, DONALD BLASZKA, CHRISTOPHER CASKO, ROBERT QUINN, JESSICA A. KING, ANTHONY J. GALDIERI, MARIA E. BUCKMAN, ANDREW R. SCHULMAN, BRIAN T. TUCKER, TIMOTHY A. GUDAS, PATRICK DONOVAN, ANNA BARBARA HANTZ MARCONI, JAMES BASSETT AND GARY HICKS.<br><br>              **Defendants** | CASE NO:<br><br>AFFIDAVIT IN SUPPORT OF MY MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**AUGUST 7, 2023** |

### AFFIDAVIT IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE

I, FEMI ISIJOLA, hereby depose and states under oath:

1. I am the Plaintiff and Self-Represented Litigant in the above-entitled matter, and I am a Black African American Male, citizen of the State of New Hampshire, residing in 1465 Hooksett Road, Unit 66, Hooksett, New Hampshire and maintaining a mailing address of 1328 Hooksett Road, #16013, Hooksett, New Hampshire.

2. The statements made in this affidavit are based upon facts within my own personal knowledge that bears upon my Motion for Preliminary Injunction Relief.

1

3. I procured my original New Hampshire Driver's License in my birth name in the year 1999 and I was assigned a Driver's License Number that ends with the last four numbers of 7161 and my birth name is clearly shown on my Driving Record.

4. On January 29, 2007, I changed my name to Philip Israel Mark at the Merrimack Probate Court in Concord, New Hampshire and on the same day, I changed my Driver's License to my new name at the New Hampshire Department of Safety, Division of Motor Vehicles and I was assigned a Driver's License Number that ends with the last four digits numbers of 7161.

5. Since January 29, 2007, I have at various times renewed my Driver's License with the New Hampshire Department of Safety, Division of Motor Vehicles at the Manchester location in Manchester, New Hampshire.

6. My profession as a traveling salesperson for ADT Security helps me to earn commissions if I sell the Alarm System and enables me to travel to the other New England States to sell ADT Alarm Systems.

7. On November 10, 2016, I changed my name back to Femi Easyjay Isijola at the Probate Court in Providence, Rhode Island.

8. On July 20, 2017, I was issued a Duplicate New Hampshire Driver's License and the Duplicate Driver's License expired on February 16, 2018.

9. On February 15, 2018, I went to renew my Driver's License at the Manchester Location of the New Hampshire Department of Safety, Division of Motor Vehicles located in Manchester, New Hampshire, but my Driver's License was not renewed because of a reported problem of my Driver's License.

10. If I do not receive my Duplicate or Renewal Driver's License in person, I will receive it in my former legal address of 134 Mammoth Road, Unit 26, Hooksett, New Hampshire or in my

former mailing address of P. O. Box 16185, Hooksett, New Hampshire or in my current mailing address of 1328 Hooksett Road, #16013, Hooksett, New Hampshire.

11. On February 12, 2019, I renewed my Driver's License, and the issued REAL ID Compliant Driver's License was sent to my current mailing address of 1328 Hooksett Road, # 16013, Hooksett, New Hampshire.

12. On June 11, 2020, I received a dated June 9, 2020, (06/09/2020) Notice of Suspension of my Vehicle Registration from Elizabeth Bielecki, then Director of the New Hampshire Department of Safety, Division of Motor Vehicles addressed to my former name of Philip Israel Mark, that she believes I committed False Statement on Registration pursuant to New Hampshire Revised Statute Annotated 261:178 and I must pay $25 Registration privilege restoration fee before my Registration privilege will be restored and I must submit a written request for a hearing and the request must be submitted to the Bureau of Hearings, 33 Hazen Drive, Concord, New Hampshire.

13. On June 12, 2020, I went to Concord, New Hampshire and I submitted my written request for a Hearing with the New Hampshire Department of Safety, Bureau of Hearings to contest Elizabeth Bielecki's assumption that I committed false statement on Registration, and I paid the $25 registration privilege restoration fee required of me, as stated in Elizabeth Bielecki's Notice of Suspension Letter.

14. On June 18, 2020, I received a dated June 16, 2020, (06/16/2020) Notice of Suspension of my Driver's License from Elizabeth Bielecki, then Director of the New Hampshire Department of Safety, Division of Motor Vehicles addressed to my former name of Philip Israel Mark, that she believes I committed False Statement on Driver's License pursuant to New Hampshire Revised Statute Annotated 263:12V and I must pay $100 Driver's License privilege restoration

fee before my Driver License privilege will be restored and I must submit a written request for a Hearing and the request be submitted to the Bureau of Hearings, 33 Hazen Drive, Concord, New Hampshire and I later paid the $100 and requested for a hearing.

15. On the same date on August 5, 2020, I appeared for the Administrative Hearing scheduled for the day by Video Teleconference and in attendance for this Administrative Hearing was Donald Blaszka, Aaron R. Richards, and Linda Capuchino, the Hearing Examiner, from the New Hampshire Department of Safety, Bureau of Hearings who presided over this Administrative Hearing.

16. In this Administrative Hearing that I participated in, the case was titled State of New Hampshire versus Philip Israel Mark, and Philip Israel Mark was my former name, and the Administrative Hearing was named Video/Telephonic False Statement Hearing and the assigned Hearing Number was assigned as HR20207656.

17. Linda Capuchino asked me my name and I stated my name is Femi Isijola and she asked me to spell my name, which I did spell for her, and I stated that I am also known as Philip Mark.

18. After Linda Capuchino was satisfied with the spelling of my name, she requested that Aaron R. Richards give his direct testimony.

19. And Aaron R. Richards stated that I surrendered my Rhode Island License and further stated, that was what was shown in the database.

20. Aaron R. Richards said I had an active Massachusetts Driver's License with a Leominster, Massachusetts address, and at the request of himself and the acceptance of the Director of the Motor Vehicles, he suspended the Driver License in New Hampshire.

21. Linda Capuchino asked Aaron R. Richards, the relief he was seeking, and he said he will request that my Driver's License be suspended after the Administrative Hearing, and he will

4

further request that my Driver's License remain suspended until the completion of his criminal case.

22. Linda Capuchino asked Aaron R. Richards if Director of Motor Vehicles, Elizabeth Bielecki, has suspended my Driver's License already and he said Yes.

23. Linda Capuchino spoke directly to me that the potential consequence for not prevailing in the Administrative Hearing was that my Driver's License will be suspended in the State of New Hampshire for at least one year and possibly longer and that means my Driver's License would go into a Central Registry and I will be suspended in Massachusetts, Rhode Island and anywhere else I move and try to get a Driver's License, until New Hampshire is cleared up, which will take at least one year.

24. Linda Capuchino asked me what my legal name is, as approved by the Court of Law, to which I answered and said that I am known as Femi Isijola.

25. Linda Capuchino asked me if I went to Court and have my name changed back to Femi Isijola, to which I responded that I did change my name back to Femi Isijola and that was changed in the Probate Court of Rhode Island.

26. I further stated that my record states I bear that name and that I attended Southern New Hampshire University, and I had a master's degree in Southern New Hampshire University in New Hampshire.

27. I stated that since Linda Capuchino verified that I am a resident of New Hampshire, I want my full restitution of my Driving License to be restored.

28. On September 16, 2020, I received by email communication at 12:35 PM, two decisions coming from the New Hampshire Department of Safety, Bureau of Hearings, one decision with my former name of Philip Israel Mark with a falsified reference number of NHI11141845 and

5

with the decision of my Driver's License privilege suspension of one (1) year and Vehicle Registration privilege suspension of one (1) year with hearing required to ensure residency and to ensure I hold no other license in any other jurisdiction and the decision was dated September 14, 2020 with no signature by Linda Capuchino and the decision stated I had appeals rights pursuant to New Hampshire Revised Statute Annotated 263:76.

29. On the same day on September 16, 2020, I received by email communication at 12:35 PM, on the same email message coming from the New Hampshire Department of Safety, Bureau of Hearings, and the name of the sender was Monica E, who identified as the Administrative Supervisor of the New Hampshire Department of Safety, Bureau of Hearings and Linda Capuchino was copied, with another decision noting my name as Isijola Femi, with the reference number of NHI11151845 and the decision on my Driver's License suspension was one (1) year and my Vehicle Registration was suspended indefinitely with Hearing Required.

30. On September 18, 2020, I received a dated Notice of Suspension of my Driver's License on September 15, 2020 through my mailing address in Hooksett, New Hampshire, that the full suspension of my Driver's License took effect on August 5, 2020, (08/05/2020) and I may be considered for restoration on August 5, 2021, (08/05/2021), and the reason for the suspension of my Driver's License by Elizabeth Bielecki, Director of Motor Vehicles was that she believed I made False statement on Driver's License pursuant to New Hampshire RSA 263:12V. The reference number is DRC9144 and my Driver's License Number that ends with the last four digits number of 7541.

31. On the same date on September 18, 2020, I received a Dated Notice of Suspension of my Registration on September 15, 2020 through my mailing address in Hooksett, New Hampshire, that the full suspension of my Registration took effect on August 5, 2020, (08/05/2020) and I may

6

be considered for restoration on August 5, 2021, (08/05/2021), and the reason for the suspension of my Registration by Elizabeth Bielecki, Director of Motor Vehicles was that she believed I made false statement on Registration pursuant to New Hampshire RSA 261:178. The reference number is DRC9111 and my Driver's License Number that ends with the last four digits number of 7541.

32. On September 30, 2020, at 12:10 PM, I sent a message through my email address to the email address of the New Hampshire Department of Safety, Bureau of Hearings that I call in to their office to inquire about my case, which was named a False Statement Hearing and I was informed that Linda Capuchino changed the False Statement Hearing to a Reciprocity Hearing and I make clear in that email message, that the Administrative Hearing was never a Reciprocity Hearing but was known as a False Statement Hearing and was held on August 5, 2020.

33. On October 2, 2020, I filed my Appeal of the Hearing Examiner's Linda Capuchino's determination and Elizabeth Bielecki's decision to suspend my Driver's License and Registration Certificate pursuant to my Appeals Rights found in New Hampshire Revised Statute Annotated 263:76 with the New Hampshire Merrimack County Superior Court, Concord, New Hampshire and the action was entitled Femi Isijola versus Director, New Hampshire Department of Safety, Division of Motor Vehicles and the Civil Case Number was 217-2020-CV-00533 and the assigned Judge was Andrew R. Schulman.

34. On December 3, 2020 at 10:58 AM, a Hearing on the Merits was held by Telephonic Hearing and I was in attendance, so was Michael P. King who represented the Director, New Hampshire Department of Safety, Division of Motor Vehicles, so was Andrew R. Schulman, a New Hampshire Superior Court Judge, who presided over the Hearing on the Merits.

35. Andrew R. Schulman who presided over the Hearing on the Merits on December 3, 2020, mentioned and knew that the suspension of my Driver's License and Registration was not in the

7

New Hampshire Statute and in the process, chose not to reinstate my Driving License and Registration Privileges and thereby violated my Due Process Rights.

36. On January 27, 2021 at 8:23 AM, I received through my email address, the New Hampshire Merrimack County Superior Clerk's Notice of Decision of Andrew R. Schulman in the matter between me and the Director, New Hampshire Department of Safety, Division of Motor Vehicles, that was dated January 26, 2021, and he never addressed Errors of Law and the Reinstatement of my Suspended Driving License and Vehicle Registration and he cited no case law to affirm Linda Capuchino's determination and the suspension of my privileges.

37. On February 9, 2021 at 2:32 PM, I was served a New Hampshire Merrimack County Superior Clerk's Notice of Decision of Andrew R. Schulman that he has denied my Motion to Reconsider his decision to affirm Linda Capuchino's determination of September 16, 2020, and in his denial, he said a criminal conviction is not a prerequisite for suspension or revocation of a license and/or registration under RSA 260:10.

38. On February 11, 2021, I filed my Notice of Mandatory Appeal with the New Hampshire Supreme Court pursuant to my right found in Rule 7 of the New Hampshire Supreme Court Rules, from the decision of the merits of the New Hampshire Merrimack County Superior Court after the hearing on the merits held on December 3, 2020, and I included with my Notice of Mandatory Appeal, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision of the denial of my Motion for Reconsideration pursuant to Rule 12(e) of the New Hampshire Superior Court Rules, dated February 9, 2021, (02/09/2021) and the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision of the Final Order of the New Hampshire Superior Court, dated January 26, 2021.

39. On December 9, 2021 at 11:10 AM, after it was clear the New Hampshire Supreme Court closed the case number 2021-0045 and failed to reinstate my Driving License privilege and Registration privilege, I fax to the Bureau of Hearings at 603-271-6653, the facsimiles number of the New Hampshire Department of Safety, Bureau of Hearings for a request for Hearing about my reinstatement of my Driver's License and Vehicle Registration and at 11:42 AM, I send an email message to the email address of the New Hampshire Department of Safety, Bureau of Hearings to request for a Hearing to have my Driver's license and Registration privilege reinstated and I ensure in the email message to mentioned that I paid the Registration privilege restoration fee of $25.00 and the Operating License privilege restoration fee of $100.00.

40. On December 14, 2021, I received by my mailing address, a letter dated December 10, 2021, from the New Hampshire Department of Safety, Bureau of Hearings that was titled Notice of Hearing and addressed to my former name of Philip Israel Mark and the date of the Hearing was scheduled for January 20, 2022 at 9:30AM and the assigned Hearing number was HR202117109. My Reference Number is NHI11151845, and the scope of the hearing was to determine if my New Hampshire Driver License and Registration should be/remain suspended/revoked and the statutory authorities cited were RSA 260:10, RSA 263:12 and RSA 261:178 and the regulatory authorities were administrative rule Saf-C 204.15 and Saf-C 204.01. I was notified that Aaron R. Richards was going to attend the hearing.

41. On January 13, 2022, I forwarded five written motions, four notarized Affidavits, one written request to ask Trooper First Class Aaron Richards the following pertinent questions on administrative hearing scheduled for January 20, 2022 at 9:30 AM through Certified Mail with Return Receipt requested to the Hearing Examiner, Stacey K. Schultz, Aaron R. Richards and the Office of the Commissioner of the New Hampshire Department of Safety, Robert Quinn and I

certify that the recipients received the documents through confirmation of the return receipts sent back to my physical and residential address. My Five (5) Written Motions were (1) Motion to change name from my former name to my current name. (2) Motion to vacate offenses on my Driving report for False Statement on my Driver's License and Vehicle Registration (3) Motion to prove New Hampshire Residency and have no Active Valid Driver's License in any Jurisdiction of the United States of America. (4) Motion to raise Constitutional Violations of my Rights found both in the Constitution of the State of New Hampshire and the United States of America. (5) Motion to vacate Fees paid for Registration Privilege Restoration Fee and Operating Privilege Restoration Fee. My Four (4) Affidavits were (1) Affidavit of my Motion to Change my Name in the Motor Vehicle Records of the New Hampshire Department of Safety, Division of Motor Vehicles. (2) Affidavit of my Motion to vacate offenses in my Driver's Record Report (3) Affidavit of my Motion to prove New Hampshire Residency and a Declaration of no Valid Active Driver's License in any Jurisdiction of the United States of America. (4) Affidavit of my Motion to raise Constitutional Violations of my Rights found both in the Constitution of the State of New Hampshire and United States of America. My One (1) Request to ask Trooper Aaron Richards the following pertinent questions at the Administrative Hearing scheduled for January 20, 2022.

42. On January 19, 2022, I forwarded my Memorandum of Facts and Law in support of my Reinstatement of his Driver's license and Vehicle Registration privileges to both Hearing Examiner for the New Hampshire Department of Safety, Bureau of Hearings, Stacey K. Schultz, Esq, and Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police by emailing the document to both and mailing the document through U.S first class mail, postage prepaid.

43. On January 20, 2022, I attended the scheduled Administrative Hearing set for January 20, 2022, through video teleconference technology that started after 9:30 AM, also in attendance for the Administrative Hearing were Aaron R. Richards, who identified himself as a Detective Sergeant formerly known by me as Trooper First Class Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police and the presiding Hearing Examiner, Stacey K. Schultz, Esq, from the New Hampshire Department of Safety, Bureau of Hearings. The matter was entitled State of New Hampshire v. Femi Easyjay Isijola and the Hearing was known as Administrative License Suspension Hearing and the assigned Hearing Number that I participated in was HR202117109 and the Hearing was still known as False Statement Hearing.

44. That I introduced myself as Femi Isijola, formerly known as Philip Israel Mark acting as Pro Se and I introduce admittance at the administrative hearing, into the record the Hearing number HR20211709, and Reference Number NHI11158545, my five written motions, four affidavits, one request to ask Trooper First Class Aaron R. Richards pertinent questions and my Memorandum of Facts and Law and I acknowledge the new portfolio of Aaron R. Richards, who now identifies himself as Detective Sergeant Aaron R. Richards and the Presiding Hearing Examiner, Stacey K. Schultz, Esq, did said Yes to the admittance into the record.

45. After admitting my documents into the record, that includes my five motions, four affidavits, one request to ask Aaron R, Richards pertinent questions and my memorandum of facts and law, Stacey K. Schultz told me she does have a copy of my most recent Motor Vehicle Record that was still in my former name, Philip Israel Mark and I was never provided the copy of this most recent motor vehicle record before, during and after the Administrative Hearing.

46. That my name, legal address and mailing address all in Hooksett, New Hampshire was acknowledged by the presiding Hearing Examiner, Stacey K. Schultz.

47. That Stacey K. Schultz, Esq, asked Aaron R. Richards if he has anything to put on the record or enlighten the Bureau of Hearings about, Aaron R. Richards said he has nothing new to share and that the State of New Hampshire has nothing new.

48. That I was asked by Stacey K. Schultz, Esq, if I have already submitted court paperwork from the Providence Probate Court in Rhode Island changing from my former name, Philip Israel Mark to my name, to which I acknowledged that it is in the possession of the New Hampshire Department of Safety, Division of Motor Vehicles and that Aaron R Richards, Trooper, New Hampshire Department of Safety, Division of State Police provided the official document on August 5, 2020, when he was provided his purported report from Rhode Island.

49. I informed Stacey K. Schultz, that my Driver's License issued by New Hampshire was placed in the Central Registry of the National Driver's Registry by Linda Capuchino and I cannot procured a Driver's License anywhere in the United States and with that, the information goes to the other 49 States informing them that my Driver's License was suspended by New Hampshire and that my Driver's license suspension cannot emanate from Massachusetts as mentioned by Stacey K. Schultz.

50. That I informed Stacey K. Schultz, that what I endure, has not been gone through by any other race, since I am a minority and I identify myself as a Black African American male and I am shown that I do not belong in New Hampshire, and I stated Stacey K. Schultz knows the truth.

51. That I informed Stacey K. Schultz, that I have never been convicted in any court of law in New Hampshire or in any jurisdiction in the United States of America, and I still have my Driver's license and Vehicle Registration suspended.

52. I informed Stacey K. Schultz, that I have never made a false statement in procuring a Driver's license and Vehicle Registration in New Hampshire and that if there should have been allegations of False Statement of me procuring a False Driver's License and Registration, it should have started in 1999 when I first procured my Original Driver's License and Registration and I mentioned the License number in the course of the Administrative Hearing.

53. I informed Stacey K. Schultz that she should include my Memorandum that has a conclusion, and she said the Memorandum is going to be included as Exhibits in the Hearing and that everything will be included in the Hearing.

54. Stacey K. Schultz, said she will email her Order and mail me her Order sending the order to my mailing address on file, her order she is sending is for the Administrative Hearing held on January 20, 2022.

55. I was never provided any material to view in the Administrative Hearing held on January 20, 2022, by either by Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings nor by Aaron R. Richards, Trooper, New Hampshire Department of Safety, Division of State Police.

56. I was informed by Stacey K. Schultz, that I had Appeal rights if I am aggrieved by the decision by her order that emanates from the January 20, 2022, Administrative Hearing, and I will need to appeal within 30 days of the issuance of the written order to the Superior Court of the county where I established my residency in New Hampshire and she emphasized that the 30-day time limit is important.

57. On March 1, 2022 at 8:33 AM, I received through my email address from the New Hampshire Department of Safety, Bureau of Hearings email addressed to me in my former name,

13

the written decision of the Hearing Examiner, Stacey K. Schultz of the New Hampshire Department of Safety, Bureau of Hearings, dated 2/25/22.

58. On March 3, 2022, I received through my mailing address, a Notice of Restoration of my Driver's License privilege and Registration privilege, addressed in my former name of Philip Israel Mark and the Notice of Restoration Letter came from the New Hampshire Department of Safety, Division of Motor Vehicles, noting the date of notice as 2/28/2022 and restoration time as 3:08 PM and the letter was signed by the Director of New Hampshire Department of Safety, Division of Motor Vehicles.

59. On the same date on March 3, 2022, I received through my mailing address, a Notice of Suspension of my Driver's License privilege, addressed in my former name of Philip Israel Mark and the Notice of Suspension Letter came from the New Hampshire Department of Safety, Division of Motor Vehicles, noting the date of notice as 03/01/2022 and reference number as RPC32154 and my Driving License Number that ends with 7541 and the letter was signed by the Director of New Hampshire Department of Safety, Division of Motor Vehicles.

60. On March 4, 2022, I call the New Hampshire Department of Safety, Division of Motor Vehicles phone number at 603-227-4010 and inquired why the Notice of Restoration Letter is still showing in former name of Philip Israel Mark, I was informed by the Division of Motor Vehicles employee that my Driver's License is still suspended and I was also informed that my Registration privilege remained restored and I was informed that Hearing Examiners Linda Capuchino and Stacey K. Schultz did not provide the Division of Motor Vehicles with my Official name change documents on August 5, 2020, and January 20, 2022 respectively and I was informed to go to the Concord location of the New Hampshire Department of Safety, Division of

14

Motor Vehicles and I should asked for Aaron R. Richards, when I get there, so I can get the name change resolved.

61. On March 24, 2022, I filed with the New Hampshire Merrimack County Superior Court, Concord, New Hampshire, my Complaint for Judicial Review with a Demand for Jury Trial, appealing the decision of the Hearing Examiner, Stacey K. Schultz, Esq, of the New Hampshire Department of Safety, Bureau of Hearings, dated February 25, 2022, pursuant to my rights found in New Hampshire Revised Statute Annotated 263:76 and filing a lawsuit against New Hampshire Department of Safety, Bureau of Hearings, pursuant to New Hampshire Revised Statute Annotated 21-P:13 and 541:13 and I mentioned Christopher Casko, Administrator, New Hampshire Department of Safety, Bureau of Hearings, and Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings, as Authorized Agents and Defendants and I also filed a lawsuit against Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police as a Defendant pursuant to New Hampshire Revised Statute Annotated 641:5 for witness tampering and violation of my rights found in Part I, Article 19, of the State of New Hampshire Constitution.

62. On August 8, 2022, I appeared in person, for the mandatory Hearing on the Merits, held in Court Room 2 of the Courthouse of the New Hampshire Merrimack County Superior Court located in Concord, New Hampshire and also in attendance was my Dad who accompanied me to the Courthouse and in attendance was Jessica A. King. Defendants Aaron R. Richards, Stacey K. Schultz and Christopher Casko did not appear in person for this mandatory Hearing on the Merits. Judicial Officer Brian T. Tucker presided over the Hearing on the Merits.

63. During the August 8, 2022, Hearing of the Merits proceedings, I argued that there were Errors of Law and that my suspension of my Driver's License should be vacated and that the

15

decision of the Hearing Examiner, Stacey K. Schultz, of the New Hampshire Department of Safety, Bureau of Hearings was unreasonable, unlawful and unjust and that I cannot reinstate my Driver's License by myself. I argued about Due Process and Materiality of Law, and I pray for relief that the decision of Stacey K. Schultz, Hearing Examiner, New Hampshire Department of Safety, Bureau of Hearings be vacated and that my Driver's License be restored.

64. After my argument on the various topics, Brian T. Tucker, in the courthouse verbally dismissed my Complaint for Judicial Review and I immediately informed Brian T. Tucker that I objected to the verbal dismissal of my Complaint by him.

65. On August 9, 2022, at 8:58 AM, I was served through my email address, the New Hampshire Merrimack County Superior Court Clerk's Notice of Decision and Order that, Judicial Officer, Brian T. Tucker, granted Defendant Aaron R. Richards, Detective Sergeant, New Hampshire Department of Safety, Division of State Police to be dismissed as a Defendant, despite the fact that Defendant Aaron R. Richards did not appeared for the mandatory in person hearing of the Hearing on the Merits held at the Courthouse of the New Hampshire Merrimack County Superior Court on August 8, 2022, and Brian T. Tucker affirmed Hearing Examiner Stacey K. Schultz's determination that I should go to the New Hampshire Department of Safety, Division of Motor Vehicles to restored my Driver's License myself.

66. On December 1, 2022, I filed with the New Hampshire Merrimack County Superior Court, my Notice of Mandatory Appeal to the Supreme Court of New Hampshire pursuant to Rule 7 of the New Hampshire Supreme Court Rules within thirty days on my timely motion for reconsideration of Brian T. Tucker's denial on November 2, 2022 of my timely motion for reconsideration of his mootness of my Motion for Summary Judgment that was attached with Affidavits and separate Statement of Material Facts that is undisputed.

67. On the same date of December 1, 2022, I filed my Notice of Mandatory Appeal with the New Hampshire Supreme Court pursuant to my right found in Rule 7 of the New Hampshire Supreme Court Rules, from the decision of the merits of the New Hampshire Superior Court after the Hearing on the merits held on August 8, 2020, and I included with my Notice of Mandatory Appeal, the New Hampshire Superior Court Clerk's Notice of Decision of the denial of my timely Motion for Reconsideration of Brian T. Tucker's Mootness of my Motion for Summary Judgment pursuant to Rule 12(e) of the New Hampshire Superior Court Rules, dated November 2, 2022, (11/02/2022) and the New Hampshire Superior Court Clerk's Notice of Decision of Brian T. Tucker's Mootness of my Motion for Summary Judgment, dated October 11, 2022, (10/11/2022) and other timely post decisions.

68. On January 10, 2023 at 8:38 AM, I was served through my email address, the New Hampshire Supreme Court Clerk's Notice of Final Order dismissing my timely Notice of Mandatory Appeal by Single Justice Patrick Donovan in the matter between me and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police, docketed as Case Number 2022-0678.

69. On January 11, 2023, I filed with the New Hampshire Supreme Court, my Motion for Reconsideration and attached my Appendices in support of my Motion to Reconsider, of Single Justice Patrick Donovan's dismissal of my timely Mandatory Appeal to the Full Court of the New Hampshire Supreme Court pursuant to Rule 21(9) of the New Hampshire Supreme Court Rules that states a motion to reconsider an order issued by a Single Justice shall be referred to the Court for decision.

70. On January 31, 2023 at 9:24 AM, I was served through my email address, the New Hampshire Supreme Court Clerk's Notice of Order of the Full Court denying my timely Motion

to Reconsider of Single Justice Patrick Donovan's Order dismissing my timely Mandatory Appeal in the matter between me and New Hampshire Department of Safety, Bureau of Hearings and Aaron R. Richards, New Hampshire Department of Safety, Division of State Police, docketed as Case Number 2022-0678 and denying my Motion to Strike Defendants or otherwise known as Appellees Objection to my Motion for Reconsideration. Despite the fact I filed a timely Motion for Reconsideration of Single Justice Patrick Donovan's Order of Dismissal of my timely Mandatory Appeal to the Full Court of Judicial Officers, Barbara Hantz Marconi, James Bassett and Gary Hicks, and Patrick Donovan was also included as part of the Judicial Officers that participated in the decision to decide my Motion to Reconsider his Order of Dismissal of my timely Mandatory Appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules.

71. On the same date of January 31, 2023, a Mandate was issued by the New Hampshire Supreme Court on both the Order denying my Motion for Reconsideration with Relief requested in my Motion for Reconsideration and the Order dismissing my timely Notice of Mandatory Appeal by Single Justice Patrick Donovan, entered on January 10, 2023, and was signed by the Clerk of the New Hampshire Supreme Court, Timothy A. Gudas.

72. My right to Mandatory Appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules was not accepted by the persons of Timothy A. Gudas, Patrick Donovan, Barbara Hantz Marconi, James Bassett and Gary Hicks, and despite the fact my Appeal was timely after the disposition of my timely Motion for Reconsideration of Brian T. Tucker's mooted Motion for Summary Judgment on November 2, 2022 and I filed my timely Mandatory Appeal on December 1, 2022 within thirty (30) days of that disposition and despite the fact a Mandate was issued on Case Docket Number 2022-0678, it cannot be found as a Case Number disposed in the

New Hampshire Supreme Case Orders, as the actions of the Court Officers of the New Hampshire Supreme Court were Arbitrary and Capricious.

AFFIANT SAY NOTHING FOURTH

/s/

Femi Isijola, Pro Se Litigant
1465 Hooksett Road, Unit 66
Hooksett, NH 03106
603-560-4174
femieasyjay.thelaw@aol.com

Dated: August 7, 2023

## CERTIFICATION OF PARTY UNREPRESENTED BY COUNSEL

I certify under penalty of perjury pursuant that the above information contained within the foregoing Affidavit is true and correct and statements made in this foregoing Affidavit in Support of my Motion for Preliminary Injunction are based upon facts within my own personal knowledge. I therefore place my hand as seal upon this document on the date below.

*/s/*
Femi Isijola, Pro Se Litigant

Dated: August 7, 2023

## NOTARY

Subscribed and sworn as being true under the penalty of perjury by Femi Isijola, before me this 7 day of August, 2023. Said individual solemnly affirmed that he has firsthand knowledge of the facts contained herein and that the facts are true, correct, and complete to the best of his knowledge, understanding and belief.

*/signature/*
Notary Public

LISA M. SLATER
Notary Public, State of New Hampshire
My Commission Expires November 2, 2027

My Commission expires

20